IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SMITH & NEPHEW, INC.,

    Plaintiff,

v.                                  Civil Action No. 03CV 12310 PBS

SURGICAL SOLUTIONS, LLC,

    Defendant.

## BRIEF IN SUPPORT OF MOTION TO
## TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

NOW COMES Surgical Solutions, LLC ("Surgical Solutions"), by counsel, and for its Brief in Support of Motion to Transfer Pursuant to 28 U.S.C. § 1404(a), states as follows:

### Factual Background and Preliminary Statement

Plaintiff Smith & Nephew, Inc. ("Smith & Nephew") is a Delaware corporation with its principal place of business at 1450 Brooks Road, Memphis, Tennessee and having a further place of business at 150 Minuteman Road, Andover, Massachusetts. (Complaint ¶ 1)

Surgical Solutions is a California limited liability company with its principal place of business at 25048 Anza Drive, Valencia, California 91355. (Declaration of Brett Bannerman, hereinafter "Bannerman Decl.," attached as Exhibit A). In its entire existence, Surgical Solutions has delivered only eleven devices, which are the subject matter of this litigation, in Massachusetts. (Bannerman Decl. ¶ 19).

Surgical Solutions has no administrative offices or manufacturing facilities in Massachusetts, nor does it own any real estate or other assets in the Commonwealth. (Bannerman Decl. ¶¶ 6-7). Surgical Solutions does not maintain any phone lines in

Massachusetts, it has no in-house sales personnel located in Massachusetts, and it is not registered to do business in Massachusetts. Surgical Solutions does not have any employees in Massachusetts. (Bannerman Decl. ¶¶ 8-11). The ExpresSew™ product, which Smith & Nephew claims infringes on its patent, was designed in California and is manufactured in California. (Bannerman Decl. ¶ 12). The majority of its components are manufactured by Classic Wire Cut Company, Inc., in the Central District of California. (Bannerman Decl. ¶ 12).[1]

The total lack of connection between Surgical Solutions and the District of Massachusetts is matched only by the lack of evidence and witnesses in the District. All of the Surgical Solutions' employees with information relevant to this matter reside in California. More importantly, since they are outside the subpoena power of this Court, all of the potential non-employee witnesses for Surgical Solutions reside in California. (Bannerman Decl. ¶ 13; see also Prospective Witness List attached as Exhibit B).[2] The designers of the allegedly infringing Surgical Solutions' product all reside in California. (Bannerman Decl. ¶ 14). All of the documents related to the production of the allegedly infringing system as well as all of the documents related to Surgical Solutions' sales are located in California. (Bannerman Decl. ¶ 15). The independent patent attorney who reviewed the Smith & Nephew patent on behalf of Surgical Solutions is a California attorney and is another witness. (Bannerman Decl. ¶ 17).

The only attraction to the District of Massachusetts is its convenience for the Plaintiff and, perhaps, the one inventor named in the Smith & Nephew patent. However, since almost all

---

[1] Several components are manufactured in Valencia, in the Central District of California.

[2] Six employee witnesses and ten non-employee witnesses have been identified at this time. All sixteen witnesses reside in the Central District of California. Surgical Solutions may be able to secure the voluntary appearance of some of the non-employee witnesses should this case stay in Massachusetts, but their appearance at trial is not guaranteed by subpoena unless the case proceeds in the Central District of California. This is particularly true with regard to inventor J. Terry Benson who is no longer affiliated with Surgical Solutions, marketing consultant Carol Boot-Storie, and the two distributors that work with the products of both parties, namely Mike Schroeder and Rod Shakelford.

fact witnesses, all documents and all design and manufacturing facilities are in California, this Court should use its discretion to transfer this case pursuant to 28 U.S.C. § 1404(a) to the Central District of California.

