UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., <br><br> Plaintiff, <br><br> v. <br><br> SURGICAL SOLUTIONS, LLC, <br><br> Defendant. | Civ.Act. No. 03 CV 12310 PBS |

**PLAINTIFF SMITH & NEPHEW, INC.'S OPPOSITION TO DEFENDANT SURGICAL SOLUTIONS, LLC'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant Surgical Solutions, LLC ("Surgical Solutions") – a company that admits jurisdiction and venue are proper in Massachusetts, that admits it resides in Massachusetts, and that admits it has sold the accused infringing product in Massachusetts – has filed a motion to transfer this case to the United States District Court for the Central District of California for nothing more than its own convenience. Plaintiff Smith & Nephew, Inc. ("Smith & Nephew") hereby respectfully opposes that motion. Because the District of Massachusetts is the most convenient forum for the parties and the witnesses, and because Surgical Solutions has not identified any compelling justification for overriding the considerable deference afforded to Smith & Nephew's choice to file in its home forum, the motion to transfer should be denied.

**ARGUMENT**

A district court may, in its discretion, transfer a civil action to another district in which the case may have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). To determine to exercise that discretion,

courts generally balance: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) whether transfer would be in the interests of justice. *See, e.g., Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875 (D. Mo. 2000). When these factors are balanced here, they tip decidedly in favor of maintaining this action in Massachusetts. Accordingly, the motion should be denied.

1. **The Convenience of the Parties Weighs Heavily in Favor of Smith & Nephew's Home Forum of Massachusetts for this Patent Infringement Case**

First (and most importantly), the District of Massachusetts is Smith & Nephew's home forum. This case involves the Endoscopy Division of Smith & Nephew, which is headquartered in Andover, Massachusetts. (Konsin Dec. at ¶ 3-4). In addition to its two facilities in Andover, the Endoscopy Division also maintains a facility in Mansfield, Massachusetts, where the Acufex Suture Punch that relates to the patent in suit was developed and is manufactured. (Konsin Dec. at ¶ 11). Thus, this is plainly not a case where a stranger has approached this district seeking adjudication in a veiled attempt to forum shop.

In considering a motion to transfer, a plaintiff's chosen forum is given considerable deference, particularly where the chosen forum is also his home forum. *Systemation, Inc. v. Engel Indus., Inc.*, 992 F. Supp. 58, 63 (D. Mass. 1997); *Anderson v. Century Prods. Co.*, 943 F. Supp. 137, 148 (D.N.H. 1996). Accordingly, transfer is appropriate here only if Surgical Solutions demonstrates that "the interests of justice and convenience ***weigh heavily*** in favor of transfer." *Systemation*, 992 F. Supp. at 63 (emphasis added). The fact that the Commonwealth of Massachusetts is Smith & Nephew's home forum counsels strongly against transferring this case to the Central District of California.

In addition to being Smith & Nephew's home forum, Massachusetts is also the appropriate forum because it undeniably represents the locus of the material events relevant to this litigation. *See Dealtime.com Ltd., v. McNulty*, 123 F. Supp. 2d 750, 756 (S.D.N.Y. 2000) ("The location of the operative events giving rise to an action is a primary factor in determining a motion to transfer venue."). The patent in suit, United States Patent No. 5,947,982 ("the '982 patent"), was invented by John S. Duran while he was an employee of the Endoscopy Division of Smith & Nephew, working at its facility in Mansfield, Massachusetts. (Declaration of John Konsin at ¶¶ 7-8). The documents relating to the development of his invention remain at Smith & Nephew's facilities in Massachusetts. (Konsin Dec. at ¶ 8). And Smith & Nephew's "Acufex Suture Punch" product, a commercial embodiment of the '982 patent, was developed at Smith & Nephew's facility in Mansfield, Massachusetts. (*Id.*).

Moreover, it is undisputed that this case was properly brought in the District of Massachusetts. Surgical Solutions has admitted that this Court may properly exercise jurisdiction over it and adjudicate the merits of Smith & Nephew's patent infringement claim. (Answer to Amended Complaint at ¶¶ 3-4). Surgical Solutions also has admitted that it resides within the District of Massachusetts and that venue is proper within the District of Massachusetts. (Answer to Amended Complaint at ¶¶ 4-5). In fact, Surgical Solutions has even admitted that it committed acts of alleged infringement within the District of Massachusetts. (*See* Declaration of Brett Bannerman at ¶19).

