IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03CV 12310 PBS |
| ) | |
| SURGICAL SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## REQUEST TO FILE A REPLY TO PLAINTIFF SMITH & NEPHEW, INC.'S OPPOSITION TO DEFENDANT SURGICAL SOLUTIONS, LLC'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

NOW COMES defendant Surgical Solutions, LLC, by counsel, to request leave of the court to file a Reply pursuant to L.R.D. Mass Rule 7.1(b)(3). Surgical Solutions seeks leave of the court to respond to new issues raised in Plaintiff's Opposition to Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). New issues raised by Plaintiff in its opposition include, without limitation:

1) assertion that Plaintiff's development and sales/marketing activities for its own products are relevant to, and necessary for, determining infringement with respect to Defendant's product within the four corners of the patent in suit (U.S. Patent No. 5,947,982, hereinafter the '982 patent) (Opposition, page 6, ¶2, ¶3);

2) assertion that sales/marketing and research and development witnesses, which together constitute 10 out of the 13 witnesses identified by Plaintiff, should greatly influence venue decision (Opposition, page 6, ¶2, ¶3);

3) assertion that, in balancing the convenience to the witnesses, the Court should find the quality of Plaintiff's proferred testimony to exceed that of Defendant's proferred testimony when determining whether or not Defendant's accused products infringe the '982 patent;

4) assertion that the size of the relative product market, divorced from the overall size of the respective corporations, is the proper test when evaluating the respective abilities of the parties to litigate in a distant forum (Opposition, page 5, ¶2);

5) assertion that Plaintiff "has essentially no ties at all to the Central District of California" where it utilizes outside sales personnel to market and sell the device claimed in the '982 patent (Opposition, page 3, ¶3 – page 4);

6) assertion that the capacity and resources of Defendant is on par with that of the Plaintiff (Opposition, page 5, ¶2);

7) assertion that Defendant's sales of eleven (11) accused products in Massachusetts constitute a center of "independent acts of infringement" (Opposition, page 5, ¶1); and

8) assertion that the location of the operative events giving rise to this patent infringement action, i.e., the locus of the material events, is not the place where the accused infringements primarily occurred, but rather the place of employment of the inventor of the '982 patent (alternatively stated: assertion that the operative event of this action is the invention of the '982 patent as opposed to the accused infringement thereof) (Opposition, page 3, ¶1).

Surgical Solutions hereby requests the opportunity to respond to the new issues raised by Plaintiff in its Opposition to the Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) by filing a Reply no later than Friday, February 13, 2004 (10 days after service of Plaintiff's Opposition).

Respectfully submitted,

SURGICAL SOLUTIONS, LLC

By _____
Thomas O. Hoover (BBO No. 546,720)
Bowditch & Dewey, LLP
161 Worcester Rd.
Framingham, MA 01701-9320
Telephone: (508) 416-2475
Facsimile: (508) 372-1492

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1, the undersigned certifies that Defendant's counsel conferred with Mr. Mark Hebert by telephone conference on February 10, 2004. Mr. Hebert has not given his assent to this motion on the grounds that the issues raised in this Request could have been raised in Defendant's original Motion to Transfer.

Dated: February 10, 2004

By _____
Thomas O. Hoover (BBO No. 546,720)
Bowditch & Dewey, LLP
161 Worcester Rd.
Framingham, MA 01701-9320
Telephone: (508) 416-2475
Facsimile: (508) 372-1492

*Attorneys for Defendant
Surgical & Nephew, Inc.*

Certificate of Service

I hereby certify that on the 10th day of February, 2004, a true and correct copy of the foregoing Request to file a Reply to Plaintiff Smith & Nephew, Inc.'s Opposition to Defendant Surgical Solutions, LLC's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) was served via first class U.S. Mail, postage prepaid, on:

Mark J. Hebert, Esquire
Thomas M. Johnston, Esquire
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

_____