UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., <br><br> Plaintiff, <br><br> v. <br><br> SURGICAL SOLUTIONS, LLC, <br><br> Defendant. | Civ. Act. No. 03 CV 12310 PBS |

**JOINT STATEMENT OF SMITH & NEPHEW AND SURGICAL SOLUTIONS PURSUANT TO LOCAL RULE 16.1**

In accordance with Local Rule 16.1, Plaintiff Smith & Nephew, Inc. ("Smith & Nephew") and Defendant Surgical Solutions, LLC ("Surgical Solutions") respectfully submit this Joint Statement in preparation for the upcoming Scheduling Conference, currently set for Monday, February 23, 2004 at 2:30 p.m. This joint statement follows the telephonic conference among counsel held on Friday, February 6, 2004.[1]

I.   **CONCISE SUMMARY OF ISSUES**

   A.   **Smith & Nephew's Brief Statement**

This is a patent infringement case, involving surgical instruments for suturing tissue during arthroscopic surgery. Arthroscopic surgery refers to surgery within a joint, such as a knee or a shoulder, aided by a visualization instrument or camera. Arthroscopic surgery is also commonly known as minimally invasive surgery, because only tiny incisions need to be made into the patient's body.

Smith & Nephew owns U. S. Patent No. 5,947,982 entitled "SUTURE-PASSING FORCEPS" ("the '982 patent"). The '982 patent is directed to a novel suture-passing

---

[1] Due to scheduling conflicts, this was the first day that the conference could be held.

forceps, and the method of its use, and covers certain Smith & nephew products. Surgical Solutions makes a competing product that is accused of infringement, called the "ExpresSew Suture Passer." Both the Smith & Nephew and Surgical Solutions products share unique features that are covered by the '982 patent, and provide substantial benefits to surgeons. This includes the ability of the suturing needle to essentially "fold in" so that the forceps has a low profile during manipulation, and then "fold out" so that the needle and suture are ready for use.

Prior to filing suit, on September 11, 2003, Smith & Nephew put Surgical Solutions on notice of its infringement by sending a letter including a detailed element-by-element explanation of its infringement of exemplary claim 19. On November 3, 2003, Surgical Solutions, through its counsel, responded by sending Smith & Nephew a "pound sand" letter. In that letter, Surgical Solutions claimed that it did a "full investigation" of the patent, and had thoroughly analyzed the issue of infringement (emphasis added):

> In response to [Smith & Nephew's] letter, we undertook a *full investigation* of the patent in order to determine whether any valid claim of the patent is infringed. To that end, we conducted infringement checks of the claims, a review of the specification of the patent as well as its file history, and an analysis under the Doctrine of Equivalents.
>
> Having concluded that investigation, we have advised Surgical Solutions LLC that their manufacture and sale of the ExpresSew™ Suture Passer will not infringe any valid claim of your client's patent. More specifically, it is our conclusion the ExpresSew™ Suture Passer does not include each and every structural element recited in even your broadest claims. Accordingly, we have advised our client that they need take no further action with regard to your charge of infringement.

However, despite claiming that it had done a "full investigation," Surgical Solutions never identified even one claim limitation that its product did not meet, or any other reason for thinking that it did not infringe.

Related to this exchange of correspondence, Smith & Nephew initiated negotiations in an effort to avoid the necessity of bringing this action. Smith & Nephew proposed a variety of options to avoid litigation, however, Surgical Solutions rejected Smith & Nephew's early entreaties, and then stopped responding at all. Accordingly, Smith & Nephew was left with no choice but to file its Amended Complaint against Surgical Solutions on December 12, 2003, alleging that Surgical Solutions is willfully infringing the '982 patent. As its remedy, Smith & Nephew seeks damages and a permanent injunction, as well as treble damages and an award of its attorneys' fees for willful infringement.

With respect to Surgical Solutions' brief statement (below) it is of course not surprising that Smith & Nephew would not press the issue of Surgical Solutions' infringement of the '982 patent during any negotiations. After all, had the negotiations been fruitful, Surgical Solutions' past infringement might have become moot. However, once Surgical Solutions elected to become intransigent, there was no point in forebearing from suit any longer.

### B. Surgical Solutions' Brief Statement

This is a patent infringement case, but it really amounts to a large company's attempt to obtain by legal action what it could not obtain through negotiation. About a year ago, Surgical Solutions introduced a new suture-passing device called the "ExpresSew® Suture Passer." Surgical Solutions even applied for its own patent protection. The ExpresSew® product is entirely unlike the alleged invention claimed in

3

the '982 patent. The ExpresSew® product, in fact, represents a significant advancement in the art and, unlike the Smith & Nephew product shown in the '982 patent, the ExpresSew® product has been well received by the marketplace since its introduction.

