UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SMITH & NEPHEW, INC.,

     Plaintiff,

v.

SURGICAL SOLUTIONS, LLC,

     Defendant.

Civ. Act. No. 03 CV 12310 PBS

## STIPULATED PROTECTIVE ORDER

     Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-entitled action is likely to involve the disclosure of confidential information, and good cause appearing, IT IS HEREBY ORDERED as follows:

     1.    Scope of Order.  All documents, materials, items, testimony, or information, regardless of whether stored in electronic or paper form, that contain or comprise any trade secret or other confidential or proprietary technical, development, business, financial, or commercial information filed with the Court or produced either by a party or by a non-party in connection with this action shall be governed by this Protective Order.  The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

     2.    Confidential Information.  Any documents, materials, items, testimony, or information filed with the Court or produced by any party or non-party as part of discovery in this action may be designated by such party or non-party as "Confidential Information."  As a general guideline, materials designated "Confidential Information" shall be those things that may be disclosed to the parties for the purposes of this litigation, but which must be protected from disclosure to non-parties as set forth herein.

3.    Highly Confidential - Attorneys Eyes Only Information.  Certain documents, materials, items, testimony, or information may be designated by a party or non-party as "Highly Confidential - Attorneys Eyes Only Information."  The "Highly Confidential - Attorneys Eyes Only Information" designation shall be limited to such documents, materials, items, testimony, or information that the Designating Party believes contain information, the disclosure or intentional or inadvertent misuse of which is highly likely to cause significant harm to the business or competitive position of the Designating Party.  Documents, materials, items, testimony, or information designated "Highly Confidential - Attorneys Eyes Only Information" may be disclosed only to the persons who have previously qualified to receive such information under the provisions of Paragraph 8 of this Protective Order.

4.    Designated Information.  "Designated Information" refers to "Confidential Information" and "Highly Confidential - Attorneys Eyes Only Information" including copies, extracts, or derivations therefrom, compilations and summaries thereof, and the information therein.

5.    Designating Party.  "Designating Party" refers to the Party or third party designating any material as "Confidential Information" or "Highly Confidential-Attorneys Eyes Only Information" under this Protective Order.

6.    Use of Designated Information.  Absent a specific order by this Court, Designated Information shall be used by the persons or entities to whom such information is disclosed solely for purposes of this action, and not for any other action or for any business, patent prosecution, licensing, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided in this Protective Order.

7.    Third Party Documents.  Where a discovery request, subpoena, or deposition question calls for otherwise discoverable information that is held by the party to whom it is directed under obligations of confidentiality owed to a third party, the party to whom the discovery request, subpoena, or deposition question is directed shall promptly, and in all events

2

within ten (10) court days of receipt of the discovery request calling for such disclosure (except where the discovery request has been served prior to the date this Protective Order was approved by the Court, in which case within ten (10) court days after the date this Protective Order was approved by the Court):

        (a)     Identify to the party seeking the information the name and address of each person or entity whose confidentiality interests are implicated by the discovery request, subpoena or deposition question, and

        (b)     Seek consent in writing to produce the requested information from each such person whose confidentiality interests are implicated.  The request for consent shall be made in good faith, shall include a copy of this protective order, and the party seeking the discovery shall be copied on all correspondence constituting the request for consent.

        (c)     If the third party does not consent within ten (10) court days of the original service of the discovery request, subpoena, or deposition in question, the party seeking the discovery may move to compel production in addition to any other relief they may have.

     8.    <u>Disclosure of Highly Confidential - Attorneys Eyes Only Information.</u> Documents, materials, items, testimony, or information designated "Highly Confidential - Attorneys Eyes Only Information" pursuant to this Protective Order, or copies, derivations, or extracts therefrom, compilations and summaries thereof, and the information therein, may be disclosed, given, shown, made available to, or communicated in any way only to the following persons:

        (a) outside counsel of record for the parties in this action, and persons employed by said counsel who are working solely in secretarial, clerical, and paralegal capacities and who are assisting those attorneys in this action.

        (b) qualified court reporters, videographers and other similar persons making a stenographic, video or other record of testimony involving such documents, materials, items, testimony, or information and necessary clerical personnel thereof;

(c)(i) non-party consultants or testifying experts and their staffs in the preparation, trial or appeal of this action provided that they previously have been cleared by the parties pursuant to Paragraph 10 of this Protective Order, and (ii) jury or trial consultants and mock jurors, who are engaged to assist in the trial or preparation of this action, upon completion of the requirements set forth in Paragraph 11 of this Protective Order;

(d) the Court and the Court's staff;

(e) up to three in-house attorneys for each party who are designated in writing in advance and persons working solely in secretarial, clerical, and paralegal capacities and who are assisting such in-house attorneys in this action;

(f) current employees, officers and directors of the Designating Party;

(g) any person to whom the Designating Party agrees in writing.

