IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.  03CV 12310 PBS

| | |
|---|---|
| SMITH & NEPHEW, INC., ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | **MOTION FOR LEAVE TO** |
| v. ) | **FILE COUNTERCLAIMS** |
| ) | |
| SURGICAL SOLUTIONS, LLC, ) | |
| ) | |
| **Defendant.** ) | |

NOW COMES Surgical Solutions, LLC ("Surgical Solutions"), by counsel, and for the reasons below and moves the Court pursuant to Fed. R. Civ. P. 15(a) for leave to file compulsory counterclaims, attached hereto as Exhibit A.

Plaintiff Smith & Nephew, Inc. brought the current action for patent infringement against Defendant Surgical Solutions under Title 35 of the United States Codes.  Defendant seeks herein to add compulsory counterclaims for declaratory relief of patent non-infringement, invalidity and unenforceability (Exhibit A).  This Motion is based on the following arguments, all pleadings and papers on file in this action, and upon such other matters as may be properly presented to the Court.

**ARGUMENT**

**I.  AMENDMENTS TO PARTIES' PLEADINGS ARE LIBERALLY GRANTED**

Rule 15(a) of the Federal Rules of Civil Procedure sets forth a liberal standard for amendment of pleadings.  The second sentence of Rule 15(a) states that after a responsive pleading has been served: " party may amend his pleading only by leave of court or by written

consent of the adverse party; and <u>leave shall be freely given</u> when justice so requires." (emphasis added).

Although the grant or denial of an opportunity to amend a pleading is within the sound discretion of the District Court, both the Federal Rules of Civil Procedure and well-established case law require that leave shall be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (unless "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." can be shown, leave to amend should be "freely given").

Rule 15 reflects the limited role assigned to Federal pleadings: i.e., that the pleadings simply provide the parties with fair notice of the general nature and type of the pleader's claims or defenses. As long as notice has been provided, the pleadings should not limit the pleader's claims or defenses. *Id*.

In *Gary Walton v. Nalco Chemical Company*, 272 F.3d 13, 19 (1st Cir. 2001), the Court elaborated that a trial court considering proposed amendments must examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations. The Court stated that parties seeking the benefit of Rule 15(a)'s liberality must exercise due diligence, and that unseemly delay, in combination with other factors, may warrant denial of a suggested amendment (citing *Quaker State Oil Ref Corp. v. Garrity Oil Co., Inc.*, 884 F.2d 1510, 1517 (1st Cir. 1989), where the Court held that amendments may be foreclosed where movant's delay is extreme or unexplained).

Applying the above criteria, the *Walton* Court noted that the first motion to amend the *Walton* complaint was submitted eight months after the due date prescribed in the scheduling

order, six months after discovery closed, and one week prior to the trial date initially established by the district court, and that *Walton* offered neither an explanation nor a justification for the inordinate delays, relying instead on the naked assertion that *Nalco* could not have been prejudiced. The Court concluded that the District Court did not abuse its discretion by denying *Walton's* amendatory motions. 272 F.3d 20.

None of the justifications delineated by the *Foman* and *Walton* courts for denying the leave to amend are present here. By this Motion and the proposed Counterclaims, Plaintiff is provided with fair notice of the nature of Defendant's Counterclaims. No trial date has been set and fact discovery cut-off is Oct. 29, 2004. Further, Defendant has exercised due diligence in bringing this Motion. Therefore, Plaintiff has abundant time to conduct discovery as it sees fit. Similarly, for the foregoing reasons, Plaintiff cannot claim undue delay or prejudice due to the amendment.

**II.   DEFENDANT'S COUNTERCLAIMS ARE COMPULSORY**

Pursuant to Federal Rules of Civil Procedure 13(a), if a claim does arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim...," it is a "compulsory" counterclaim. Failure to state a compulsory counterclaim will lead to loss of right to bring the claim in any future action. Exceptions to the rule that any claim involving the same "transaction or occurrence" as Plaintiffs claim is compulsory are: (1) claims by Defendant which for ' just adjudication" require the presence of additional parties of whom the court cannot get personal jurisdiction; and (2) claims by Defendant in which the suit against Defendant is in rem or quasi in rem (see Rule 13(a), including Rule 13(a)(2), USCS Fed. Rules Civ. Proc. R. 13 (2004)). Neither exception applies to this case.

It is well established that a counterclaim involving the same patent as is involved in the original action is considered to arise from the same transaction as the main claim. *Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 801, 802 (Fed. Cir. 1999). Such a counterclaim ordinarily should not be refused entry. *Id.* Therefore, as is the case here, when the same patent is at issue in an action for infringement, counterclaims for non-infringement, invalidity and unenforceability are compulsory, and should not be refused entry.

