**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 03CV 12310 PBS

| | |
|---|---|
| SMITH & NEPHEW, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | COUNTERCLAIM FOR DECLARATORY |
| v. ) | JUDGMENT OF NON-INFRINGEMENT, |
| ) | INVALIDITY AND/OR UNENFORCEABILITY |
| SURGICAL SOLUTIONS, LLC, ) | OF PATENT IN-SUIT |
| ) | |
| Defendant. ) | |

Defendant and Counterclaim Plaintiff Surgical Solutions, LLC asserts this Counterclaim against Plaintiff and Counterclaim Defendant Smith & Nephew, Inc. and complains as follows:

**FACTUAL BACKGROUND**

1.  Defendant incorporates by this reference all of the allegations and averments of its answer and its affirmative defenses.

2.  This is an action for declaratory judgment of invalidity, unenforceability and non-infringement of the patent-in-suit. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 220 1-2202, and the patent laws of the United States, Title 35 United States Code.

3.  Plaintiff claims to be the present owner of all right, title and interest in and to U.S. Patent No. 5,947,982 (the "patent-in-suit"), including the right to sue and recover damages for infringement.

4.  Plaintiff asserts that the ExpresSew® products made, used and/or sold by Defendant infringe the patent-in-suit, U.S. Patent No. 5,947,982, which patent issued on September 7, 1999 from U.S. Patent Application No. 08/832,06 1 filed on April 2, 1997.

5.  On or about March 31, 1998, Plaintiff filed International Patent Application No. PCT/US98/06357 under the Patent Cooperation Treaty ("Plaintiff's PCT Application") corresponding to the patent-in-suit.

6.  In Plaintiff's PCT Application, Plaintiff paid sufficient designation fees to designate over one hundred (100) states within which it could nationalize the PCT Application.

7.  In the International Search Report mailed to Plaintiff on or about July 24, 1998 in connection with Plaintiff's PCT Application, over a year before the issuance of the patent-in-suit, the International Searching Authority issued an International Search Report that cited European Patent Application No. 0778004A1 to Fukuda (the "Fukuda European Application") as a novelty-destroying "X" reference against Plaintiff's PCT Application.

8.  Within the Fukuda European Application that was provided to Plaintiff with the International Search Report mailed on or about July 24, 1998, German Patent Application No. DE 4235602 Al to Sevinc (the "German Sevinc Application") was cited as a novelty-destroying "X" reference against the Fukuda European Application.

9.  On information and belief, Plaintiff subsequently abandoned its PCT Application by choosing not to nationalize the PCT Application in any of the over one hundred (100) countries designated in its PCT Application on or before the national phase deadline of October 2, 1999.

10. The same applicant that filed the Fukuda European Application also filed U.S. Patent Application No. 568,345 on December 6, 1995, which application subsequently issued into U.S. Patent No. 5,824,009 (the "Fukuda US Patent").

11. The Fukuda US Patent issued from an application that was filed before inventor John Duran's date of conception and reduction to practice of the invention claimed in the patent-in-suit.

12. The Fukuda US Patent is prior art to the patent-in-suit.

13. The Fukuda US Patent is material to the patentability of the claims of the patent-in-suit.

14. The German Sevinc Application was published on April 28, 1994, more than a year before the filing date of the application that issued into the patent-in-suit.

15. The German Sevinc Application is prior art to the patent-in-suit.

16. The German Sevinc Application is material to the patentability of the claims of the patent-in-suit.

17. Upon information and belief, before the patent-in-suit issued on September 7,1999, before bringing this action, or both, Plaintiff knew of the existence of the Fukuda US Patent.

18. Upon information and belief, before the patent-in-suit issued on September 7, 1999, before bringing this action, or both, Plaintiff knew that the Fukuda US Patent was material to the patentability of the claims of the patent-in-suit.

19. Upon information and belief, before the patent-in-suit issued on September 7, 1999, before bringing this action, or both, Plaintiff knew of the existence of the German Sevinc Application.

20. Upon information and belief, before the patent-in-suit issued on September 7, 1999, before bringing this action, or both, Plaintiff knew that the German Sevinc Application was material to the patentability of the claims of the patent-in-suit.

21. Plaintiff never disclosed the Fukuda US Patent to the U.S. Patent and Trademark Office at any time during the prosecution of the patent-in-suit.

