IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  03CV 12310 NMG |
| ) | |
| SURGICAL SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR LEAVE TO FILE COUNTERCLAIMS**

In its Response to Defendant's Motion for Leave to File Counterclaims ("Response"), Plaintiff argues that Defendant failed to meet the pleadings standard for particularity. Plaintiff's Response is flawed for at least two reasons:

1)  Defendant is seeking leave to file counterclaims.  The originally proposed counterclaims attached to Defendant's Motion for Leave serve to notify the Court and Plaintiff of the type of claims which Defendant seeks to bring.  Any alleged deficiencies which have been remedied in the amended proposed counterclaims attached hereto as Exhibit 1, are certainly not grounds for denying Surgical Solutions' request for leave to file.

2)  While Plaintiff cites the pleadings standard for Fed. R. Civ. P. Rule 9(b) claims, Plaintiff then proceeds to argue the merits of Defendant's allegations.  It is not the particularity of the allegations that Plaintiff disputes, but rather the conclusions to be drawn from those allegations.  To advance its argument that the proposed counterclaims are futile, Plaintiff asks the Court to adopt its version of the facts.  It is inappropriate at this stage to argue the merits of the

case. In fact, Plaintiff's arguments would be inappropriate even in a motion to dismiss under Rule 12(b)(6) since Defendant's allegations would have to be assumed as true.

## ARGUMENT

I.  **SURGICAL SOLUTIONS' PROPOSED COUNTERCLAIM FOR DECLARATORY JUDGMENT OF UNENFORCEABILITY SATISFIES THE PARTICULARITY REQUIREMENTS OF FED. R. CIV. P. RULE 9(b)**

Smith & Nephew contends that Surgical Solutions has not adequately pled inequitable conduct to support its motion to add a counterclaim of unenforceability of the patent-in-suit. To support this contention, Smith & Nephew sets out a standard of proof for materiality and intent to deceive as elements of inequitable conduct, as: "Both materiality and intent to device must be proven with clear and convincing evidence," citing *Li Second Family Ltd. P'ship v. Toshiba Corp.*, 231 F.3d 1371, 1378 (Fed. Cir. 2000). However, this is the standard of proof at trial, not the standard for pleading an alleged inequitable conduct with particularity under Fed. R. Civ. P. 9(b). Indeed, Smith & Nephew is asking this Court to apply a standard of proof to Surgical Solutions' pleadings of inequitable conduct, which would be required of Surgical Solutions at trial. This is clearly improper. All that is required is that Surgical Solutions plead inequitable conduct with sufficient particularity under Fed. R. Civ. P. 9(b), which has been done.

One of the main purposes behind the particularity requirements of pleading under Fed. R. Civ. P. 9(b) is to provide sufficient notice. *2 Moore's Federal Practice* § 9.03[1][a]. What is telling about Smith & Nephew's Response is that Plaintiff knows exactly what Surgical Solutions is alleging. Smith & Nephew's Response is devoid of any assertions that Plaintiff lacks notice of Surgical Solutions' claims. It is not the lack of notice that bothers Plaintiff, it is the conclusion to be drawn from the evidence that Plaintiff seeks to dispute.

2

{J:\CLIENTS\lit\303669\0001\00452154.DOC;1}

Plaintiff cites several sections from *2 Moore's Federal Practice* § 9.03[1][c] as to applicable standards for pleading inequitable conduct as a species of fraud under Fed. R. Civ. P. 9(b). What Smith & Nephew has failed to also cite is that: "Although a purpose of Rule 9(b) is to provide detailed notice of the circumstances constituting fraud, [sic] every alleged misrepresentation need not appear in the pleadings. A claimant is required to set forth only the major misrepresentations or omissions upon which the fraud claims are based." *2 Moore's Federal Practice* § 9.03[1][a] (citations omitted). Further, claimants are not absolutely required to plead the specific date, place, or time of the fraudulent acts, provided they use some alternative means of injecting precision and some measure of substantiation into their allegations of fraud. *2 Moore's Federal Practice* § 9.03[1][b] (citations omitted). Courts also allow a claimant extra leeway in pleading when the necessary information is under the exclusive control of the other party. "Otherwise, defrauders might be rewarded for successfully concealing the details of their fraud." *Id.* (citations omitted).

