IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SURGICAL SOLUTIONS, LLC,<br><br>　　　　Defendant. | Civil Action No.  03CV 12310 NMG |

**DEFENDANT SURGICAL SOLUTIONS' MOTION FOR LEAVE TO EXCEED PAGE LIMITS FOR ITS MEMORANDA IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY**

Defendant Surgical Solutions, LLC ("Surgical Solutions") hereby moves for leave to exceed the twenty (20) page limit set forth in D.Mass. Local Rule 7.1.(b)(4), for its memoranda in support of its two interrelated motions for summary judgment:

　　　　(1)　Defendant Surgical Solutions, LLC's Memorandum in Support of its Motion for Summary Judgment of Non-Infringement; and

　　　　(2)　Defendant Surgical Solutions, LLC's Memorandum in Support of its Motion for Summary Judgment of Invalidity.

Surgical Solutions seeks summary judgment of non-infringement of claims 1, 3, 5, 19, 20, 22, 24 and 25 of U.S. Patent No. 5,947,982 ("the '982 patent"), which is the patent at issue in this litigation. Surgical Solutions also seeks summary judgment that claims 1, 3, 5, 19, 20, 22, 24 and 25 of the '982 patent are invalid as anticipated by any one of <u>three</u> prior art references:

1. Plaintiff's Own Acufex® Suture Punch;
2. Fukuda's U.S. Patent; and
3. The German Sevinc Application

The motion for non-infringement has been separately cast, but for ease of the Court and because the motions for invalidity are all related to the same claims and involve the same comprehensive analysis, Surgical Solutions has presented all three prior art references that support invalidity in a single brief. All told, Surgical Solutions is advancing four separate motions for summary judgment in two briefs.

Surgical Solutions' Memoranda, filed herewith, exceed the page limits specified by L.R. 7.1(b)(4) by about 10 pages each, one being 32 pages long, and the being 28 pages long, for a total of 60 pages. Surgical Solutions submits that briefs of this length are needed to fully present its arguments relating to non-infringement and invalidity. Surgical Solutions further submits that the additional length of its briefs is largely the result of the inclusion of numerous graphic images that will assist the Court in understanding the underlying devices and the arguments, not the result of mere verbiage.

WHEREFORE, Surgical Solutions requests that this motion be granted, and that the Court receive the Memoranda filed herewith.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

Counsel for Surgical Solutions hereby certify that they conferred with Plaintiff's counsel, Ahmed Davis, regarding this motion. Mr. Davis does not object to Surgical Solutions' filing of memoranda of length in excess of that set forth in L.R. 7.1(b)(4), provided that the total pages were kept to 30 pages per memorandum, which totals to 60 pages.

SURGICAL SOLUTIONS, LLC

Date: August 27, 2004        By:    /S/: Joseph C. Andras
                                    Joseph C. Andras (CA Bar No. 138,181)
                                    Vic Y. Lin (CA Bar No. 192,292)
                                    Myers Dawes Andras & Sherman, LLP
                                    19900 MacArthur Boulevard, 11th Floor
                                    Irvine, CA 92612
                                    Tel: (949) 223-9600
                                    Fax: (949) 223-9610

                                    /S/: Louis M. Ciavarra
                                    Louis M. Ciavarra (546,481)
                                    Bowditch & Dewey, LLP
                                    311 Main Street, P.O. Box 15156
                                    Worcester, MA 01615-0156
                                    Tel: (508) 926-3408
                                    Fax: (508) 929-3011