IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., <br><br> Plaintiff, <br><br> v. <br><br> SURGICAL SOLUTIONS, LLC, <br><br> Defendant. | Civil Action No. 03CV 12310 NMG |

**DEFENDANT SURGICAL SOLUTIONS, LLC'S LIMITED OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant Surgical Solutions, LLC (hereafter "Surgical Solutions") hereby opposes the *MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT* filed on August 26, 2004, by Plaintiff Smith & Nephew, Inc. (hereafter "Plaintiff").

In its motion, Plaintiff seeks leave to file a second amended complaint that adds Classic Wire Cut Company, Inc. (hereafter "Classic Wire") as an additional defendant. As indicated below, Surgical Solutions opposes Plaintiff's motion, but only to the extent that Surgical Solutions respectfully requests that the motion not be granted until <u>after</u> the Court decides Surgical Solutions' pending motions for summary judgment.

- 1 -

**Background**

Surgical Solutions was founded by Brett Bannerman to develop and market the ExpresSew® Suture Passer.  The co-defendant that Plaintiff belatedly seeks to add is Classic Wire, a machine shop that was founded by Mr. Bannerman in about 1984.   Classic Wire is a California machine shop that manufactures components for dozens of medical device companies, including Plaintiff.

In its original and first amended complaints, Plaintiff alleges that Surgical Solutions is infringing Plaintiff's U.S. Patent No. 5,947,982 ("the '982 patent").

This case, however, has nothing to do with protecting valid patent rights, and everything to do with a multi-billion dollar company's effort to intimidate a small start-up.  In 2003, prior to the 11/19/03 filing date of Plaintiff's original complaint, the parties were negotiating a deal that would have permitted Plaintiff to market Defendant's new ExpresSew® Suture Passer.  Surgical Solutions was only offering outside-of-U.S. rights, or "OUS" rights, because Surgical Solutions wanted to grow the U.S. market on its own and enhance its value as an ongoing business.  Plaintiff was only interested in worldwide rights.  This case was filed only after negotiations broke down.  Plaintiff's infringement allegations were concocted by stretching the '982 patent's claims so broadly that they cover the prior art considered during the patent's prosecution.  Adding insult to injury, the asserted claims are invalid over Plaintiff's own Acufex® Suture

Punch and other prior art reference that were revealed in Plaintiff's own documents.

This entire case is a large company's effort to use intimidation when it could not get what it wanted through negotiation.

Plaintiff's belated motion to add Classic Wire as a defendant is part of that same theme.  Early in this case, the parties stipulated to a 06/25/04 deadline for filing motions to add parties or amend pleadings.  *See Joint Statement of Smith & Nephew and Surgical Solutions Pursuant to Local Rule 16.1* attached hereto as Exhibit "A", ECF Document No. 22, pp.5).  Plaintiff knew of Classic Wire very early on through the production of numerous documents, and further learned about Classic Wire at the 06/04/04 deposition of Brett Bannerman.  Nonetheless, Plaintiff delayed without explanation and now makes its motion over two months <u>after</u> the 06/25/04 deadline.  The motion, moreover, comes shortly before the 10/29/04 discovery cutoff set forth in the Court's *Scheduling Order* attached hereto as Exhibit "B".

Moreover, Classic Wire is not subject to personal jurisdiction in Massachusetts.  Classic Wire manufactures components for Surgical Solutions' ExpresSew® Suture Passer.  However, so far as the ExpresSew® Suture Passer is concerned, Classic Wire is a California company that sells to another California company.  Classic Wire does not sell such components into Massachusetts.

It appears that Plaintiff has brought its motion at this late stage solely to apply more pressure to Surgical Solutions.

### Conditional Consent

Classic Wire will suffer financial damage if it is unnecessarily added to this lawsuit in that it will incur unnecessary legal fees and, more importantly, will be falsely branded as an infringer in the medical device marketplace that it serves.

However, since it would be more cost effective for Classic Wire to defend itself alongside Surgical Solutions in Massachusetts, rather than to defend itself in a separate action that Plaintiff might file in California, Surgical Solutions does not oppose the Plaintiff's motion to amend, even though it is untimely, but respectfully requests that the Court consider and grant the motion only, in the unlikely event, that the Court denies Surgical Solutions' motions for summary judgment that are now pending before the Court.

