```
                                                         . .  ,COURT
                                                         .  , OF MASS.
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 OCT 15 P 6: 04

SMITH & NEPHEW, INC.,

    Plaintiff,

v.                                   Civ. Act. No. 03 CV 12310 NMG

SURGICAL SOLUTIONS, LLC,

    Defendant.

---

**PLAINTIFF SMITH & NEPHEW, INC.'S MOTION FOR
CONSTRUCTION OF THE DISPUTED CLAIM TERMS OF THE '982 PATENT**

Plaintiff Smith & Nephew, Inc. ("Smith & Nephew") hereby moves this Court for construction of the disputed claim terms of United States Patent No. 5,947,982. As set forth in its accompanying *Markman* Brief in Support of this Motion, the claim terms should be given their plain and ordinary meaning and full scope. Specifically, this Court should construe these terms as follows:

- "Attached" is not a limitation in claims 1 and 20, and in claim 19 means fastened, connected, or joined e.g., by stitching or threading, and has no inherent temporal limitation;

- "Passing a suture needle . . . through tissue" is not a limitation in claims 1 and 20, and in claim 19 means moving in a path such that at least a portion of the needle approaches and continues beyond the tissue;

- "Transverse passage" means a passage substantially perpendicular to a reference plane at the point where the needle emerges from the lower jaw;

- "Suturing position" means the position of the needle within the suture passing forceps when the needle engages the tissue to be sutured; and

- "Stowed position" means any position supported by the lower jaw only and resulting in a lower-profile configuration than the suturing position, including a zero degree angle.

WHEREFORE, for the reasons stated above and in its accompanying *Markman* Brief in Support of Smith & Nephew's Motion for Construction of the Disputed Claim Terms of the '982 Patent, Smith & Nephew respectfully requests that this Court adopt Smith & Nephew's proposed claim constructions.

### REQUEST FOR ORAL ARGUMENT

In accordance with this Court's original scheduling order, in which oral argument pertaining to claim construction and summary judgment motions was contemplated, Smith & Nephew hereby requests oral argument on the matters set forth in this motion.

Respectfully submitted,

Dated: October 15, 2004

By: _____
Mark J. Hebert (BBO No. 546,712)
Thomas M. Johnston (BBO No 644,689)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Ruffin B. Cordell
Ahmed J. Davis
FISH & RICHARDSON P.C.
1425 K Street N.W.
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Attorneys for Plaintiff SMITH & NEPHEW, INC.

### Certification Pursuant to Local Rule 7.1(A)(2)

Undersigned counsel certifies that before filing this Motion, counsel for the parties have conferred in a telephone conference on October 15, 2004, regarding the subject of this motion. As a result of this conference, Joe Andras, Esq., counsel for Surgical Solutions, has advised that Surgical Solutions would not consent to this motion.

_____
Thomas M. Johnston

I hereby certify that a true copy of the foregoing document was served on counsel for each other party (Mr. Andras and Mr. Ciavarra) by mail and Federal Express on October 15, 2004.

_____

20957803.doc

2