UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SMITH & NEPHEW, INC.,

    Plaintiff,

v.

SURGICAL SOLUTIONS, LLC,

    Defendant.

Civ. Act. No. 03 CV 12310 NMG

---

**SMITH & NEPHEW'S COMBINED RESPONSE TO SURGICAL SOLUTIONS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY AND LOCAL RULE 56.1 CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF SMITH & NEPHEW'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE '982 PATENT IS NOT INVALID AS ANTICIPATED BY THE CITED REFERENCES**

---

Pursuant to Local Rule 56.1 and FED. R. CIV. P. 56, Plaintiff Smith & Nephew, Inc. ("Smith & Nephew") hereby files this combined statement of material facts about which: (1) there is a dispute, in opposition to Defendant Surgical Solutions, LLC's ("Surgical Solutions") Motion for Summary Judgment of Invalidity; and (2) there is not a dispute, in support of Smith & Nephew's Cross-Motion for Partial Summary Judgment that the '982 Patent is Not Invalid as Anticipated by the Cited References.

I.     **RESPONSE TO SURGICAL SOLUTIONS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

Smith & Nephew objects to Surgical Solutions' Statement of Material Facts in Support of Defendant's Motion for Summary Judgment of Invalidity to the extent that they are directed to legal issues. Specifically, Smith & Nephew objects to paragraphs 18-46 as improper to the extent that they implicate issues of claim construction. *Catalina Mktg. Int'l, Inc. v.*

*Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995), *aff'd* 517 U.S. 370 (1996).

Smith & Nephew also objects to the entirety of Surgical Solutions' Statement of Material Facts in Support of Defendant's Motion for Summary Judgment of Invalidity as failing to comply with the requirements of Local Rule 56.1, particularly since it is anything but a "concise statement of the material facts" as required by the rule.

Subject to the foregoing, Smith & Nephew agrees that there are no genuine issues of material fact, with regard to the subject summary judgment motions,[1] regarding paragraphs 1-17, 27-28 and 37-38 of Surgical Solutions' Statement of Material Facts in Support of Defendant's Motion for Summary Judgment of Invalidity.

Smith & Nephew responds to the remaining paragraphs as follows:

**Response to Surgical Solutions' Assertion of Material Fact 18**:

Disputed. Claim 1 of the '982 patent is not anticipated by the Acufex Suture Punch at least because the Acufex Suture Punch does not have a passage transverse to the length of the member for supporting a suture needle in a stowed position. [Surgical Solutions' "Acufex Table" at 3,4; S&N Exhibit D at 149-150] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 19**:

Disputed. Claim 3 of the '982 patent is not anticipated by the Acufex Suture Punch at least because the Acufex Suture Punch does not have a passage transverse to the length of the

---

[1] Smith & Nephew reserves its right to challenge these assertions of fact for purposes other than in connection with the subject motions. *See* L.R. 56.1.

2

member for supporting a suture needle in a stowed position. [Surgical Solutions' "Acufex Table" at 3,4; S&N Exhibit D at 149-150] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 20:**

Disputed. Claim 5 of the '982 patent is not anticipated by the Acufex Suture Punch at least because the Acufex Suture Punch does not have a passage transverse to the length of the member for supporting a suture needle in a stowed position. [Surgical Solutions' "Acufex Table" at 3,4; S&N Exhibit D at 149-150] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 21:**

Disputed. Claim 19 of the '982 patent is not anticipated by the Acufex Suture Punch at least because the Acufex Suture Punch does not have a passage transverse to the length of the member for supporting a suture needle in a stowed position. [Surgical Solutions' "Acufex Table" at 3,4; S&N Exhibit D at 149-150] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 22:**

Disputed. Claim 20 of the '982 patent is not anticipated by the Acufex Suture Punch at least because the Acufex Suture Punch does not have a passage transverse to the length of the member for supporting a suture needle in a stowed position. [Surgical Solutions' "Acufex

Table" at 3,4; S&N Exhibit D at 149-150] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

### Response to Surgical Solutions' Assertion of Material Fact 23:

Disputed. Claim 22 of the '982 patent is not anticipated by the Acufex Suture Punch at least because the Acufex Suture Punch does not have a passage transverse to the length of the member for supporting a suture needle in a stowed position. [Surgical Solutions' "Acufex Table" at 3,4; S&N Exhibit D at 149-150] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

### Response to Surgical Solutions' Assertion of Material Fact 24:

Disputed. Claim 24 of the '982 patent is not anticipated by the Acufex Suture Punch at least because the Acufex Suture Punch does not have a passage transverse to the length of the member for supporting a suture needle in a stowed position. [Surgical Solutions' "Acufex Table" at 3,4; S&N Exhibit D at 149-150] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

