IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., <br><br> Plaintiff, <br><br> v. <br><br> SURGICAL SOLUTIONS, LLC, <br><br> Defendant. | Civil Action No.  03CV 12310 NMG |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT**

In compliance with Fed. R. Civ. P. 56 and Local Rule 56.1, defendant Surgical Solutions, LLC ("Surgical Solutions") hereby files this statement of material facts about which there is a dispute, in opposition to plaintiff Smith & Nephew, Inc.'s ("Smith & Nephew") Cross-Motion for Summary Judgment of Non-Infringement.

Surgical Solutions agrees that there are no genuine issues of material fact, with regard to the subject summary judgment motions[1], regarding paragraphs 1, 3, 4, 6, 9, 10, 11, and 12 of Smith & Nephew's Statement of Undisputed Material Facts in Support of Smith & Nephew's Cross-Motion for Summary Judgment of Infringement.

---

[1] Surgical Solutions reserves its right to challenge these assertions of fact for purposes other than in connection with the subject motions.  *See* L.R. 56.1.

Surgical Solutions responds to the remaining paragraphs as follows:

**Response to Smith & Nephew's Assertion of Material Fact 2:**

> 2. The ExpresSew is comprised of a handle portion, a support shaft, and a suturing assembly. The support shaft includes a passage, through which the suture needle is deployed and retracted by means of the "Thumb Rocker" on the handle. [S&N Exhibit C at 58-61; Surgical Solutions' Statement of Material Facts (Non-Infringement) at ¶ 18-19]

Disputed to the extent this statement implies that the ExpresSew® includes a "transverse passage," as required by the claims, since the construction of the phrase "transverse passage" is a question of law for the Court. As set forth in Surgical Solutions' previously filed and accompanying briefs on the issues of claim construction and non-infringement, and the exhibits cited therein, Surgical Solutions contends that its ExpresSew® Suture Passer does not include a transverse passage.

**Response to Smith & Nephew's Assertion of Material Fact 5:**

> 5. The path traveled by the needle is best understood with reference to Figure 21 of Surgical Solutions' published patent application. When needle 224 is deployed, it travels prostrate through a longitudinal channel 226 within the lower jaw, is deflected by a curved wall (near the right end in the figure), and exits the lower jaw at an angle substantially perpendicular to the support shaft and lower jaw, ultimately passing through the tissue to be sutured. [S&N Exhibit H at Fig. 21, ¶0073]

Disputed to the extent this statement implies that the ExpresSew® is "passing" the needle, as required by the claims, since the construction of the term "passing" is a question of law for the Court. As set forth in Surgical Solutions' previously filed and accompanying briefs on the issues of claim construction and non-infringement, and the exhibits cited therein, Surgical Solutions contends that the "passing" of the needle requires that the needle be

passed through the tissue, from jaw to jaw with the attached suture in tow, not merely pushed through the tissue, and then retracted.

**Response to Smith & Nephew's Assertion of Material Fact 7:**

> 7. The ExpresSew uses a needle and suture that are "attached" (as that term should be construed) while they are passing through the tissue. [S&N Exhibit C at 90-91; S&N Exhibit F]

Disputed. The construction of the term "passing" is a question of law for the Court. As set forth in Surgical Solutions' previously filed and accompanying briefs on the issues of claim construction and non-infringement, and the exhibits cited therein, the needle must be "crimped or clamped" to be "attached" to the needle, as the term "attached" is defined in the '982 patent. Like the than the prior art Schweizer device that was of record when the claim were allowed, Surgical Solutions needle is not "attached" to the suture.

**Response to Smith & Nephew's Assertion of Material Fact 8:**

> 8. Surgical Solutions repeatedly acknowledges in its brief that the bendable needle used with the ExpresSew is "attached" to the suture. *See Surgical Solutions' Mem. In Support of Summary Judgment of Noninfringement* at 3, 17, 27.

Disputed. In order for the suture to be "attached" to the needle as the term "attached" is defined in the '982 patent, the needle must be permanently affixed ("e.g. crimped or clamped") to the needle. The suture used with the ExpresSew® is not "attached" to the ExpresSew®'s needle, but rather is loosely carried in the needle's notch.

