IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SURGICAL SOLUTIONS, LLC,<br><br>    Defendant. | Civil Action No.  03CV 12310 NMG |

**SUPPLEMENTAL DECLARATION OF TOM WEISEL SUBMITTED IN CONNECTION WITH DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

I, Tom Weisel, declare and state as follows:

1. I am the Vice President of Engineering of defendant Surgical Solutions, LLC (hereafter "Surgical Solutions"), and am fully familiar with the facts and circumstances set forth herein.

2. I am making this declaration in support of Surgical Solutions' motion for summary judgment that its ExpresSew® Suture Passer does not infringe the '982 patent ("Motion for Summary Judgment of Non-Infringement"), and in support of Surgical Solutions' motion for summary judgment that the '982 patent is invalid over: (1) the old Acufex® Suture Punch; (2) Fukuda's U.S. Patent; and (3) the German Sevinc Application ("Motion for Summary Judgment of Invalidity").

3. I have reviewed the opposition briefs and cross-motions for summary judgment filed by the Plaintiff Smith & Nephew, Inc. ("Plaintiff").

4. I note that Exhibit N of the appendix of documents that the Plaintiff filed includes some notes and drawings from my files. SUS-004832 to SUS-004837. I also note that at page 14 of its memorandum opposing Surgical Solutions' motion for summary judgment of non-infringement, Plaintiff asserts that these documents constitute an "admission" on my part that the ExpresSew's needle and suture are "attached". Nothing could be further from the truth. These developmental notes were created on or about July 9, 2001, at a very early stage of development and only a few days after I joined Surgical Solutions. At this point, we were considering a myriad of different ways to build a suture-passer. I was simply recording some "stream of consciousness" thoughts about numerous possible suture passers features and embodiments. I was not describing the ExpresSew which was not yet completed. In fact, only one of the eight concepts scribbled down (the "needle deflection ramp") was implemented in the final ExpresSew device. The "suture attached to needle" concept was not developed further and it does not in any way relate to the ultimate ExpresSew device.

5. As to Plaintiff's observation that I used the word "attached" before I realized that there would be a "problem" with such statement, it is important to note that Surgical Solutions' patent application on the ExpresSew was also prepared before I realized there would be a "problem" and nowhere in such patent application are the suture and needle described as being "attached." The patent application is attached to my original declaration as Exhibit A.

- 3 -

6.  The following illustrations accurately show how the ExpresSew's needle in a flat position when the suture has not yet been loaded and the needle is not ready to be punched, and how the needle is still in a flat position when the suture has been loaded and the needle is ready to be punched:

|  |  |
|---|---|
| The ExpresSew needle is flat when it is in a "not ready to be punched" position | The ExpresSew needle is still flat when it is in a "ready to be punched" position |

7.  I declare under penalty of perjury that the foregoing is true and correct.

Date: November 17, 2004        By:    /S/: Tom Weisel
                                      Tom Weisel