- 1 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., | Civil Action No.  03CV 12310 NMG |
| Plaintiff, | |
| v. | |
| SURGICAL SOLUTIONS, LLC, | |
| Defendant. | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT THAT THE '982 PATENT IS NOT INVALID**

In compliance with Fed. R. Civ. P. 56 and Local Rule 56.1, defendant Surgical Solutions, LLC ("Surgical Solutions") hereby files this statement of material facts about which there is a dispute, in opposition to plaintiff Smith & Nephew, Inc.'s ("Plaintiff's") Cross-Motion for Summary Judgment of Non-Infringement.

Surgical Solutions responds to the Plaintiff's asserted facts as follows:

**Response to Smith & Nephew's Assertion of Material Fact 1:**

> 1. Because the Acufex Suture Punch at least does not have a passage transverse to the length of the member for supporting a suture needle in a stowed position, the Acufex Suture Punch does not meet each claim limitation of the asserted claims of the '982 patent [Surgical Solutions' "Acufex Table" at 3, 4; S&N Exhibit D at 149-150]

Disputed.  The asserted claims are directed to structure, not to a new method of using an old structure.  The Acufex Suture Punch has a transverse passage and, as clearly shown in an element-by-element fashion in the Acufex table, the transverse passage includes structure that meets each and every limitation of the asserted claims.  At his deposition, Mr. Duran undeniably demonstrated that the Acufex includes structure for supporting the needle in the stowed position.  The Acufex Suture Punch was <u>not</u> before the Examiner simply because the Examiner's allowed the claims over the '747 patent that corresponds only roughly to the Acufex Suture Punch.  In particular, the commercial Acufex Suture Punch includes an "inclined wall" at the top of the transverse passage [see e.g. Acufex Table, Claim 3, element b], but the '747 patent only shows straight walls, and does not disclose an inclined wall.  The Acufex Suture Punch's "inclined wall" is the structure that permits the needle to lie down in the stowed position, as demonstrated by Mr. Duran.

**Response to Smith & Nephew's Assertion of Material Fact 2:**

> 2. Because Fukuda at least does not have a jaw that includes a passage transverse to the length of the member for supporting a suture needle both in a suturing position and a stowed position, Fukuda does not meet each claim limitation of the asserted claims of the '982 patent.  [Surgical Solutions' "Fukuda Table" at 3; S&N Exhiibit O at SUS3022; S&N Exhibit C at 217-218]

Disputed.  Contrary to Plaintiff's assertion, the asserted claims do not require that the transverse passage that supports the needle in the suturing

and stowed positions be included in only one jaw.  If that were true, then the

claims would not even cover the preferred embodiment show in the '982 patent

where, as best shown in Figure 3 of the '982 patent, both jaws work together for

supporting the needle 30 in the stowed position.  In Figure 3, the needle 30 is

supported on the angled wall 52 of the lower jaw 14, and also in the aperture 60

of the upper jaw 16.  Moreover, as clearly set forth in the Fukuda Table [e.g.

page 4], Fukuda discloses two embodiments that are very similar to Figure 3

from the '982 patent in that Fukuda supports the needle in the stowed position

using both jaws.  In Figure 2, the aperture 6 is located in the jaw opposite to the

jaw which carries the needle.  In Figure 9A, the aperture 6 is located in a space

defined by both jaws, like clam shells.  However, as shown in Figure 8, Fukuda

also discloses an embodiment where the aperture 6 is located solely in the jaw

that carries the needle.

### Response to Smith & Nephew's Assertion of Material Fact 3:

> 3.  Because Sevinc at least does not have a transverse passage that both supports the needle in a suturing position and in a stowed position, and because the lower jaw does not alone support the needle in its stowed position, Sevinc does not meet each claim limitation of the asserted claims of the '982 patent.  [Surgical Solutions' "Sevinc Table" at 3,4; S&N Exhibit Q at SUS5254, SUS5259-52560]

Disputed.  As to the first assertion that Sevinc "does not have a

transverse passage that both supports the needle in a suturing position and in a

stowed position", Smith & Nephew is incorrect.   Tthere is no such requirement in

the claims.  The asserted claims speak to the configuration of the jaw "member,"

as opposed to the transverse passage in the jaw member.  As shown in the

Sevinc Table, Sevinc's jaw member is configured to support the needle in the

stowed position.  As to the second assertion, as noted above with regard to

Smith & Nephew's Assertion of Material Fact 2, there is no requirement that the

lower jaw <u>alone</u> support the needle in its stowed position since that would run

counter to the sole embodiment shown in the '982 patent where both jaws help to

support the needle in the stowed position.

SURGICAL SOLUTIONS, LLC

Date: November 17, 2004          By:     /S/: Joseph C. Andras
                                         Joseph C. Andras (CA Bar No. 138,181)
                                         Vic Y. Lin (CA Bar No. 192,292)
                                         Myers Dawes Andras & Sherman, LLP
                                         19900 MacArthur Boulevard, 11th Floor
                                         Irvine, CA 92612
                                         Tel: (949) 223-9600
                                         Fax: (949) 223-9610

                                         /S/: Louis M. Ciavarra
                                         Louis M. Ciavarra (546,481)
                                         Bowditch & Dewey, LLP
                                         311 Main Street, P.O. Box 15156
                                         Worcester, MA 01615-0156
                                         Tel:  (508) 926-3408
                                         Fax: (508) 929-3011