IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., | Civil Action No.  03CV 12310 NMG |
| Plaintiff, | |
| v. | |
| SURGICAL SOLUTIONS, LLC, | |
| Defendant. | |

---

### DEFENDANT SURGICAL SOLUTIONS, LLC'S MOTION TO REQUIRE PLAINTIFF TO WITHDRAW IMPROPER *IN-CAMERA* DECLARATION

---

Defendant Surgical Solutions, LLC ("Surgical Solutions") hereby requests that the Court require Plaintiff Smith & Nephew, Inc. ("Plaintiff") to withdraw the declaration of Laird L. Hatch submitted in connection with Plaintiff Smith & Nephew, Inc.'s Motion for Leave to Submit Declaration for *In-Camera* Review ("Motion for *In-Camera* Review") recently filed on December 2, 2004.

In conjunction with this Motion, Surgical Solutions has concurrently filed a Motion for Status Conference so that the Court can address this urgent matter on either Wednesday, December 15, 2004, and on Thursday, December 16, 2004 except between 2:30pm to 4pm (EST).  Plaintiff's counsel has confirmed availability during these dates and times.

I.    **BACKGROUND**

On or about August 27, 2004, Surgical Solutions filed its two motions for summary judgment – one based on non-infringement and the other based on invalidity of the patent-in-suit.

Since that time, Surgical Solutions received, through no wrongdoing of its own, certain of Plaintiff's in-the-field, sales-related documents that contain admissions directly relevant to Surgical Solutions' summary judgment motion of non-infringement.  Surgical Solutions believes these documents go straight to the heart of this case and further prove that the accused device clearly does not infringe the patent-in-suit.

Plaintiff never produced these highly relevant[1] documents in discovery.  In fact, Plaintiff suspiciously suggested a discovery stay only shortly after these documents were published.  When requested to formally produce these and similar documents, Plaintiff refused, thereby leaving Surgical Solutions no choice but to file a Motion to Compel.  In response, Plaintiff has chosen to go on the offensive by accusing Surgical Solutions and its attorneys of egregious, highly imaginative acts.  In connection with Plaintiff's efforts to strike the recently uncovered documents, Plaintiff has asked the Court to review *in-camera* a declaration from one of its consultants.  Plaintiff's sole grounds for not providing a copy of said declaration to Surgical Solutions is that the declaration allegedly discloses information protected by the attorney-client and work-product privileges.

---

[1] This case is unusual in that the Plaintiff sued Defendant for patent infringement, and then introduced a copy of Defendant's accused product.  In support of the alleged infringement, the Plaintiff contends that the Defendant's accused product has suture that is "attached" to its needle.  However, in its sales-related literature directed to its own copy of the accused product, the Plaintiff touts its copy as being better than another competitor's product because the suture is NOT "attached" to the needle.

As discussed below, Plaintiff simply has no valid basis for requesting *in-camera* review of the subject declaration.  In addition to concealing highly relevant discovery documents which should have been produced, Plaintiff now seeks to make *ex parte* use of a supporting declaration in order to gain an unfair advantage while hiding the information contained therein.  Accordingly, Surgical Solutions hereby requests that the Court order Plaintiff to withdraw the declaration or, in the alternative, to provide a copy to Surgical Solutions.

II.    **ARGUMENT**

A.    **Ex Parte Communications with the Court Are Inappropriate Except In Very Limited and Specific Circumstances**

As succinctly stated by the First Circuit, "our system of justice does not encompass ex parte determinations on the merits of cases in civil litigation." Assoc. for Reduction of Violence v. Hall, 734 F.2d 63, 67 (1st Cir. 1984).  This certainly applies to documents filed in-camera for purposes of obtaining an advantage on the merits of a case.  Bl(a)ck Tea Soc'y v. City of Boston, 378 F.3d 8, 18 (1st Cir., 2004).

Other circuits have only permitted ex parte determinations "when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for **in camera** resolution of the dispute." Vining v. Runyon, 99 F.3d 1056, 1057 (11th Cir. 1996); see also Molerio v. FBI, 242 U.S. App. D.C. 137, 749 F.2d 815, 825 (D.C. Cir. 1984).  This case does not concern national security, and Plaintiff does not even attempt to cite a statute which would otherwise allow the filing of an *in-camera* declaration.

Plaintiff's Motion for *In-Camera* Review needs to be recognized for exactly what it is – a wholly inappropriate tactic to gain an unfair advantage on the merits of this case. In essence, Plaintiff seeks to voluntarily share allegedly privileged information with a third party (the Court) while inexplicably avoiding any waiver of the asserted privilege. Worse yet, Plaintiff seeks to share such allegedly privileged information with the Court through a wholly improper *ex parte* communication that prevents Surgical Solutions from fairly responding to whatever information is contained in the declaration.

**B.    Mr. Hatch's Declaration Cannot Be Privileged**

**1.  The Attorney-Client Privilege Has Been Waived**

In its Motion for *In-Camera* Review, Plaintiff asserts that the Mr. Hatch's declaration discloses information protected by the attorney-client privilege.  That privilege, assuming it existed in the first place, has been waived since the information was  disclosed to the Court.

