UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., <br><br> Plaintiff, <br><br> v. <br><br> SURGICAL SOLUTIONS, LLC, <br><br> Defendant. | Civ. Act. No. 03 CV 12310 NMG |

**PLAINTIFF SMITH & NEPHEW, INC.'S OPPOSITION TO DEFENDANT SURGICAL SOLUTIONS, LLC'S MOTION TO REQUIRE PLAINTIFF TO WITHDRAW IMPROPER *IN-CAMERA* DECLARATION**

Plaintiff Smith & Nephew, Inc. ("Smith & Nephew") hereby opposes Defendant Surgical Solutions, LLC's ("Surgical Solutions") Motion to Require Plaintiff to Withdraw Improper *In-Camera* Declaration.

Surgical Solutions' Motion should be denied because: (1) contrary to Surgical Solutions' argument, it is indeed proper for a party to submit a document to a district court for *in-camera* review to establish a claim of privilege, and (2) Mr. Hatch's declaration contains privileged information and the privilege has not been waived.

### Background

On or about October 28, 2004, Surgical Solutions' attorney, Joseph C. Andras, Esq., revealed that he had somehow obtained, outside of discovery, a highly confidential internal Smith & Nephew document. Moreover, since this document was still in draft form and had not completed the established internal review process, it inadvertently disclosed information protected by the attorney-client and work product privileges. Smith & Nephew immediately demanded twice that Mr. Andras return the document and disclose how he obtained it. (Exhibits A and B). Mr. Andras refused. In fact, Mr. Andras refused to return the document even after Smith & Nephew advised him that failure to do so constituted a violation of ABA Committee on

Ethics and Professional Responsibility Formal Opinion No. 94-382, which sets forth the obligations of an attorney who receives unsolicited confidential information. *Id.* at 2. This opinion states that, upon the receipt of unsolicited confidential material, an attorney should:

> [E]ither refrain from reviewing such materials or review them only to the extent required to determine how appropriately to proceed; she should notify her adversary's lawyer that she has such materials and should either follow instructions of the adversary's lawyer with respect to the disposition of the materials, or refrain from using the materials until a definitive resolution of the proper disposition of the materials is obtained from the court.

ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. No. 94-382 (1994).[1]

As a result of Mr. Andras' refusals, Smith & Nephew filed a Motion to Strike Improperly Obtained Confidential Documents, and for Sanctions ("Motion to Strike") on December 2, 2004. In that motion, Smith & Nephew asks the Court to order Mr. Andras to return the document, to strike all records of the document from the Court's files, and for other sanctions and relief.

The *in-camera* declaration of Mr. Laird Hatch, which is the subject of Surgical Solutions' present motion, is being submitted in support of Smith & Nephew's Motion to Strike. The declaration is from the author of the document in dispute and is being submitted for the ***sole*** purpose of establishing that the contents of a portion of the document discloses information protected by the attorney-client and work product privileges. However, in order to establish privilege, the declaration reveals conversations that Mr. Hatch has had with counsel, and thus itself reveals privileged information. Accordingly, Smith & Nephew filed a Motion for Leave to Submit Declaration for *In-Camera* Review, asking the Court to grant it permission to file the Hatch declaration *in-camera*.[2] Particularly given the background of Surgical Solutions' counsel's refusal to return improperly obtained confidential and privileged information, and the

---

[1] Failure to comply with Op. No. 94-382 has led to sanctions as serious as disqualification. *Richards v. Jain*, 168 F. Supp. 2d 1195 (W.D. Wash. 2001).

[2] Smith & Nephew submits that Surgical Solutions' present motion is procedurally irregular. If Surgical Solutions wanted to oppose Smith & Nephew's Motion for Leave to Submit Declaration for *In-Camera* Review, it could have filed an opposition to that motion. There was no need for it to file a separate motion.

obvious need for Smith & Nephew to substantiate the privileged nature of the document, there was nothing improper in Smith & Nephew's asking for leave to submit the Hatch declaration for *in-camera* review.

## Argument

### 1. There is Nothing Improper In Submitting Documents for In-Camera Review to Establish Privilege

It is proper for Smith & Nephew to submit a document to the district court for *in-camera* review to support a claim of attorney-client or work product privilege. In fact, it is common practice for a federal court to review privileged communications *in-camera* to assess the appropriateness of invoking the privilege. *Plasmanet, Inc. v. Apax Partners, Inc.*, 02 Civ. 9290 (BSJ)(THK), 2003 U.S. Dist. LEXIS 135333, at *7 (S.D.N.Y. Aug. 1, 2003). Whether a document is subject to privilege is highly fact specific. *In the Matter of Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000). A district court needs to be exposed to the contested documents and specific facts supporting a claim of privilege in order to make an informed determination. *Id.* Thus, *in-camera* inspection of disputed documents plays an important role in the determination of the existence of privileges. *Id.*

Indeed, a court will often request submission of an affidavit or declaration explaining the party's assertion of privilege to accompany its production of documents for *in-camera* review. *See In re Raytheon Securities Litigation*, 218 F.R.D. 354, 360-61 (D. Mass. 2003) (ordering the production of documents for *in-camera* review and affidavits explaining any claim of privilege asserted). Smith & Nephew requested leave to file Mr. Hatch's declaration for that very same purpose. Mr. Hatch's declaration contains information covered by the attorney-client and work product privileges, and therefore, it was proper for Smith & Nephew to ask the Court for leave to submit it.

The cases Surgical Solutions relies on actually support Smith & Nephew's position. For example, in *Vining v. Runyon*, 99 F.3d 1056, 2057 (11th Cir. 1996), contrary to Surgical

3

Solutions' characterization of the case, the Court actually noted that "a judge freely may use *in-camera ex parte* examination of evidence to prevent the discovery or use of evidence...." That is exactly the reason Smith & Nephew is seeking leave to submit the *in-camera* Hatch declaration.

### 2. There Was No Waiver of Privilege – Smith & Nephew Is Trying to Assert Privilege

Submitting Mr. Hatch's declaration to the Court for *in-camera* review does not waive the privilege attached to the declaration, nor does it waive the privilege attached to the confidential documents Smith & Nephew seeks to strike. That is the very reason to submit something to the Court *in-camera* – to preserve privilege. Under Surgical Solutions' theory, it is not possible to submit a document for *in-camera* review to allow a court to evaluate a claim of potential privilege, since the mere act of submitting the document *in-camera* would destroy the privilege. This bizarre notion is undercut by one of Surgical Solutions' own cases. *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir., 1982); *see also Plasmanet, supra*, at n.4.

Attorney-client privilege is waived only when a document is voluntarily or intentionally disclosed to a third party who is not bound by a confidentiality obligation. Here, Smith & Nephew is not attempting to disclose any document; on the contrary, Smith & Nephew is seeking to ***retrieve*** confidential and privileged documents improperly obtained by Surgical Solutions.

### Conclusion

For all of the foregoing reasons, Smith & Nephew respectfully submits that Surgical Solutions' Motion to Require Plaintiff Smith & Nephew to Withdraw Improper *In-Camera* Declaration should be denied.

Respectfully submitted,

Dated: December 14, 2004    By: _____
Mark J. Hebert (BBO No. 546,712)
Thomas M. Johnston (BBO No 644,689)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

and

Ruffin B. Cordell
Ahmed J. Davis
FISH & RICHARDSON P.C.
1425 K Street N.W.
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Attorneys for Plaintiff SMITH & NEPHEW, INC.

I hereby certify that a true copy of the foregoing document was served on counsel for each other party (Mr. Andras and Mr. Ciavarra) by mail and Federal Express on December 14, 2004.

20992754.doc