# FISH & RICHARDSON P.C.

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

November 2, 2004

By Facsimile
(949) 223-9610

Joseph C. Andras, Esq.
Myers Dawes Andras & Sherman LLP
19900 MacArthur Blvd., 11th Floor
Irvine, CA 92612



BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Re: Smith & Nephew, Inc. v. Surgical Solutions, LLC
    Civil Action No. 03 CV 12310 NMG

Dear Mr. Andras:

I am writing to respond to your letter of October 28, 2004.

First of all, the documents attached to your letter are the proprietary and confidential trade secrets of Smith & Nephew, and appear to have been misappropriated or otherwise improperly obtained from Smith & Nephew. Each document is clearly marked with the legend: "**Proprietary and Confidential. Do not disclose, copy, distribute, or otherwise reproduce this information without the written consent of an officer of Smith & Nephew.**" Accordingly, unless you have such written consent, which we highly doubt, we hereby demand that you immediately return all copies of these documents, as well as any other improperly-obtained Smith & Nephew documents that you have in your possession. We further demand that you fully disclose how you came to be in possession of these documents.[1]

Moving on to the contents of the documents, we categorically deny that they constitute any form of "admission." Instead, you have taken one line from one slide entirely out of context. When read in context, there is no admission. Moreover, no matter what the documents say, as a matter of law they are not relevant to the issue of claim construction. Further, as you know, once the claims are construed, infringement is determined by comparing the properly construed claims to the accused product, and validity is determined by comparing the properly construed claims to the prior art. In neither case is a document which describes one of the patentee's later-made products legally relevant.

---

[1] In your letter, you assert that you obtained these documents through your "own work product." However, improperly obtaining "confidential and proprietary" information does not constitute any valid form of attorney work product.

FISH & RICHARDSON P.C.

Joseph C. Andras, Esq.
November 2, 2004
Page 2

When we previously discussed Surgical Solutions' request for documents relating to development of the Elite Pass in late August, I asked point blank for Mr. Lin to articulate any issue that they were relevant to in this case. Mr. Lin was unable to identify a single issue that such documents were relevant to, and on that basis I told him that we did not see any reason to produce the documents. Your letter of October 28, 2004 does not provide any reason for us to change this position. Even if the "confidential and propriety" marketing documents you obtained included the admission you assert -- which they do not; and even if that so-called admission was legally relevant to something in the pending motions -- which it is not; that would in no way make Smith & Nephew's technical development documents relevant as well.

Finally, you seem to have forgotten that the parties have agreed to a stay of discovery in this case while the pending motions are considered. Because of that stay, Surgical Solutions has refused to produce numerous documents to Smith & Nephew, including e-mails and lab notebooks, which we believe are directly relevant to the pending motions, as I have explained to you. Thus, we fail to see how you can accuse us of being hypocritical, for failing to produce irrelevant documents, while you are at the very same time continuing to withhold highly relevant documents.

I look forward to your prompt return of all copies of the documents in question, and your prompt disclosure of how you obtained such documents. Please give me a call if you would like to discuss any of the foregoing.

Very truly yours,

Mark J. Hebert

MJH/amc

20967597.doc

# FISH & RICHARDSON P.C.

225 Franklin Street
Boston, Massachusetts
02110-2804

Frederick P. Fish
1855-1930

Telephone
617 542-5070

W.K. Richardson
1859-1951

Facsimile
617 542-8906

November 10, 2004

Web Site
www.fr.com

By Facsimile
(949) 223-9610

Joseph C. Andras, Esq.
Myers Dawes Andras & Sherman LLP
19900 MacArthur Blvd., 11th Floor
Irvine, CA 92612



BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re: Smith & Nephew, Inc. v. Surgical Solutions, LLC
    Civil Action No. 03 CV 12310 NMG

Dear Mr. Andras:

It has now been over a week and I have not received any response to my letter to you of November 2, 2004.

In my letter, I directed your attention to the fact that the documents attached to your letter of October 28, 2004 are the proprietary and confidential information of Smith & Nephew, and appear to have been improperly obtained from Smith & Nephew. I advised you that each document is clearly marked with the legend: "**Proprietary and Confidential. Do not disclose, copy, distribute, or otherwise reproduce this information without the written consent of an officer of Smith & Nephew.**" I then demanded that unless you have such written consent, that you immediately return all copies of these documents, as well as any other improperly-obtained Smith & Nephew documents that you have in your possession. I further demanded that you fully disclose how you came to be in possession of these documents.

Despite these demands, you have failed to respond to my letter. In view of your silence, we can only conclude that you have apparently chosen to ignore my letter and the demands set forth therein. Furthermore, since you have not disclosed how you obtained these documents, we also can only assume that you obtained them through some improper means.

Please be advised that we consider this to be a very serious matter. As you should know, courts have characterized the unauthorized receipt of confidential materials belonging to an adverse party as "inappropriate." *See In re Shell Oil Refinery*, 143 F.R.D. 105. Moreover, the receipt and use of such material may give rise to an ethics violation. *See ABA Formal Opinion No. 94-382.*

FISH & RICHARDSON P.C.

Joseph C. Andras, Esq.
November 10, 2004
Page 2

Indeed, the ABA Committee on Ethics and Professional Responsibility has carefully set forth a lawyer's obligations upon receipt of unsolicited confidential information (*id.*):

> A lawyer who receives on an unauthorized basis materials of an adverse party that she knows to be privileged or confidential should, upon recognizing the privileged or confidential nature of the materials, either refrain from reviewing such materials or review them only to the extent required to determine how appropriately to proceed; she should notify her adversary's lawyer that she has such materials and should either follow instructions of the adversary's lawyer with respect to the disposition of the materials, or refrain from using the materials until a definitive resolution of the proper disposition of the materials is obtained from a court.

Please bear in mind that this opinion is directed to the situation where the attorney has *not* solicited the adverse party's confidential information. Clearly, if an attorney actively solicits such information, more serious considerations may be implicated. *See Rentclub, Inc. v. Transamerica Rental Finance Corp.*, 811 F. Supp. 651.

Accordingly, we renew our demand for prompt return of all copies of the documents in question as well as all other improperly-obtained Smith & Nephew documents, and your prompt disclosure of how you obtained such documents.

Please give me a call if you would like to discuss any of the foregoing.

Very truly yours,

Mark J. Hébert

cc: Smith & Nephew, Inc.