```
                    United States District Court
                     District of Massachusetts
_____
                            )
SMITH & NEPHEW, INC,        )
                            )
        Plaintiff,          )
                            )   Civil Action No.
        v.                  )   03-12310-NMG
                            )
SURGICAL SOLUTIONS, INC.,   )
                            )
        Defendant.          )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In the present dispute, Plaintiff Smith & Nephew, Inc. ("Smith & Nephew") alleges that Surgical Solutions, Inc. ("Surgical Solutions") infringed its patent on a certain surgical device. Defendant denies the allegations of infringement and, furthermore, contends that Plaintiff's patent is invalid and unenforceable.

## I.   Factual Background

Smith & Nephew is the owner of United States Patent No. 5,947,982 ("the '982 Patent") which was issued on September 7, 1999 and describes a suturing apparatus designed for use in various surgical procedures. Defendant manufactures the ExpresSew Suture Passer ("the ExpresSew") which is a similar device. On November 19, 2003, Smith & Nephew filed a complaint

against Surgical Solutions alleging infringement and asserting claims 1, 3, 5, 19, 20, 22, 24 and 25 of the '982 Patent against the ExpresSew.

The Parties have now filed a deluge of motions including: Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket No. 48), Defendant's Motion for Leave to File Counterclaims (Docket No. 36), Defendant's Motions for Summary Judgment (Docket Nos. 51 and 54), Plaintiff's Cross-Motions for Summary Judgment (Docket Nos. 72 and 73) and Plaintiff's Motion for Construction of Disputed Claim Terms (Docket No. 71).

## II. Legal Analysis

Initially, the parties disagree on the proper course for this Court to take in resolving the plethora of pending motions. Defendant argues that judicial efficiency favors the issuance of a single order addressing both claim construction and summary judgment. Plaintiff, on the other hand, argues that this Court must begin by construing all of the disputed claims (as opposed to just those claims in dispute on summary judgment) before considering the motions for summary judgment and points out that Defendant's suggested approach could lead to this Court's having to address claim construction more than once as different claims become relevant. Defendant also requests, in its opposition to Plaintiff's motion for leave to amend the complaint, that the

Court first decide the outstanding motions for summary judgment because they could be dispositive of the case, thus rendering moot Plaintiff's motion for leave to amend.

The parties agree that claim construction is a question of law that must precede an analysis of invalidity or infringement (i.e. motions for summary judgment). <u>Markman</u> v. <u>Westview Instruments, Inc.</u>, 52 F.3d 967, 976 (Fed. Cir. 1995)("The first step [in infringement analysis] is determining the meaning and scope of the patent claims asserted to be infringed."). The parties also, apparently, agree that judicial economy should be the determining factor in fashioning an approach to resolving the pending motions. With the above considerations in mind, the Court will determine the approach best-suited to moving the case forward.

### A.   Plaintiff's Motion for Leave to Amend

Plaintiff moves to amend the complaint to state infringement claims against Classic Wire Cut Company, Inc. ("Classic Wire"), a company whose alleged infringement relates to that alleged of Surgical Solutions. Surgical Solutions does not oppose the motion but argues that the Court should defer consideration of it until after the motions for summary judgment are decided because they could, potentially, dispose of the case.

Defendant's suggested approach is well-intentioned but may

not be as efficient as it first appears.  As discussed above, claim construction must precede consideration of the motions for summary judgment.  Thus, in order for the Court to consider the motions for summary judgment before adding Classic Wire, it would first have to issue a Markman ruling.  The problem with that agenda is that claim construction which occurs before a party is added may not have preclusive effect upon that later-added party. See Markman v. Westview Instruments, Inc., 517 U.S. 370, 391 (1996); Texas Instruments, Inc. v. Linear Technologies, Corp., 182 F.Supp.2d 580, 585-86 (E.D.Tex. 2002)(declining to allow plaintiff to invoke collateral estoppel against defendant with regard to claim construction); Kollmorgen Corp. v. Yaskawa Elec. Corp., 147 F.Supp.2d 464, 469-70 (W.D.Va. 2001)(same).  In short, if a Markman ruling is issued and Classic Wire is thereafter added, claim construction may have to be repeated.