## **Argument**

### I.  **Standard**

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." [3] The decision whether to transfer an action under Section 1404(a) falls within the sound discretion of the court. Laitram Corporation v. Hewlett-Packard Corporation, 120 F. Supp. 2d 607, (S. NY 2000). In determining whether to transfer an action, a court should consider five primary factors of consequence in this case: (1) the plaintiff's original choice of forum, (2) the convenience of the parties and witnesses and the ability of the Court to compel testimony, (3) the location of material events, (4) the respective abilities and resources of the parties and (5) the interest of justice. See Amersham Pharmacia Biotech, Inc. v. The Perkin-Elmer Corporation, 11 F. Supp. 2d 729 (S D N Y 1998).

> A.  The Convenience of the Parties and Witnesses and Location of Events Also Supports a Transfer to the Central District of California Which Is the Center of the Allegedly Infringing Activity

In deciding motions to transfer in patent infringement cases, this Court also has held Symbol Technologies, Inc. v. Quantum Associates, Inc., U.S. Dist. Lexis 1500 (D. Mass. 2002) that the preferred forum for such actions is in the center of the allegedly infringing activity.

---

[3] Given that Surgical Solutions' principal place of business is in the Central District of California, there is no question that this action "might have been brought" in that district.

Here, the center of the allegedly infringing activity is the Central District of California where Surgical Solutions has its principal place of business and where the majority of the components of the ExpresSew™ product are manufactured. Not surprisingly, that district is also the most convenient forum by far in which to try this action.

As noted above, all of Surgical Solutions' employees and all of the potential witnesses with relevant information concerning the ExpresSew™ product are located in California (approximately 16 witnesses). The designers of the ExpresSew™ product are located in California. Moreover, all of the documents related to the design and production of the ExpresSew™ product as well as all of the documents relating to the sales of the system are in California.

B. The Respective Abilities of the Parties to Conduct this Case in a Distant District

By contrast, keeping this action in the District of Massachusetts will have little or no appreciable effect on Smith & Nephew's ability to prosecute this case. This is not a situation where the Court would simply be shifting the burden from the defendant to the plaintiff.

Under such circumstances, there can be no doubt that the convenience of the parties and witnesses weighs heavily in favor of transferring this action to California. That conclusion is further supported by the fact that Surgical Solutions is a start-up operation with only seven employees (Bannerman Decl. ¶ 17) struggling to succeed, whereas Smith & Nephew is an established corporation with abundantly more resources[4]. See Sram Corporation v. Sunrace Roots Enterprises Co., 953 F. Supp. 257 (ND Ill 1997). Surgical Solutions' total revenues in 2003 were less than 2.4 million dollars (Bannerman Decl. ¶ 18). By contrast, the total revenues for Smith & Nephew for the last reported year, 2002, were approximately <u>two billion dollars</u>

---

[4] Smith & Nephew is part of a worldwide conglomerate that has been in existence for approximately one hundred fifty years, operates in 32 countries, employs over 7,500 people, has about 2 billion dollars in annual revenue, and currently trades on both the New York and London stock exchanges. (Bannerman Decl. ¶ 20)

4

($1,788,600,000). It should also be noted that counsel for the plaintiff, Fish & Richardson PC, maintains an office in San Diego, California that is currently staffed with 49 attorneys. Certainly, Smith & Nephew hopes to gain a tactical advantage, unrelated to the merits of the case, by forcing Surgical Solutions to defend this action from across the country. Given these facts, a transfer is appropriate.

C.   The "Interest of Justice" Factors Support a Transfer

The last category of factors to be considered by the Court are those that fall under the "interest of justice" heading. The "interest of justice" analysis encompasses "those factors unrelated to witnesses and party convenience" including the following: (1) the pendency of a related action; (2) the court's familiarity with the applicable law; (3) docket conditions; (4) the ability to join other parties; (5) the possibility of an unfair trial; (6) the possibility of harassment; and (7) access to premises that might have to be viewed. Acterna, L.L.C. v Adtech, Inc., 129 F. Supp. 2d 936, 939-40 (E.D. Va. 2001). A review of these factors illustrates that they either have no bearing on the Court's balancing or support a transfer to the Central District of California.

*1.   Pendency of Related Actions*

To the best of Surgical Solutions' knowledge, there are no related actions pending in any courts in the United States. Accordingly, this factor has no bearing on the Court's consideration.