While the Central District of California may be more convenient for Surgical Solutions, it is far less convenient for Smith & Nephew. Smith & Nephew has essentially no ties at all to the Central District of California. Smith & Nephew does not own land,

does not have offices or other facilities, and does not have employees in the Central District of California. (Konsin Dec. at ¶¶ 14-15). At bottom, moving this case from Massachusetts to the Central District of California will not be more convenient for the parties; it will simply shift inconveniences from Surgical Solutions to Smith & Nephew. Merely shifting the inconvenience does not support a change of venue. *E.g., Holmes Grp., Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F. Supp. 2d 12, 18 (D. Mass. 2002).

Perhaps recognizing that its motion must fail under the appropriate standard, Surgical Solutions alleges that for "patent infringement cases," this Court held in *Symbol Techs., Inc. v. Quantum Assocs., Inc.*, 2002 U.S. Dist. LEXIS 1500 (D. Mass. Jan. 30, 2002) "that the preferred forum for such actions is in the center of the allegedly infringing activity," (Brief at 3). This citation is entirely unpersuasive for several reasons.

First, contrary to Surgical Solutions' assertion, *Symbol Technologies* **was not even a patent case**. *Symbol Technologies* was a breach of contract case where the operative events related to the formation and alleged breach of a contract, rather than the invention, patenting, and infringement facts of a patent case. *Id.* Second, the *Symbol Technologies* decision turned on a finding that transfer was appropriate because of the "strong inference" that the non-resident plaintiff's action in Massachusetts "was an effort at forum shopping." 2002 U.S. Dist. LEXIS at 1500, *6. In contrast, as shown above, this district is Smith & Nephew's home forum, disposing of any suggestion of forum shopping. *See Century Prods.*, 943 F. Supp. at 148 ("When the home forum has been chosen, the choice more likely represents considerations of convenience rather than vexation or harassment, making the hurdles obstructing transfer that much higher.").

4

Third, as noted above, Surgical Solutions admits in its motion papers that it has committed accused infringing acts within this district. (*See* Declaration of Brett Bannerman at ¶19). As such, this district is the center of completely independent acts of infringement giving rise to suit.

No more persuasive is Surgical Solutions' suggestion that California is the more convenient forum based upon the relative sizes of the corporations. The parties' abilities to conduct a case in a distant district is of minimal importance when "the suit is between two large corporations that regularly conduct business on a national or international basis." *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998). While Surgical Solutions may not be as large as Smith & Nephew, its 2003 gross revenues from the accused product exceeded $2 million. (Bannerman Dec. at ¶ 18).

More importantly, when the parties' relative size in the relevant product market is considered, it is Surgical Solutions that is the far larger competitor. The Smith & Nephew products that compete with the accused ExpresSew™ product totaled less than $900,000 in sales in 2003. (Konsin Dec. at ¶ 16). Undoubtedly, Smith & Nephew's sales would have been much higher but for Surgical Solutions' infringement, but Surgical Solutions currently holds nearly three times the market share in the relevant market. The economics of litigation rise and fall with the affected products, not with the overall size of a parties' extended business interests. Any suggestion that Surgical Solutions will be unduly inconvenienced by litigating in Massachusetts, where it has admitted it is subject to personal jurisdiction, and where it advertises and sells its accused product, is unpersuasive.

2. **The District of Massachusetts is a More Convenient Forum for the Relevant Witnesses than is the Central District of California**

In balancing the convenience to the witnesses, the court should look beyond the quantity of witnesses and assess the quality of the proffered testimony. *See Dealtime.Com Ltd.*, 123 F. Supp. 2d at 755.

First, as indicated in Appendix A to the Declaration of John Konsin, the employees in the Endoscopy Division of Smith & Nephew that have knowledge relevant to this action are located in Massachusetts. For example, Stefan Gabriel and Paul O'Connor, the two current employees most knowledgeable regarding the research and development of Smith & Nephew's Acufex Suture Punch, Arthro-Pierce and Arthro-Pierce Premium, and Elite Cuff Stitch Suture Relay products, are located in Mansfield, Massachusetts. Similarly, the sales and marketing activities for the Acufex Suture Punch as well as Smith & Nephew's Arthro-Pierce, Arthro-Pierce Premium, and Elite Cuff Stitch Suture Relay products — which all compete with the accused device — are directed from Smith & Nephew's facilities in Andover and Mansfield, Massachusetts, within this judicial District. (Konsin Dec. at ¶ 12).