Surgical Solutions conducted preliminary discussions with Smith & Nephew as to Smith & Nephew's potential interest in buying the international rights to the ExpresSew® product. After Surgical Solutions indicated that it was not interested in parting with the United States market, Smith & Nephew shifted gears from negotiation to litigation.

After receiving Smith & Nephew's allegation of patent infringement, Surgical Solutions had its patent attorney carefully analyze the claims of the '982 patent, its prosecution history, the prior art, and the accused device, Surgical Solutions' ExpresSew® product. That attorney provided Surgical Solutions with a written opinion of non-infringement and advised Smith & Nephew, in writing, of his ultimate conclusion that the ExpresSew® product does not infringe any claim of the '982 patent.

In its Answer, Surgical Solutions seeks entry of judgment that its ExpresSew® product does not infringe the '982 patent.

## II. PENDING MOTIONS AND DISCOVERY REQUESTS

There are no currently pending motions.

On February 6, 2004, Smith & Nephew served upon Surgical Solutions its Initial Disclosures, its First Set of Interrogatories, and its First Set of Requests for Production of Documents and Things. Surgical Solutions' interrogatory answers and document production are due by March 9, 2004.

## III. PROPOSED DISCOVERY AND MOTION PLAN

The parties have met and conferred and jointly propose the following sequence of events. However, the parties have not been able to reach agreement as to the deadlines so both parties' proposals are set forth below:

| **Deadline** | **Smith & Nephew's Proposed Schedule** | **Surgical Solutions' Proposed Schedule** |
|---|---|---|
| Deadline for filing motions to add parties or amend pleadings | June 25, 2004 | June 25, 2004 |
| Discovery Cutoff (fact discovery) <ul><li>deadline for completing all non-expert depositions</li><li>deadline for responding to all written discovery requests</li><li>deadline for all document production</li><li>deadline for responding to Requests for Admission (except for those propounded for authentication purposes)</li></ul> | Sept. 24, 2004 | Dec. 23, 2004 |
| Deadline for the parties to identify trial experts for their case-in-chief and to serve the written reports for each such expert pursuant to Rule 26 | Oct. 15, 2004 | Jan. 14, 2005 |
| Deadline for the parties to identify any rebuttal experts and to serve the written reports for each such rebuttal expert pursuant to Rule 26 | Nov. 19, 2004 | Feb. 11, 2005 |
| Deadline for completing expert depositions and deadline for responding to Requests for Admission propounded for authentication purposes | Dec. 17, 2004 | Mar. 18, 2005 |
| Deadline for filing dispositive motions and deadline for simultaneous filing of | Jan. 28, 2005 | April 22, 2005 |

"Markman briefs" (if necessary)

| | | |
|---|---|---|
| Final Pretrial Conference | March 2005 | June 2005 |
| Trial | April 2005 | July 2005 |

## IV. TRIAL BY MAGISTRATE JUDGE

The parties do not consent to trial by Magistrate Judge.

## V. PHASED DISCOVERY

The parties do not believe that it is necessary to phase discovery for a realistic assessment of the case.

## VI. SETTLEMENT PROPOSALS

In accordance with Local Rule 16.1(C), Smith & Nephew will make its settlement proposal by February 13, 2004, and Surgical Solutions' counsel shall have conferred with their client and be prepared to respond to the proposal at the February 23, 2004 conference.

## VII. CERTIFICATIONS

Local Rule 16.1(D)(3) certifications for the parties and counsel to this action are attached hereto as Appendix A and B.

Respectfully submitted,

Dated: February 13th, 2004

By: _____
Mark J. Hebert (BBO No. 546,712)
Thomas M. Johnston (BBO No. 546,712)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

6

Ruffin B. Cordell
Ahmed J. Davis
FISH & RICHARDSON P.C.
1425 K Street, NW, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Attorneys for SMITH & NEPHEW, INC.


Dated: February 13th, 2004      By: _____/s/ Thomas Hoover_____
                                Thomas O. Hoover (BBO No. 546,720)
                                Bowditch & Dewey LLP
                                161 Worcester Road
                                Framingham, MA 02110-2804
                                Telephone: (508) 416-2475
                                Facsimile: (508) 929-3073

Attorneys for SURGICAL SOLUTIONS, LLC

Of Counsel:
Joseph C. Andras
Vic Y. Lin
Myers Dawes Andras & Sherman, LLP
19900 MacArthur Boulevard, 11th Floor
Irvine, CA 92612
Telephone: (949) 223-9600
Facsimile: (949) 223-9610

20805313.doc