However, in addition to satisfying the other requirements for access to "Highly Confidential-Attorneys Only Information" set forth in this order, the persons identified in subsections (c)(except for mock jurors), (e) and (g) of this Paragraph shall not be permitted access to materials or information designated "Highly Confidential - Attorneys Eyes Only Information" unless and until they sign a written Acknowledgment Pursuant to Protective Order in the form attached hereto as Exhibit A that they have read this Protective Order, agree to be bound by its terms, and consent to jurisdiction in this Court, and mock jurors identified in (c)(ii) of this Paragraph shall not be permitted access to materials or information designated "Highly Confidential - Attorneys Eyes Only Information" unless and until they sign a written Agreement to Protect Confidential Information in the form attached hereto as Exhibit B. Outside counsel of record shall retain copies of all executed Acknowledgments and Agreements, and copies of all executed Acknowledgments, except for those persons identified in subsection (c)(ii), shall be provided to the Designating Party.

9.    Disclosure of Confidential Information.  Documents, materials, items, testimony, or information designated "Confidential Information" pursuant to this Protective Order, or

4

copies, derivations, or extracts therefrom, compilations and summaries thereof, and the information therein, may be disclosed, given, shown, made available to, or communicated in any way only to the following persons:

(a) all persons set forth in Paragraph 8 above;

(b) any outside counsel for the parties in this action who are currently involved in drafting, preparing, or prosecuting patent applications concerning arthroscopic suture-passing devices, or managing or supervising any such work, and persons employed by said counsel who are working solely in secretarial, clerical, and paralegal capacities and who are assisting those attorneys in this action;

(c) any in-house attorneys for each party who are designated in writing in advance, and who are currently involved in drafting, preparing, or prosecuting patent applications concerning arthroscopic suture-passing devices, or managing or supervising any such work, and persons working solely in secretarial, clerical, and paralegal capacities and who are assisting such in-house attorneys in this action;

(d) up to five regular employees of the party receiving Confidential Information who are designated by the parties in advance in writing, and who have a need to know the Confidential Information for purposes of this action; and

(e) any person to whom the Designating Party agrees in writing.

However, the persons identified in subsections (c) through (e) of this Paragraph shall not be permitted access to materials or information designated "Confidential Information" unless and until they sign a written Acknowledgment Pursuant to Protective Order in the form attached hereto as Exhibit A that they have read this Protective Order, agree to be bound by its terms, and consent to jurisdiction in this Court. Outside counsel of record shall retain copies of all executed Acknowledgments, and copies of all executed Acknowledgments shall be provided to the Designating Party.

10.    Clearance Procedure.  The procedure for providing Designated Information to the persons described in Paragraph 8(c)(i) shall be as follows:

A.    The party seeking to disclose such information shall, before any such disclosure, provide by facsimile and mail to each Designating Party:

1.    The name of the person;

2.    The present employer and title of the person;

3.    A signed, written acknowledgment in the form of the Acknowledgment Pursuant to Protective Order attached hereto as Exhibit A by the person that he/she has read this Protective Order and agrees to be bound by its terms; and

4.    A current resume or curriculum vitae and a list of all clients, and a general business description of each, for which the person has worked or consulted during the last four years.

B.    Within ten (10) calendar days after receipt of the information and written acknowledgment in the form of the Acknowledgment Pursuant to Protective Order attached hereto as Exhibit A described above, a party may object to the disclosure of Designated Information to the proposed recipient by serving a written objection by fax and mail, if the facts available to the objecting party give it reason to believe that there is a reasonable likelihood that the person may use the Designated Information for purposes other than the preparation for trial of this case.  The parties shall meet and confer to try to resolve the objection.  If the parties are unable to do so, the objecting party shall file a motion, unless otherwise directed by the Court, seeking an order that disclosure of the Designated Information to the person not be permitted.  Such motions must be filed and served by fax within twenty (20) calendar days of service of the party's written objection; otherwise, the objection is deemed waived.  The burden of proof shall be with the objecting party.

C.    During (a) the ten (10) calendar day period for objections, (b) the twenty (20) calendar day period for filing a motion if an objection is made, and (c) if a motion is brought, the period of time any such motion is pending, no disclosure of Designated Information shall be made to the person that is the subject of the objection and/or motion.