Indeed, the Federal Circuit, citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1410 (2d ed. 1990)), has stated: "Professor Wright identifies four tests, any one of which can render a counterclaim compulsory: (1) whether the legal and factual issues raised by the claim and counterclaim are largely the same; (2) whether, absent the compulsory counterclaim rule, res judicata would bar a subsequent suit on the counterclaim; (3) whether substantially the same evidence supports or refutes both the claim and counterclaim; or (4) whether there is a logical relation between the claim and counterclaim.... '**Any counterclaim involving the same patent as is involved in the original action usually is considered to arise from the same transaction as the main claim**.'." *Id.* (Emphasis added.) The Federal Circuit reaffirmed that policy in *Industrial Products Company And Polymer Enterprises Corporation v. Bridgestone/Firestone, Inc.*, 347 F.3d 935 (Fed. Cir. 2003), holding that a counterclaim for patent infringement, in an action for declaration of non-infringement of the same patent, is a compulsory counterclaim. (See also *Manuel A. Iglesias v. Mutual Ljfe Insurance Company Of New York*, 156 F.3d 237, 241 (1st Cir. 1989)).

In the present case, Defendant's counterclaims for declaratory judgment of non-infringement, invalidity and/or unenforceability of the patent-in-suit, involve the same patent as Plaintiff's patent infringement claims. The counterclaims are compulsory because they arise from the same transaction as Plaintiffs patent infringement claims.

Further, satisfaction of *any one* of the above four tests cited by the Federal Circuit renders a counterclaim compulsory. Defendant's counterclaims herein satisfy *all* of the above four tests. Specifically, the legal and factual issues raised by Plaintiffs claims of patent infringement and Defendant's counterclaims for declaratory judgment of non-infringement, invalidity and/or unenforceability of the patent-in-suit are largely the same. Absent the compulsory counterclaim rule, res judicata would bar a subsequent suit by the Defendant on the counterclaims. Substantially the same evidence supports or refutes both Plaintiffs patent infringement claims and Defendants counterclaims of non-infringement, invalidity and/or unenforceability of the patent-in-suit. Further, there is a strong logical relation between Plaintiffs patent infringement claim and Defendant's counterclaims. As a result, Defendant's counterclaims are compulsory and should not be refused entry.

Even if Defendant's counterclaims are not deemed to be compulsory, they are permissive pursuant to the Federal Rules of Civil Procedure 13(b). Any defendant may bring against any plaintiff "any claim ... not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." *Id.* A federal court may exercise supplemental jurisdiction over a permissive counterclaim if it is so related to the main claim that it forms part of the same constitutional case or controversy. See *Ambromovage v. United Mine Workers of America*, 726 F.2d 972, 990 (3rd Cir. 1984) (in action against union for failure to collect royalties owed by coal operators to union health fund, court had jurisdiction to hear claims for setoff of

certain loans made by union to fund, as claims arose from common nucleus of operative fact); *Channel v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385-386 (7th Cir. 1996) (jurisdictional distinction between permissive and compulsory counterclaims was developed before Congress codified supplemental jurisdiction and courts should use language of statute to define extent of powers); *Polaris Pool Sys. v. Letro Prods., Inc*., 161 F.R.D. 422, 425 (C.D. Cal. 1995) (even if permissive counterclaims, state law counterclaims for tortuous interference with business formed part of same case or controversy as plaintiffs claim for trademark infringement as they arose out of marketing of parties' pool cleaners and were based upon same facts).

      In the present case, clearly Defendant's counterclaims for non-infringement, invalidity and unenforceability are squarely within the same case or controversy as in Plaintiff's complaint for patent infringement. A counterclaim that is within the same case or controversy as a patent infringement may request declaratory relief. *Altvater v. Freeman*, 319 US. 359, 363-364, 64 5. Ct. 1115, 87 L. Ed. 2d 1450 (1943) (issue of validity of patent may be raised by counterclaim for declaratory judgment in suit for infringement of patent if "case or controversy" still exists as to other issues beyond dispute defined by infringement claim).

      For at least the foregoing reasons, Defendant respectfully requests grant of its motion for leave to file its counterclaims.

SURGICAL SOLUTIONS, LLC,
By Its Attorneys,

Date:  June 25, 2004	By:  /S/:  Joseph C. Andras

Joseph C. Andras (CA Bar No. 138,181)
Vic Lin (CA Bar No. 192,292)
MYERS DAWES ANDRAS & SHERMAN LLP
19900 MacArthur Boulevard, 11th Floor
Irvine, CA 92612
Tel:  (949) 223-9600
Fax:  (949) 223-9610

/S/:  Louis M. Ciavarra
Louis M. Ciavarra (546481)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
Tel:  (508) 926-3408
Fax:  (508) 929-3011

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing will be served on the following counsel on the date indicated below via Federal Express to:

Ahmed J. Davis, Esq.
FISH & RICHARDSON
1425 K Street N.W., Suite 1100
Washington, DC 20005

/S/:  Louis M. Ciavarra
Louis M. Ciavarra, Esquire

Date:  June 25, 2004