22. Plaintiff never disclosed the Fukuda US Patent to the U.S. Patent and Trademark Office at any time within a request for reexamination.

23. Plaintiff never disclosed the German Sevinc Application to the U.S. Patent and Trademark Office at any time during the prosecution of the patent-in-suit or within a request for reexamination.

24. Plaintiff never disclosed the German Sevinc Application to the U.S. Patent and Trademark Office at any time within a request for reexamination.

**JURISDICTION AND VENUE**

25. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

26. Venue is based on 28 U.S.C. § 1391(b) and (c).

## FIRST CLAIM FOR RELIEF
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

27. Defendant incorporates by this reference all of the foregoing and averments of its answer and its affirmative defenses.

28. As a consequence of the foregoing and the allegations in the complaint, there is an actual and justifiable controversy between Plaintiff and Defendant with respect to the alleged infringement of the patent-in-suit.

29. Defendant has not and does not infringe, either literally or under the doctrine of equivalents, the claims of the patent-in-suit.

30. As a result, a judicial determination is necessary as to Defendant's rights to manufacture, use, offer for sale and/or sell the products that are accused by Plaintiff, but denied by Defendant, as infringing the patent-in-suit.

## SECOND CLAIM FOR RELIEF
### DECLARATORY JUDGMENT OF INVALIDITY

31. Defendant incorporates by this reference all of the foregoing and averments of its answer and its affirmative defenses.

32. As a consequence of the foregoing and the allegations in the complaint, there is an actual and justifiable controversy between Plaintiff and Defendant with respect to the validity of the patent-in-suit.

33. Upon information and belief, the patent-in-suit is invalid for failure to comply with one or more the following statutory provisions: 35 U.S.C. § 101, 102, 103, 112, 115 and/or 116.

34.  As a result, a judicial determination is necessary as to Defendant's rights to manufacture, use, offer for sale and/or sell the products that are accused by Plaintiff, but denied by Defendant, as infringing the patent-in-suit.

### THIRD CLAIM FOR RELIEF
### DECLARATORY JUDGMENT OF UNENFORCEABILITY

35.  Defendant incorporates by this reference all of the foregoing and averments of its answer and its affirmative defenses.

36.  As a consequence of the foregoing and the allegations in the complaint, there is an actual and justifiable controversy between Plaintiff and Defendant with respect to the enforceability of the patent-in-suit.

37.  Upon information and belief, the patent-in-suit is unenforceable on the grounds of inequitable conduct.

38.  As a result, a judicial determination is necessary as to Defendant's rights to manufacture, use, offer for sale and/or sell the products that are accused by Plaintiff, but denied by Defendant, as infringing the patent-in-suit.

WHEREFORE, Defendant prays for judgment and relief against Plaintiff, including:

a.  A judgment declaring that Plaintiff has not infringed the patent-in-suit;

b.  A judgment declaring that the patent-in-suit is invalid;

c.  A judgment declaring that the patent-in-suit is unenforceable; and

    d.    A judgment that this is an exceptional case and that Defendant be awarded reasonable attorneys' fees, costs, and expenses against Plaintiff pursuant to 35 U.S.C. § 285.

                                SURGICAL SOLUTIONS, LLC,
                                By Its Attorneys,

Date: June 25, 2004                By:  /S/:  Joseph C. Andras

                                Joseph C. Andras (CA Bar No. 138,181)
                                Vic Lin (CA Bar No. 192,292)
                                MYERS DAWES ANDRAS & SHERMAN LLP
                                19900 MacArthur Boulevard, 11th Floor
                                Irvine, CA 92612
                                Tel:  (949) 223-9600
                                Fax:  (949) 223-9610

                                /S/:  Louis M. Ciavarra
                                Louis M. Ciavarra (546481)
                                Bowditch & Dewey, LLP
                                311 Main Street, P.O. Box 15156
                                Worcester, MA 01615-0156
                                Tel:  (508) 926-3408
                                Fax:  (508) 929-3011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing will be served on the following counsel on the date indicated below via Federal Express to:

                Ahmed J. Davis, Esq.
                FISH & RICHARDSON
                1425 K Street N.W., Suite 1100
                Washington, DC 20005

                                /S/:  Louis M. Ciavarra
                                Louis M. Ciavarra, Esquire

June 25, 2004