In *Systemation, Inc. v. Engel Industries, Inc*., 183 F.R.D. 49 (D.Mass. 1998), this Court specifically addressed sufficiency of pleadings in counterclaims for unenforceability due to inequitable conduct in patent infringement litigation. Plaintiff Systemation claimed that the defendant's apparatus infringed Systemation's patents. The defendant filed an answer and a counterclaim for a declaratory judgment that the plaintiff's patents were invalid and/or unenforceable. Relevant portions of Engel's answer stated that: "The '880 and '944 patents are unenforceable because during prosecution of the '880 and '944 patents, the applicant willfully or with gross negligence committed certain inequitable acts that misled the Patent and Trademark Office. In particular, the applicant, having knowledge of certain prior art willfully refrained

3

from disclosing such prior art to the Patent and Trademark Office and, therefore, violated his duty of disclosure." 183 F.R.D. 50.

The plaintiff argued that the defendant's affirmative defense and counterclaim of inequitable conduct should be stricken because the defendant failed to comply with the requirements of Fed. R. Civ. P. Rule 9(b), that the defense be pled with particularity. This Court held that the defendant failed to meet the requirements of Fed. R. Civ. P. Rule 9(b), because it "... failed to identify any particular prior art it claims should have been disclosed to the Patent and Trademark Office." 183 F.R.D. 51. <u>This Court then granted the defendant leave to file a motion to amend its answer and counterclaim to plead inequitable conduct with particularity under Rule 9(b)</u>.

In the present case, Surgical Solutions has met requirements of Fed. R. Civ. P. 9(b), by setting out and pleading the inequitable conduct with particularity (see paragraphs 1-26 of Exhibit 1 ("Counterclaim")). In its pleadings, Surgical Solutions has identified the currently known prior art which should have been disclosed to the Patent and Trademark Office by Smith & Nephew in the course of prosecution of the patent-in-suit. Not only has Surgical Solutions specifically identified the prior art references, Surgical Solutions has pled in specific detail the circumstances under which Plaintiff knew, or should have known, of these references. Surgical Solutions has also specifically pled that these prior art references are material to the patentability of the claims in the patent-in-suit, that Plaintiff knew of the existence of these references, that Plaintiff knew of the materiality of these references to the patentability of the claims in its own patent application, and that Plaintiff failed to disclose these references to the U.S. Patent and Trademark Office.

As such, Surgical Solutions has alleged with particularity the who, what, when and where's of the inequitable conduct: who (Smith & Nephew and the inventors of the patent-in-suit), what (failure to disclose two specific prior art references), when (during the prosecution of the patent-in-suit), and where (before the PTO).  Furthermore, Surgical Solutions also describes how the inequitable conduct occurred by alleging the manner in which Plaintiff came to know of the existence of the two prior art references.  Clearly, Surgical Solutions has met the particularity requirements of Rule 9(b) in its counterclaim of inequitable conduct.

Smith & Nephew further contends that Surgical Solutions has not pled intent to deceive at all.  "Rule 9(b) provides that conditions of the mind, including allegations of malice, intent, and knowledge, may be averred generally." *2 Moore's Federal Practice* § 9.03[3] (citations omitted).  Despite Smith & Nephew's misplaced contention, Surgical Solutions has adequately pled the required elements of inequitable conduct, including intent to deceive (see paragraphs 1-24 and 35-38 of Surgical Solutions' Counterclaim).  For example, Surgical Solutions has identified the currently known prior art which should have been disclosed to the PTO by Smith & Nephew, who knew of the materiality of these references, in the course of prosecution of the patent-in-suit.  As such, Surgical Solutions has specifically and generally averred intent to device, in satisfaction of Rule 9(b).  To the extent that Plaintiff requires an additional recitation that it intended to mislead the U.S. Patent and Trademark in order to have sufficient notice, Surgical Solutions has added this recitation to the revised counterclaims attached as Exhibit 1.