In particular, Surgical Solutions recently filed two motions for summary judgment, both of which are completely dispositive of this case. One motion is based on non-infringement, and the other is based on patent invalidity over any one of several prior art references.

### Motion for Summary Judgment of Non-Infringement

Surgical Solutions' first motion for summary judgment of non-infringement centers on the fact that all of the '982 patent claims require "a needle with suture <u>attached</u> thereto". By way of background, the '982 patent only discloses one such needle/suture combination, a so-called "needled suture 20,"

in which, as shown here, the suture 32 (blue) is attached to the needle 30 (yellow) by crimping or clamping at a constricted area 34:



FIG. 2

The '982 patent explicitly defines "attached" as "crimped or clamped." In other words, and as evidenced by the sole embodiment shown above, the claims require a suture and a needle that are permanently connected to one another through crimping or clamping.

By contrast, Surgical Solutions does not even sell suture. The surgeon must provide his own separate, unattached suture. Surgical Solutions only sells its ExpresSew® Suture Passer and bendable needle:



As shown below, the bendable needle has a flat tip with a notch in its side that carries the surgeon's suture.



- 5 -

In addition, Surgical Solutions' needle is comparable to the needle used in the prior art Schweizer device in that both needles have a notch that carries unattached suture through tissue:



The Schweizer needle is functionally identical to the ExpresSew® needle in that one can conceptually morph the Schweizer needle into the ExpresSew® needle by simply "pulling" one of its points forward and over in front of the other point:



Prior Art Schweizer Needle                ExpresSew® Needle

The suture is attached to the needle in the '982 patent, but it is certainly not attached to the needle in the prior-art Schweizer device and it is certainly not attached to the needle in the Defendant's ExpresSew® Suture Passer:



Surgical Solutions' motion for summary judgment of non-infringement is well-founded and will be completely dispositive of this case once granted.

**Motion for Summary Judgment of Invalidity**

Surgical Solutions' second motion for summary judgment of invalidity is based on the fact that <u>the asserted claims are invalid as anticipated by any one of three prior art references</u>:

(1) Plaintiff's own Acufex® Suture Punch;

(2) Fukuda's U.S. Patent; and/or

(3) the German Sevinc Application.

**(1) Plaintiff's own Acufex® Suture Punch;**

The claims of the '982 patent were written so broadly as to cover the Plaintiff's old Acufex® Suture Punch that inventor John Duran was supposedly improving:



Inventor John Duran even demonstrated that Plaintiff's old Acufex® Suture Punch was <u>already</u> structured as claimed:


Inventor John Duran With
Prior Art Acufex® Suture Punch


Acufex® Suture Punch with Needle Tilted Back
in the "Stowed Position"
as Demonstrated by John Duran


Acufex® Suture Punch with Needle Pulled into
the "Suturing Position"
as Demonstrated by John Duran

**(2) Fukuda's U.S. Patent;**

The claims of the '982 patent were written so broadly as to cover Fukuda's U.S. Patent:



**(3) the German Sevinc Application.**

The claims of the '982 patent were written so broadly as to cover the German Sevinc Application:



Surgical Solutions' motion for summary judgment of invalidity, like its motion for non-infringement, is also well-founded and will be completely dispositive of this case once granted.

### **Summary**

Classic Wire's reputation will be damaged if it is unnecessarily named in this lawsuit.   However, in the unlikely even that this case proceeds to trial after the Court considers it motions for summary judgment, Surgical Solutions does not object to Plaintiff's Second Amended Complaint.

Accordingly, Surgical Solutions respectfully requests that the Court defer consideration of Plaintiff's motion for leave to add Classic Wire as a defendant until <u>after</u> the Court decides Surgical Solutions' motions for summary judgment of non-infringement and invalidity.

SURGICAL SOLUTIONS, LLC

Date: September 9, 2004    By:    /S/: Joseph C. Andras
Joseph C. Andras (CA Bar No. 138,181)
Vic Y. Lin (CA Bar No. 192,292)
Myers Dawes Andras & Sherman, LLP
19900 MacArthur Boulevard, 11th Floor
Irvine, CA 92612
Tel: (949) 223-9600
Fax: (949) 223-9610

/S/: Louis M. Ciavarra
Louis M. Ciavarra (546,481)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
Tel:  (508) 926-3408
Fax: (508) 929-3011