### Response to Surgical Solutions' Assertion of Material Fact 25:

Disputed. Claim 25 of the '982 patent is not anticipated by the Acufex Suture Punch at least because the Acufex Suture Punch does not have a passage transverse to the length of the member for supporting a suture needle in a stowed position. [Surgical Solutions' "Acufex Table" at 3,4; S&N Exhibit D at 149-150] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 26:**

Disputed. The asserted claims 1, 3, 5, 19, 20, 22, 24 and 25 are not anticipated by the cited art at least because each of the U.S. Fukuda patent, the German Sevinc Application, and Acufex Suture Punch is missing at least one claim limitation. *See Smith & Nephew's* accompanying brief on the issue of invalidity at 12-22.

**Response to Surgical Solutions' Assertion of Material Fact 29:**

Disputed. Claim 1 of the '982 patent is not anticipated by Fukuda at least because Fukuda does not have a jaw that includes a passage transverse to the length of the member for supporting a suture needle both in a suturing position and a stowed position. [Surgical Solutions' "Fukuda Table" at 3; S&N Exhibit O at SUS3022; S&N Exhibit C at 217-218] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 30:**

Disputed. Claim 3 of the '982 patent is not anticipated by Fukuda at least because Fukuda does not have a jaw that includes a passage transverse to the length of the member for supporting a suture needle both in a suturing position and a stowed position. [Surgical Solutions' "Fukuda Table" at 3; S&N Exhibit O at SUS3022; S&N Exhibit C at 217-218] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 31:**

Disputed. Claim 5 of the '982 patent is not anticipated by Fukuda at least because Fukuda does not have a jaw that includes a passage transverse to the length of the member for

supporting a suture needle both in a suturing position and a stowed position. [Surgical Solutions' "Fukuda Table" at 3; S&N Exhibit O at SUS3022; S&N Exhibit C at 217-218] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 32:**

Disputed. Claim 19 of the '982 patent is not anticipated by Fukuda at least because Fukuda does not have a jaw that includes a passage transverse to the length of the member for supporting a suture needle both in a suturing position and a stowed position. [Surgical Solutions' "Fukuda Table" at 3; S&N Exhibit O at SUS3022; S&N Exhibit C at 217-218] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 33:**

Disputed. Claim 20 of the '982 patent is not anticipated by Fukuda at least because Fukuda does not have a jaw that includes a passage transverse to the length of the member for supporting a suture needle both in a suturing position and a stowed position. [Surgical Solutions' "Fukuda Table" at 3; S&N Exhibit O at SUS3022; S&N Exhibit C at 217-218] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 34:**

Disputed. Claim 22 of the '982 patent is not anticipated by Fukuda at least because Fukuda does not have a jaw that includes a passage transverse to the length of the member for supporting a suture needle both in a suturing position and a stowed position. [Surgical Solutions'

"Fukuda Table" at 3; S&N Exhibit O at SUS3022; S&N Exhibit C at 217-218] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

### Response to Surgical Solutions' Assertion of Material Fact 35:

Disputed. Claim 24 of the '982 patent is not anticipated by Fukuda at least because Fukuda does not have a jaw that includes a passage transverse to the length of the member for supporting a suture needle both in a suturing position and a stowed position. [Surgical Solutions' "Fukuda Table" at 3; S&N Exhibit O at SUS3022; S&N Exhibit C at 217-218] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

### Response to Surgical Solutions' Assertion of Material Fact 36:

Disputed. Claim 25 of the '982 patent is not anticipated by Fukuda at least because Fukuda does not have a jaw that includes a passage transverse to the length of the member for supporting a suture needle both in a suturing position and a stowed position. [Surgical Solutions' "Fukuda Table" at 3; S&N Exhibit O at SUS3022; S&N Exhibit C at 217-218] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

### Response to Surgical Solutions' Assertion of Material Fact 39:

Disputed. Claim 1 of the '982 patent is not anticipated by Sevinc at least because Sevinc does not have a transverse passage that both supports the needle in a suturing position and in a stowed position. Further, the lower jaw does not alone support the needle in its stowed position. [Surgical Solutions' "Sevinc Table" at 3, 4; S&N Exhibit Q at SUS5254, SUS5259-52560] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 40:**