**Response to Smith & Nephew's Assertion of Material Fact 13:**

> 13. During his deposition, Mr. Weisel admitted that the ExpresSew has a first jaw member that has a passage "transverse" to the lower jaw, as that claim term should be defined. [S&N Exhibit C at 66-67]

Disputed. Mr. Weisel does not admit at pages 66-67 that the ExpresSew has a "transverse passage" as that claim term should be construed, i.e. as "a substantially perpendicular passage that extends transversely through the lower jaw for supporting the suture needle." Mr. Weisel merely testified that the ExpresSew® includes a "pyramid" having a "channel that guides the needle" in a generally perpendicular direction when it is extended out of the ExpresSew®. As set forth in Surgical Solutions' previously filed and accompanying briefs on the issues of claim construction and non-infringement, and the exhibits cited therein, the ExpresSew does not include a "transverse passage "as required by the claims. The ExpresSew® includes a longitudinal channel (the opposite of transverse) that leads to a curved wall (which is never transverse).

**Response to Smith & Nephew's Assertion of Material Fact 14:**

> 14. The ExpresSew has a first jaw supported by the support shaft having a passage transverse to the length of the member for supporting the suture needle in a stowed position at an angle less than the selected angle of the suture needle in the suturing position. [S&N Exhibit C at 135, 176; S&N Exhibit H at SUS000301, ¶ 0008]

Disputed. As set forth in Surgical Solutions' previously filed and accompanying briefs on the issues of claim construction and non-infringement, and the exhibits cited therein, the ExpresSew does not include a "transverse passage "as required by the claims. The ExpresSew® includes a longitudinal channel (the opposite of transverse) that leads to a curved wall (which is never

transverse).  Moreover, as set forth in Surgical Solutions' previously filed and accompanying briefs on the issues of claim construction and non-infringement, and the exhibits cited therein, the '982 patent explicitly defines the "stowed position" as the "not ready to be punched" position and the "suturing position" as the "ready to be punched position".  The ExpresSew's needle is flat when it is "not ready to be punched" and still flat when it is "ready to be punched."  Thus, the ExpresSew's needle is not supported in a "stowed position" that is less than the selected angle of the needle in the "suturing position."

**<u>Response to Smith & Nephew's Assertion of Material Fact 15:</u>**

> 15.  Surgical Solutions' patent application, the ExpresSew can move the bendable needle between "a first position wherein the needle is substantially housed within the jaw [i.e., the "stowed position"] and a second position wherein the distal portion of the needle protrudes from the first jaw [i.e., the "suturing position"]."  [S&N Exhibit H at SUS 301, ¶ 8]

Disputed.  The ExpresSew® moves the needle between "a first position wherein the needle is substantially housed within the jaw and a second position wherein the distal portion of the needle protrudes from the first jaw," the second position is not a "suturing position."  As set forth in Surgical Solutions' previously filed and accompanying briefs on the issues of claim construction and non-infringement, and the exhibits cited therein, the '982 patent explicitly defines the "suturing position" as the "ready to be punched position".  The ExpresSew's needle is still housed within the jaw and still flat when it is "ready to be punched."

**Response to Smith & Nephew's Assertion of Material Fact 16:**

> 16. Mr. Weisel. Admitted during his deposition that the ExpresSew needle passage supports the needle in a suturing position at an angle generally perpendicular to the length of the member. [S&N Exhibit C at 135]

Disputed. Mr. Weisel simply testifies that the needle goes from horizontal to vertical. The phrases "transverse passage" and "suturing position," such are a question of law to be answered by the Court. As set forth in Surgical Solutions' previously filed and accompanying briefs on the issues of claim construction and non-infringement, and the exhibits cited therein, the ExpresSew does not include a "transverse passage "as required by the claims and the ExpresSew does not support the needle at an angle generally perpendicular to the member when its needle is in the "suturing position." The ExpresSew® includes a longitudinal channel (the opposite of transverse) that leads to a curved wall (which is never transverse). The ExpresSew's needle is in the ready to be punched "suturing position" when the needle is lying flat within the lower jaw.

                                              SURGICAL SOLUTIONS, LLC

Date: November 17, 2004      By:    /S/: Joseph C. Andras
                                                       Joseph C. Andras (CA Bar No. 138,181)
                                                       Vic Y. Lin (CA Bar No. 192,292)
                                                       Myers Dawes Andras & Sherman, LLP
                                                       19900 MacArthur Boulevard, 11th Floor
                                                       Irvine, CA 92612
                                                       Tel: (949) 223-9600
                                                       Fax: (949) 223-9610

                                                        /S/: Louis M. Ciavarra
                                                       Louis M. Ciavarra (546,481)
                                                       Bowditch & Dewey, LLP
                                                       311 Main Street, P.O. Box 15156
                                                       Worcester, MA 01615-0156
                                                       Tel:  (508) 926-3408

Fax: (508) 929-3011

Case 1:03-cv-12310-NG    Document 80    Filed 11/17/2004    Page 7 of 7

- 7 -