First, the attorney-client privilege protects communications between an attorney and the client that are intended to remain confidential and for purposes of obtaining legal advice. Matter of Fischel, 557 F.2d 209, 211 (9th Cir., 1977); In re Sealed Case, 737 F.2d 94, 99 (DC Cir., 1984).  As Plaintiff unilaterally and voluntarily filed Mr. Hatch's declaration with the Court, it evidently contains information that is intended to persuade the Court to render a decision that directly affects the merits of this case.  Not only is this tactic wholly inappropriate under the law disfavoring *ex parte* communications as described above, such privilege (assuming it even exists) cannot be maintained in a

declaration that is submitted to the Court because it is not a communication between an attorney and the client.

Even assuming *arguendo* that the attorney-client privilege could somehow attach to Mr. Hatch's declaration (he identifies himself as a "consultant"), any such privilege was waived when Plaintiff submitted the declaration to this Court for purposes of requesting the Court to render a decision that would, in some unknown way, benefit Plaintiff and harm Surgical Solutions.

Courts have recognized only one exception to this waiver rule with respect to in camera inspections – a trial court may require production of an allegedly privileged material for an in camera inspection to determine whether the proponent's privilege is valid.  In re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir., 1982).  That is clearly not the situation here.

Plaintiff is not submitting a document to the Court in order to ask the Court to determine whether such a document is privileged.  Rather, Plaintiff is asking the Court to consider the information in a declaration that was specially prepared for the Court's review in order to make a decision that will help its case and hurt the opposing side's caseBy its own admission, Plaintiff's Motion for *In-Camera* Review relates to its Motion to Strike Improperly Obtained Confidential Documents, and for Sanctions.  Thus, Plaintiffs seeks to use an in-camera declaration to aid its efforts in getting certain documents stricken and in obtaining sanctions against Surgical Solutions.

### 2.    The Attorney Work Product Protection Has Been Waived

The attorney work product doctrine protects trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses,

and inferences drawn from interviews.  Hickman v. Tayler, 329 US 495, 510-511 (1947);

In re Columbia/HCA Healthcare Corp. Billing Practices Litig., 293 F.3d 289, 294 (6th Cir.,

2002).

      The disclosure of the information to a third party waives any such privilege that

would otherwise have applied.  United States v. American Tel. & Tel. Co., 642 F.2d

1285, 1299 (DC Cir. 1980).   Even assuming that the information in Mr. Hatch's

declaration is attorney work-product, Plaintiff's voluntary decision to share such

information with the Court amounts to a waiver.


      **C.**    **The Ex Parte Submission Violates Due Process**

      In its Motion to Strike Improperly Obtained Confidential Documents, and for

Sanctions, Plaintiff has made speculative and unfounded accusations of unlawful and

potentially criminal activity against Surgical Solutions and its attorneys.  As will be

clearly demonstrated to the Court in the opposition briefs, neither Surgical Solutions'

employees or attorneys have engaged in any of the hypothetical conduct conjectured by

Plaintiff.

      However, in apparent support of their accusations of criminal activity, Plaintiff

now seeks to have the Court review a declaration without giving Surgical Solutions the

opportunity to defend itself.  Such tactics clearly violate due process.  Due process

mandates that Plaintiff must either reveal the declaration to Surgical Solutions so that

Surgical Solutions can defend itself, or that Plaintiff simply withdraw the declaration

altogether.

## III.    __CONCLUSION__

Having established that an ex parte communication is inappropriate, and that submission of information to the Court waives the attorney-client privilege and the attorney work product protection , Surgical Solutions respectfully requests that the Court order Plaintiff to withdraw its Motion for In-Camera Review and withdraw the accompanying Declaration by Laird L. Hatch (assuming that the Court has not yet reviewed it), or that the Court order Plaintiff provide Defendant with a copy of the declaration so that Surgical Solutions has a fair opportunity to respond to Plaintiff's Motion for In-Camera Review and to address any allegations contained in the declaration.

SURGICAL SOLUTIONS, LLC

Date: December 10, 2004          By:      /S/: Vic Y. Lin _____
                                         Joseph C. Andras (CA Bar No. 138,181)
                                         Vic Y. Lin (CA Bar No. 192,292)
                                         Myers Dawes Andras & Sherman, LLP
                                         19900 MacArthur Boulevard, 11th Floor
                                         Irvine, CA 92612
                                         Tel: (949) 223-9600
                                         Fax: (949) 223-9610

                                         /S/: Louis M. Ciavarra _____
                                         Louis M. Ciavarra (546,481)
                                         Bowditch & Dewey, LLP
                                         311 Main Street, P.O. Box 15156
                                         Worcester, MA 01615-0156
                                         Tel:  (508) 926-3408
                                         Fax: (508) 929-3011

## **Certification Pursuant to Local Rule 7.1(a)(2)**

Undersigned counsel certifies that before filing this Motion, counsel for the parties have conferred in a good fait effort to resolve or narrow the issues in this motion.

_____
/s/ Vic Y. Lin


I hereby certify that a true copy of the foregoing document was served on counsel for the opposing party by ECF, by email, and via a courtesy copy to be sent via Federal Express.


_____
/s/ Louis Ciaverra