   Moreover, Classic Wire could contest different terms or claims of the patent, further complicating the issue of claim construction.  To conduct claim construction twice (i.e. two Markman briefings and hearings) would be unnecessarily costly for the Court and the parties and thus is to be avoided. Accordingly, Plaintiff's motion to amend will be allowed to prevent subsequent inefficiencies.  Because it is presumed that Classic Wire's arguments will be very similar to those of Surgical Solutions, extensive additional discovery is not

-4-

anticipated and the parties will be restricted to a modest extension of the discovery order before claim construction.

**B.  Defendant's Motion for Leave to File Counterclaims**

Defendant moves for leave to file counterclaims for: a declaratory judgment of non-infringement (Count I), a declaratory judgment of invalidity of the Patent (Count II) and a declaratory judgment of unenforceability of the Patent (Count III).  The Plaintiff opposes the motion as to Count III on the grounds that Defendant's potential claim is improperly pled, and as to Count II (to the extent that it alleges invalidity under 35 §§ U.S.C. 101, 112, 115 and 116) on the grounds that there is no evidentiary support for a finding of invalidity under those provisions.

Fed.R.Civ.P. 15(a) provides that "leave [to file an amendment] shall be freely given when justice so requires." However, "a court has the discretion to deny [such a motion] if it believes that, as a matter of law, amendment would be futile".  Carlo v. Reed Rolled Thread Die Co. 49 F.3d 790, 792 (1st Cir. 1995).  The filing of a counterclaim is considered futile if it "would be subject to dismissal for failure to state a claim."  MacNeill Engineering Co, Inc. v. Trisport, Ltd., 59 F.Supp.2d 199, 200-01 (D.Mass. 1999).

      1.  <u>Defendant's Motion as to Count II</u>

Defendant seeks to assert a counterclaim against Plaintiff for a declaratory judgment of patent invalidity under various provisions of Title 35 of the United States Code.  Plaintiff does not oppose the filing of Count II of the counterclaim in its entirely but argues that Defendant should not be permitted to assert patent invalidity under 35 U.S.C. §§ 101, 112, 115 and 116 (the sections that do not relate to previously asserted defenses).  Plaintiff contends that Defendant has "no evidentiary support" for allegations of invalidity under those statutory provisions and that allowing Defendant to assert them would "compound discovery."  With respect to the latter argument, Plaintiff states that, because Defendant has not previously asserted defenses related to the cited sections, no discovery has occurred with respect to those provisions and to introduce them now would create an undue discovery burden.

Plaintiff's arguments concerning Count II of the counterclaim are unpersuasive.  Defendant's motion for leave to file counterclaims was filed before the discovery deadline and Plaintiff cannot be heard to object to Defendant's adherence to it.

Moreover, the question of whether the Defendant's allegations are supported by the evidence is irrelevant with respect to a motion for leave to file counterclaims because the

inquiry is limited to whether the allegations are legally sufficient.  See id.  Plaintiff may be correct that Defendant's claims lack evidentiary support but such an argument is for a motion for summary judgment or, if appropriate, in a Rule 11 proceeding or motion for attorney's fees.  Thus, Defendant's motion will be allowed as to Count II of the counterclaim.

### 2. Defendant's Motion as to Count III

Defendant also seeks to file a counterclaim for a declaratory judgment of the non-enforceability of the '982 Patent on grounds of "inequitable conduct".  Specifically, Defendant contends that Plaintiff failed to disclose to the United States Patent and Trademark Office ("the PTO") material prior art references during the application process.  Plaintiff, on the other hand, argues that the filing of such a claim would be futile because it does not meet the pleading requirements of Fed.R.Civ.P. Rule 9(b) and thus would not survive a motion to dismiss.