*2.   The Court's Familiarity with the Applicable Law*

The complaint filed by Smith & Nephew only contains claims for patent infringement. There are no state law claims brought under this Court's diversity jurisdiction. As such, "this Court is no better or worse equipped than any other U.S. district court" to apply federal patent law. Again, this factor does not weigh in favor of any particular district.

*3.   The Ability to Join Other Parties*

($1,788,600,000). It should also be noted that counsel for the plaintiff, Fish & Richardson PC, maintains an office in San Diego, California that is currently staffed with 49 attorneys. Certainly, Smith & Nephew hopes to gain a tactical advantage, unrelated to the merits of the case, by forcing Surgical Solutions to defend this action from across the country. Given these facts, a transfer is appropriate.

C.   The "Interest of Justice" Factors Support a Transfer

The last category of factors to be considered by the Court are those that fall under the "interest of justice" heading. The "interest of justice" analysis encompasses "those factors unrelated to witnesses and party convenience" including the following: (1) the pendency of a related action; (2) the court's familiarity with the applicable law; (3) docket conditions; (4) the ability to join other parties; (5) the possibility of an unfair trial; (6) the possibility of harassment; and (7) access to premises that might have to be viewed. Acterna, L.L.C. v Adtech, Inc., 129 F. Supp. 2d 936, 939-40 (E.D. Va. 2001). A review of these factors illustrates that they either have no bearing on the Court's balancing or support a transfer to the Central District of California.

*1.   Pendency of Related Actions*

To the best of Surgical Solutions' knowledge, there are no related actions pending in any courts in the United States. Accordingly, this factor has no bearing on the Court's consideration.

*2.   The Court's Familiarity with the Applicable Law*

The complaint filed by Smith & Nephew only contains claims for patent infringement. There are no state law claims brought under this Court's diversity jurisdiction. As such, "this Court is no better or worse equipped than any other U.S. district court" to apply federal patent law. Again, this factor does not weigh in favor of any particular district.

*3.   The Ability to Join Other Parties*

Surgical Solutions is unaware of any other parties that need to be joined in this action. Accordingly, this factor does not weigh in favor of either jurisdiction.

*4 & 5. The Possibility of an Unfair Trial and Harassment*

As noted above, Smith & Nephew is an established corporation with far more resources than Surgical Solutions. If this case were to proceed in Massachusetts, the cost of defending the action and bringing witnesses to this jurisdiction would likely result in Surgical Solutions having to be selective in the evidence it could produce at trial. Such a selection would have the effect of Surgical Solutions sacrificing its full defense due to financial considerations. The incremental cost of having one inventor travel from this district to California, would be minimal compared to extraordinary costs facing Surgical Solutions. In fact, it appears that Smith & Nephew is using this fact to harass Surgical Solutions and to gain an unfair advantage unrelated to the merits of this case. Under the circumstances, therefore, this factor supports a transfer to California.

6.     *Access to Premises*

The only possible premises that would need to be viewed in this case are Surgical Solutions' production facilities which are in California. Accordingly, to the extent this factor must be considered, it weighs in favor of a transfer.

## **Conclusion**

Based upon the reasons noted above, it is clear that this Court should use its discretion to transfer this action to the Central District of California. Given that Massachusetts is not the home forum of either party, the plaintiff's choice of forum is not entitled to substantial weight. Additionally, the convenience of the parties and witnesses, as well as the factors encompassed under the "interest of justice" consideration all weigh in favor of transfer.

WHEREFORE, Surgical Solutions respectfully requests that this action be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a).

SURGICAL SOLUTIONS, LLC

By _____
Thomas O. Hoover (BBO No. 546,720)
Bowditch & Dewey, LLP
161 Worcester Rd.
Framingham, MA 01701-9320
Telephone: (508) 416-2475
Facsimile: (508) 872-1492

## Certificate of Service

I hereby certify that on the 20th day of January, 2004, a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A) was served via first class U.S. Mail, postage prepaid, on:

>Mark J. Hebert, Esquire
>Thomas M. Johnston, Esquire
>Fish & Richardson P.C.
>225 Franklin Street
>Boston, MA 02110-2804

*[signature]*