Additionally, there are critical third parties that have knowledge of relevant facts and information who are located in or reside near the District of Massachusetts. The named inventor on the '982 patent, John S. Duran, now lives in Brewer, Maine. (Konsin Dec. at ¶ 7). Certainly it will be more convenient for Mr. Duran to make the short drive to Boston, than to fly clear across the country to the Central District of California. Steven Ek, a former employee of the Endoscopy Division of Smith & Nephew who worked closely with Mr. Duran during product development, is no longer employed with Smith & Nephew but still resides in Massachusetts. Michael Nordling, a former Smith &

Nephew employee who was involved with the marketing of the relevant Smith & Nephew products, still resides in Massachusetts. And Dr. Jon P. Warner, an arthroscopic shoulder surgeon who is extensively familiar with numerous arthroscopy devices, including both the accused Surgical Solutions device and Smith & Nephew's Acufex Suture Punch, works at the Massachusetts General Hospital. Each of these third party individuals possesses important information pertinent to the issues in this case.

Surgical Solutions, by contrast, has identified 10 potential witnesses that reside in California, whose proffered testimony appears to be duplicative or largely irrelevant to this action. For example, Merle Thompson, a *part time* employee, is identified as being knowledgeable regarding the sales and accounting records of Surgical Solutions. Her testimony likely will be duplicative and unnecessary in view of Brad Fricke, Surgical Solutions's Vice President of Sales. Likewise, Surgical Solutions has identified five other non-party witnesses with completely overlapping testimony.[1] Because each of these individuals likely will provide duplicative testimony, their sheer number should not affect the "convenience to witnesses" determination. *See Century Prods.*, 943 F. Supp. at 149.

### 3. No Interests of Justice Exist that Outweigh the Convenience Factors that Favor Litigating in the District of Massachusetts

Surgical Solutions closes its motion with a recitation of certain so-called "interests of justice" factors.

---

[1] Third parties Scott Fischer, Ron Karrel, Ron Kvitne, Mike Schroeder, and Rod Shackleford have each been identified as having same knowledge: "Knowledgeable as to the development of the ExpresSew™ Suture Passer. Knowledgeable regarding arthroscopic surgical procedures that could make use of the Smith & Nephew product, the ExpresSew™ Suture passer product, and other competitive products."

Curiously, Surgical Solutions suggests that this Court is "no better or worse equipped" to adjudicate a patent case than any other district in the country. Smith & Nephew respectfully disagrees. Because the judges in this district routinely hear complex patent disputes, and are well versed in the intricacies of patent law, this district is uniquely qualified to hear this case. But even if Surgical Solutions were correct that this Court is "no better or worse equipped" to handle a patent case, that would not be a compelling reason to grant a motion to transfer to another court that is also "no better or worse."

Surgical Solutions also complains of the "possibility of an unfair trial and harassment" in Massachusetts, perhaps suggesting an unstated bias against California entities. Surgical Solutions certainly cannot substantiate any such allegations of bias because none exists.

The motion further suggests that Smith & Nephew chose this district to make it inconvenient for Surgical Solutions. Surgical Solutions does not find it inconvenient to sell its products in Massachusetts and does not contest that it has sufficiently taken advantage of the protection of the Commonwealth's laws to subject it to jurisdiction. Moreover, the fact that Massachusetts is Smith & Nephew's home forum negates the nefarious intent suggested by Surgical Solutions.

In fact, because the most important non-party witnesses reside in or near Massachusetts, such as inventor John S. Duran, the interests of justice ought require that this action remain here to ensure their availability to trial. *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1312 (N.D. Ill. 1993). Thus, to the extent the "interest of justice" factor plays any role in the Court's analysis, it disfavors transferring this action.

## CONCLUSION

Surgical Solutions bore the burden of demonstrating that the interests of justice and convenience "weigh[ed] heavily" in favor of transfer. It has not carried that burden. Indeed, the relevant factors weigh heavily in favor of keeping the action in Massachusetts. Thus, for the foregoing reasons, Smith & Nephew respectfully requests that the motion to transfer this case to the United States District Court for the Central District of California be denied.

Respectfully submitted,

Dated: February 3, 2004            By: _____
                                   Mark J. Hebert (BBO No. 546,712)
                                   Thomas M. Johnston (BBO No. 546,712)
                                   FISH & RICHARDSON P.C.
                                   225 Franklin Street
                                   Boston, MA 02110-2804
                                   Telephone: (617) 542-5070
                                   Facsimile: (617) 542-8906

                                   Attorneys for SMITH & NEPHEW, INC.

                                   Of Counsel:
                                       Ruffin B. Cordell
                                       Richard G. Green
                                       Ahmed J. Davis
                                       FISH & RICHARDSON P.C.
                                       1425 K Street, NW, 11th Floor
                                       Washington, DC 20005
                                       Telephone: (202) 783-5070
                                       Facsimile: (202) 783-2331

I hereby certify that a true copy of the foregoing document was served on counsel for each other party (Messrs. Hoover and Andras) by fax and mail on __2-3-04__.

_____

20799481.doc

9