11.    <u>Jury or Trial Consultants and Mock Jurors</u>.  Jury or trial consultants, including graphics consultants used in any phase of the case, and their staffs who are engaged to assist in the trial or preparation of this action may have access to Designated Information, provided that any such persons shall first sign a written acknowledgement in the form of the Acknowledgment Pursuant to Protective Order attached hereto as Exhibit A that they have read this Protective Order, agree to be bound by its terms, and consent to jurisdiction in this Court.  Outside counsel of record shall retain copies of all such executed acknowledgements until final termination of this action.  Mock jurors and focus group members who are hired by such consultants in preparation for trial of this action may have access to Designated Information, provided that any such person shall first sign a written acknowledgment in the form of the Agreement to Protect Confidential Information attached hereto as Exhibit B.  Such executed Acknowledgments and Agreements shall be retained under the control of counsel until final termination of this action.  No documents, materials, items, testimony, or information embodying Designated Information shall be left in the possession of any such person.

12.    <u>Procedure for Designating Materials.</u>  Any party or non-party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items, testimony, or information, or portions thereof, which he, she, or it considers confidential at the time such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected.  With respect to documents, the items produced must be marked or stamped (a) "Confidential" pursuant to Paragraph 2 or (b) "Highly Confidential - Attorneys Eyes Only" pursuant to Paragraph 3 on all pages by the producing party or non-party.  In the case of

7

information stored on electronic media, the items produced shall be clearly marked or stamped on the media if possible or, if not possible, shall be designated in a writing accompanying the production of the item. With respect to deposition testimony, the witness under deposition, or his, her, or its counsel, and/or any counsel representing any party or non-party at the deposition, may invoke the provisions of this Protective Order during the course of the deposition, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed confidential, and shall instruct the Court Reporter to mark the cover of the transcript with the appropriate confidentiality legend. The failure to so designate the testimony on the record at the deposition may be corrected pursuant to Paragraph 17 of this Protective Order. The provisions of this Paragraph may be invoked by counsel for a witness with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition, provided, however, that the attorney has a good faith belief that the information is confidential and that the attorney promptly and in good faith responds to requests that the transcript or portions thereof be de-designated or re-designated pursuant to paragraph 18.

13.     Filing Under Seal. The parties agree to strictly follow and adhere to the requirements of Rule 7.2 of the Local Rules of this Court with regard to the filing in Court in this litigation of motions to impound or seal Designated Information, and the filing in Court of Designated Information sought to be impounded or sealed by the moving party.

14.     Treatment of Designated Information. All Designated Information under this Protective Order shall be kept only by those permitted access herein, and in such a manner as to protect against disclosure to those not permitted access to such Designated Information. Copies of Designated Information may only be made where reasonably necessary to prepare work product or conduct proceedings in this litigation.

15.     Limitations on Protective Order. Any individual, such as a deposition witness, trial witness, or potential witness who is a third party or former employee of the Designating Party may be shown (but may not keep) Designated Information by an attorney bound by this

8

Protective Order provided that (a) the individual is identified on the face of the document as a signatory, author, addressee, or recipient of such Designated Information, or (b)(i) the individual is a former employee of the Designating Party and (ii) the outside attorney has a reasonable, good faith belief that, although not identified on the face of the document, the individual generated, read, or reviewed the Designated Information while employed by the Designating Party, and (c) the individual signs the Acknowledgment Pursuant to Protective Order in the form attached hereto as Exhibit A. A party may use its own Designated Information to examine or cross-examine any trial or deposition witness. In no circumstances will the use of Designated Information during a deposition or at trial constitute a waiver of the designated status of the materials.

16.    Improper Designation. A party or non-party providing documents, materials, items, testimony, or information that inadvertently fails to properly designate such documents, materials, items, testimony, or information or who inadvertently mis-designates such documents, materials, items, testimony, or information pursuant to this Protective Order at the time of the production may re-designate such documents, materials, items, testimony, or information in order to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated. The party receiving the substitute copies shall make its best efforts to promptly return or destroy the previous unmarked or mis-marked documents, materials, items, testimony, or information and all copies thereof.

17.    Designation of Depositions. Counsel attending a deposition who does not designate any portion of the transcript pursuant to this Protective Order on the record at the deposition shall have ten (10) calendar days after receipt of the official deposition transcript from the court reporter in which to correct his or her failure. Such correction shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that contain "Confidential" or "Highly Confidential - Attorneys Eyes Only" information, and

directing the reporter to mark that portion of the transcript accordingly. Prior to and during the pendency of the ten (10) calendar day period, all deposition transcripts shall be treated as if designated in their entirety as "Highly Confidential - Attorneys Eyes Only." Following the ten (10) day period, deposition transcripts containing "Confidential" or "Highly Confidential – Attorneys Eyes Only" information shall be appropriately redacted prior to disclosure to anyone not bound by the terms of this agreement.