Smith & Nephew then contends that Surgical Solutions cannot establish materiality, and further attempts to summarily litigate Surgical Solutions' proposed counterclaim by delving into the merits and facts at issue.  Smith & Nephew further contends that the prior art not disclosed to the PTO during the course of prosecution of the patent-in-suit is identical in content to the prior

art that was disclosed. What Smith & Nephew did not tell the Court is the one crucial distinction that makes all the difference – the U.S. Fukuda patent is prior art to the patent-in-suit whereas the European counterpart is not! Again, this is a matter to be adjudicated at trial, or at least in a summary judgment motion, but certainly not at the pleading stage. However, the Court needs to be aware of this critical distinction when considering Plaintiff's arguments regarding futility. As discussed, Surgical Solutions has pled inequitable conduct with particularity under Rule 9(b) regarding Smith & Nephew's failure to disclose certain prior art to the PTO. Surgical Solutions intends to prove materiality at trial, not at this pleading stage as Smith & Nephew would have it.

Smith & Nephew further continues to argue against the merits of Surgical Solutions' proposed counterclaims by contending that there is no evidence that Smith & Nephew knew of the prior art references identified by Surgical Solutions. Again, Smith & Nephew wants the Court to impose a completely unreasonable standard by requiring Surgical Solutions to prove its case now even though discovery is still ongoing. It is doubtful whether Plaintiff can prove its case at this stage, yet Plaintiff wants Surgical Solutions to be held to a higher standard. Plaintiff is asking the Court to consider the weight of the evidence, a task that is completely irrelevant to the determination of Surgical Solutions' request for leave. As discussed, Surgical Solutions has pled inequitable conduct with particularity under Rule 9(b) and intends to prove such inequitable conduct, including Smith & Nephew's knowledge as to the identified prior art, at trial not at this pleading stage as Smith & Nephew would have it.

Even if any of Surgical Solutions' counterclaims are deficient or improper, leave to amend is liberally afforded by the courts. In fact, a court's discretion to dismiss a pleading without affording leave to amend is restricted by Rule 15(a) (*2 Moore's Federal Practice* § 9.03[4] (citations omitted)).

## II. SURGICAL SOLUTIONS' COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. 101, 112, 115 AND/OR 116 IS PROPER

Smith & Nephew finds inconvenient Surgical Solutions' request for leave to file compulsory counterclaims for invalidity of the patent-in-suit for failure to comply with one or more the following statutory provisions: 35 U.S.C. §§ 101, 112, 115 and/or 116.  However, Rule 15(a) of the Federal Rules of Civil Procedure sets forth a liberal standard for amendment of pleadings.  Both the Federal Rules of Civil Procedure and well-established case law require that leave shall be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In *Gary Walton v. Nalco Chemical Company*, 272 F.3d 13, 19 (1st Cir. 2001), the Court stated that parties seeking the benefit of Rule 15(a)'s liberality must exercise due diligence, and that unseemly delay, in combination with other factors, may warrant denial of a suggested amendment (citing *Quaker State Oil Ref. Corp. v. Garrity Oil Co., Inc.*, 884 F.2d 1510, 1517 (1st Cir. 1989), where the Court held that amendments may be foreclosed where movant's delay is extreme or unexplained).  The *Walton* Court denied the plaintiff's amendatory motions because the first motion to amend the complaint was submitted eight months after the due date prescribed in the scheduling order, six months after discovery closed, and one week prior to the trial date initially established by the district court. 272 F.3d 20.

By contrast in the present case, as delineated in Surgical Solutions' motion for leave to amend, Smith & Nephew is provided with sufficient notice of the nature of Surgical Solutions' Counterclaims.  No trial date has been set and fact discovery cut-off is Oct. 29, 2004.  Further, Surgical Solutions has exercised due diligence in bringing this motion, as evidenced by the uniquely detailed allegations recited in the draft counterclaims.  Therefore, Smith & Nephew has

7

abundant time to conduct discovery as it sees fit. Similarly, for the foregoing reasons, Smith & Nephew cannot claim undue delay or prejudice due to the amendment.