Disputed. Claim 3 of the '982 patent is not anticipated by Sevinc at least because Sevinc does not have a transverse passage that both supports the needle in a suturing position and in a stowed position. Further, the lower jaw does not alone support the needle in its stowed position. [Surgical Solutions' "Sevinc Table" at 3, 4; S&N Exhibit Q at SUS5254, SUS5259-52560] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 41:**

Disputed. Claim 5 of the '982 patent is not anticipated by Sevinc at least because Sevinc does not have a transverse passage that both supports the needle in a suturing position and in a stowed position. Further, the lower jaw does not alone support the needle in its stowed position. [Surgical Solutions' "Sevinc Table" at 3, 4; S&N Exhibit Q at SUS5254, SUS5259-52560] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 42:**

Disputed. Claim 19 of the '982 patent is not anticipated by Sevinc at least because Sevinc does not have a transverse passage that both supports the needle in a suturing position and in a stowed position. Further, the lower jaw does not alone support the needle in its stowed position. [Surgical Solutions' "Sevinc Table" at 3, 4; S&N Exhibit Q at SUS5254, SUS5259-52560] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 43:**

Disputed. Claim 20 of the '982 patent is not anticipated by Sevinc at least because Sevinc does not have a transverse passage that both supports the needle in a suturing position and in a stowed position. Further, the lower jaw does not alone support the needle in its stowed position. [Surgical Solutions' "Sevinc Table" at 3, 4; S&N Exhibit Q at SUS5254, SUS5259-52560] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 44:**

Disputed. Claim 22 of the '982 patent is not anticipated by Sevinc at least because Sevinc does not have a transverse passage that both supports the needle in a suturing position and in a stowed position. Further, the lower jaw does not alone support the needle in its stowed position. [Surgical Solutions' "Sevinc Table" at 3, 4; S&N Exhibit Q at SUS5254, SUS5259-52560] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 45:**

Disputed. Claim 24 of the '982 patent is not anticipated by Sevinc at least because Sevinc does not have a transverse passage that both supports the needle in a suturing position and in a stowed position. Further, the lower jaw does not alone support the needle in its stowed position. [Surgical Solutions' "Sevinc Table" at 3, 4; S&N Exhibit Q at SUS5254, SUS5259-52560] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 46:**

Disputed. Claim 25 of the '982 patent is not anticipated by Sevinc at least because Sevinc does not have a transverse passage that both supports the needle in a suturing position and in a stowed position. Further, the lower jaw does not alone support the needle in its stowed position. [Surgical Solutions' "Sevinc Table" at 3, 4; S&N Exhibit Q at SUS5254, SUS5259-52560] *See also*, Smith & Nephew's accompanying brief on the issue of invalidity.

**Response to Surgical Solutions' Assertion of Material Fact 47:**

Disputed. Surgical Solutions is not entitled to an order granting either of its motions for summary judgment. *See* Smith & Nephew's accompanying briefs on the issues of claim construction, infringement and invalidity.

## II. SMITH & NEPHEW'S LOCAL RULE 56.1 CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE '982 PATENT IS NOT INVALID AS ANTICIPATED BY THE CITED REFERENCES

1. Because the Acufex Suture Punch at least does not have a passage transverse to the length of the member for supporting a suture needle in a stowed position, the Acufex Suture Punch does not meet each claim limitation of the asserted claims of the '982 patent. [Surgical Solutions' "Acufex Table" at 3,4; S&N Exhibit D at 149-150]

2. Because Fukuda at least does not have a jaw that includes a passage transverse to the length of the member for supporting a suture needle both in a suturing position

and a stowed position, Fukuda does not meet each claim limitation of the asserted claims of the '982 patent. [Surgical Solutions' "Fukuda Table" at 3; S&N Exhibit O at SUS3022; S&N Exhibit C at 217-218]

3. Because Sevinc at least does not have a transverse passage that both supports the needle in a suturing position and in a stowed position, and because the lower jaw does not alone support the needle in its stowed position, Sevinc does not meet each claim limitation of the asserted claims of the '982 patent. [Surgical Solutions' "Sevinc Table" at 3, 4; S&N Exhibit Q at SUS5254, SUS5259-52560]

Respectfully submitted,

Dated: October 15, 2004

By: _____
Mark J. Hebert (BBO No. 546,712)
Thomas M. Johnston (BBO No. 546,712)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Ruffin B. Cordell
Ahmed J. Davis
FISH & RICHARDSON P.C.
1425 K Street N.W.
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Attorneys for Plaintiff SMITH & NEPHEW, INC.

I hereby certify that a true copy of the foregoing document was served on counsel for each other party (Mr. Andras and Mr. Ciavarra) by mail and Federal Express on October 15, 2004.

_____