On balance, Defendant's claim for inequitable conduct appears to be relatively weak and courts generally disfavor such claims because they are often filed without adequate factual support.  See Burlington Indus., Inc. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir. 1988).  Nonetheless, Defendant's claim cannot be said to be "futile" because it appears to be properly

pled and the Court is not at liberty, at this juncture, to consider the weight of the evidence.

The elements of a claim for inequitable conduct are 1) that material information was withheld 2) with the intent to deceive. PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc., 225 F.3d 1315, 1318 (Fed. Cir. 2000). Defendant's proposed counterclaim alleges that 1) Plaintiff was aware of several specific, material prior art references during the application process, 2) Plaintiff failed to disclose said prior art to the PTO and 3) Plaintiff did so with an intent to deceive. When those allegations are compared to the elements of a claim for inequitable conduct, it is clear that Defendant has stated a claim. See id.

It also appears that the claim would be sufficient under Fed.R.Civ.P. Rule 9(b) because it alleges fraud with particularity to the extent possible (i.e. where the allegation is of non-disclosure the "when" is somewhat amorphous). Defendant's motion must, therefore, be allowed. Defendant is cautioned, however, against asserting counterclaims that are factually unsupportable. At first glance, the facts of this case do not warrant a claim of inequitable conduct and, if frivolous counterclaims are filed, sanctions will be imposed. See Fed.R.Civ.P. Rule 11.

**C.   The Parties' Motions for Summary Judgment**

The parties have filed several motions and cross-motions for summary judgment.  As the Defendant points out, however, those motions will not become ripe for consideration until after a Markman ruling because the first step in infringement analysis is to determine the "meaning and scope" of the disputed claims. Markman, 52 F.3d at 976.  In that regard, the filing of motions for summary judgment prior to the issuance of a Markman ruling has caused the memoranda in support of those motions to be unnecessarily lengthy and unfocused because, in addition to discussing the evidence as it pertains to summary judgment, the parties have had to address the possible alternative meanings of the claims.  Once a Markman ruling is issued, it will be possible for the parties to make more focused arguments with respect to summary judgment.

In addition, after a Markman ruling, one or more of the motions for summary judgment will, presumptively, be unsustainable because they rely on vastly divergent meanings of claim terms.  It is unproductive to consider such motions and, accordingly, the motions for summary judgment will be denied without prejudice.  After the disputed claims are construed, the parties may refile their motions for summary judgment (if appropriate) with the benefit of a Markman ruling upon which to base their arguments.

**ORDER**

In accordance with the foregoing memorandum:

1) Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket No. 48) is **ALLOWED**.

2) Defendant's Motion for Leave to File Counterclaims (Docket No. 36) is **ALLOWED**.

3) Defendant's Motions for Summary Judgment (Docket Nos. 51 and 54) and Plaintiff's Cross-motions for Summary Judgment (Docket Nos. 72 and 73) are **DENIED** without prejudice to refiling after the issuance of a Markman ruling.

4) Plaintiff's Motion for Construction of Disputed Claim Terms (Docket No. 71) is **ALLOWED** and, with respect thereto, the parties shall proceed as follows:

   a) Plaintiff shall file its authorized amended complaint and have it served upon Classic Wire forthwith;

   b) all parties shall appear for a status conference at the John Joseph Moakley U.S. Courthouse, Courtroom #4, on Wednesday, February 23, 2005 at 3:00 p.m. at which conference the filing of any remaining Markman briefs will be scheduled to follow promptly; and

   c) a limited Markman hearing will be held on Wednesday, April 6, 2005 at 3:00 p.m at the John Joseph Moakley Courthouse, Courtroom #4.

**So ordered.**

　　　　　　　　　　　　　　　　　　　　　／s／ Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated December 28, 2004