18.    <u>Objection to Designation.</u> If at any time during the pendency or trial of this action, any party claims that information is not appropriately designated, the objecting party may serve a written notice of objection on all parties and other affected persons, identifying with particularity the items as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. Within ten (10) calendar days of receiving such notice, the Designating Party shall respond in writing served by facsimile, and either agree to the new designation proposed by the objecting party or explain why the designation should not be changed. If the Designating Party and the objecting party cannot resolve the dispute in informal meet and confer discussions, the objecting party may move for an order from the Court for re-designation. The objecting party shall have the burden to overcome the original designation.

19.    <u>Improper Disclosure.</u> If Designated Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Designating Party and, without prejudice to any other rights and remedies of the parties, make its best effort to prevent further disclosure by it or by the person who was the recipient of such information and to recover or retrieve any such information improperly disclosed.

20.    <u>Inadvertent Production of Privileged Materials.</u> Counsel shall make their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials. The inadvertent production of any

document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product, and no producing party shall be held to have waived any privilege by virtue of inadvertent production.  If a producing party discovers that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, counsel for the producing party shall promptly give notice to counsel for the receiving party.  The receiving party shall take prompt steps to ensure that all known copies of such material are returned to the producing party.  The receiving party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

21.    Inadmissibility of Designation Status.  Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

22.    Disposal of Designated Information.  Upon termination of this action, settlement, or final judgment including exhaustion of all appeals, or upon termination of any action based upon this action, the originals and all copies of Designated Information shall be either destroyed at the expense of the possessor of such Designated Information or turned over to the party or non-party who produced such Designated Information, or to their respective counsel, within sixty (60) calendar days.  However, outside counsel for the parties may retain a complete copy of all pleadings, transcripts, exhibits and correspondence for archival purposes.  If Designated Information is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel a certificate of destruction identifying when and how the destruction was performed within the same sixty (60) day period.

23.    Disclosure to Management.  The Parties understand and agree that it may be necessary to disclose certain Designated Information to senior management of the opposing party

11

from time to time, for purposes of assessing the case and its merits, considering settlement, and the like. The Parties hereby agree to cooperate in good faith in considering all such reasonable requests, e.g., on an item by item basis, to permit such limited disclosures. All such disclosures shall be subject to the terms of this Protective Order, and the persons receiving such disclosures shall be subject to the terms of Paragraph 8(g) and/or 9(c) as appropriate, including the requirement to sign an acknowledgement in the form of the Acknowledgment to Pursuant to Protective Order attached hereto as Exhibit A.

24.    <u>Termination.</u>  The terms of this Protective Order shall survive termination of this action.

25.    <u>Modification.</u>  This Protective Order is being entered without prejudice to the right of any party or other person to move the Court for modification of or relief from any of its terms.

Respectfully submitted,

Dated: April 16 , 2004          By: _____

Mark J. Hebert (BBO No. 546,712)
Thomas M. Johnston (BBO No. 644,689)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Ruffin B. Cordell
Ahmed J. Davis
FISH & RICHARDSON P.C.
1425 K Street, NW, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Attorneys for SMITH & NEPHEW, INC.

Dated:  April 13, 2004            By:

Thomas O. Hoover (BBO No. 546,720)
Bowditch & Dewey LLP
161 Worcester Road
Framingham, MA 02110-2804
Telephone: (508) 416-2475
Facsimile: (508) 872-1492

Joseph C. Andras
Vic Y. Lin
Myers Dawes Andras & Sherman, LLP
19900 MacArthur Boulevard, 11th Floor
Irvine, CA 92612
Telephone: (949) 223-9600
Facsimile: (949) 223-9610

Attorneys for SURGICAL SOLUTIONS, LLC

SO ORDERED this ___2___ day of ___april___, 2004.

United States District Judge

13

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SMITH & NEPHEW, INC.,

       Plaintiff,

   v.                                                  Civ. Act. No. 03 CV 12310 PBS

SURGICAL SOLUTIONS, LLC,

       Defendant.

---

### ACKNOWLEDGMENT PURSUANT TO PROTECTIVE ORDER

_____ hereby states as follows:
      [Name of Recipient]

I have been furnished with a copy of the STIPULATED PROTECTIVE ORDER entered in this action which I have read and understood; and I agree to be bound by the terms of said STIPULATED PROTECTIVE ORDER and hereby subject myself to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcing that Order and this Acknowledgment.

Dated: _____

                        _____

                        Name: _____

14

**EXHIBIT B**

**AGREEMENT TO PROTECT CONFIDENTIAL INFORMAITON**

    1.    This Agreement is between _____
                              [Consultant]

and _____ residing at _____.
    [Name]

    2.    I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group that I am participating in today.

    3.    I agree not to disclose any information I learn today or to use such information outside the research group I am participating in today.

                        Signed:        _____

                        Name:         _____

                        Date:           _____