Smith & Nephew has not provided any plausible justification for its opposition. It attempts to block Surgical Solutions' rights to add compulsory counterclaims because of purported inconvenience to Smith & Nephew.

Smith & Nephew does not, and cannot, dispute that Surgical Solutions' counterclaims are compulsory. Further, Smith & Nephew has not in any way shown that the circumstances surrounding Surgical Solutions' request for leave to add compulsory counterclaims is even remotely similar to cases in which courts have denied such a request. Yet, even in those cases where certain counterclaims were held to be deficient, the court at least granted leave to amend. Indeed, denying Surgical Solutions' request to add its compulsory counterclaims is far more prejudicial to Surgical Solutions than any inconvenience to Smith & Nephew. Surgical Solutions is in the process of formulating its defenses and counterclaims as discovery continues. Smith & Nephew is asking this Court to deny Surgical Solutions' motion because Smith & Nephew may have to adapt its trial strategy. That is not the standard for denying Surgical Solutions' motion. Smith & Nephew has not cited a single precedent in which a motion such as Surgical Solutions has been denied by a court under similar circumstances.

**III. SURGICAL SOLUTIONS' MOTION IS TIMELY**

Finally, it appears that Plaintiff may be taking advantage of the transfer of this case to a new judge in order to suggest that Defendant's motion is untimely (Response, p. 8). Attached as Exhibit 2 is a copy of the JOINT STATEMENT OF SMITH & NEPHEW AND SURGICAL SOLUTIONS PURSUANT TO LOCAL RULE 16.1 filed on or about February 13, 2004. As

shown, both parties had consented to a deadline of June 25, 2004 for filing motions to add parties or amend pleadings. Since this deadline was not included in the Court's Scheduling Order dated March 18, 2004, Defendant arguably could have filed its motion even later. Nonetheless, Defendant complied with this consented, but unordered deadline by filing its motion for leave on June 25, 2004.

Furthermore, Plaintiff's logic is circular. On the one hand, Plaintiff argues that Defendant should have asserted these counterclaims upon filing its Answer (Response, p. 8). On the other hand, Plaintiff argues that there is no evidence to support Defendant's counterclaims. Had Defendant included these counterclaims with its Answer, Plaintiff would have argued lack of evidence. Now that Defendant has gathered and continues to gather sufficient evidence to support its counterclaims, Plaintiff argues that Defendant should have filed these counterclaims in its initial Answer.

For at least the foregoing reasons, Surgical Solutions respectfully requests grant of its motion for leave to file all of its counterclaims.

| | |
|---|---|
| Date:  July 30, 2004 | By: /S/:  Joseph C. Andras |
| | Joseph C. Andras (CA Bar No. 138,181) |
| | Vic Lin (CA Bar No. 192,292) |
| | MYERS DAWES ANDRAS & SHERMAN, LLP |
| | 19900 MacArthur Boulevard, 11th Floor |
| | Irvine, CA 92612 |
| | Telephone:  (949) 223-9600 |
| | Facsimile:  (949) 223-9610 |
| | |
| | /S/:  Louis M. Ciavarra |
| | Louis M. Ciavarra (BBO No. 546481) |
| | BOWDITCH & DEWEY, LLP |
| | 311 Main Street, P.O. Box 15156 |
| | Worcester, MA 01615-0156 |
| | Telephone:  (508) 926-3408 |
| | Facsimile:  (508) 929-3011 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing will be served on the following counsel on the date indicated below via Federal Express to:

>Ahmed J. Davis, Esq.
>FISH & RICHARDSON
>1425 K Street N.W., Suite 1100
>Washington, DC 20005

Dated:  July 30, 2004                    /S/:  Louis M. Ciavarra