FILED
CLERKS OFFICE

2005 JAN 21  P 2: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., <br><br> Plaintiff, <br><br> v. <br><br> SURGICAL SOLUTIONS, LLC and <br> CLASSIC WIRE CUT COMPANY, INC., <br><br> Defendants. | Civil Action No.: 03 CV 12310 NMG <br><br> JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Smith & Nephew, Inc. for its Complaint against defendants Surgical Solutions, LLC and Classic Wire Cut Company, Inc., alleges the following:

1.      Plaintiff Smith & Nephew, Inc. ("Smith & Nephew") is a Delaware corporation having its principal place of business at 1450 Brooks Road, Memphis, Tennessee and having a further place of business at 150 Minuteman Road, Andover, Massachusetts, in this judicial District.

2.      Defendant Surgical Solutions, LLC ("Surgical Solutions") is, upon information and belief, a California limited liability company having its principal place of business at 25048 Anza Drive, Valencia, CA 91355.

3.      Defendant Classic Wire Cut Company, Inc. ("Classic Wire") is, upon information and belief, a California Corporation having its principal place of business at 25014 Anza Drive, Valencia, CA 91355.

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U. S. C. §§ 1331 and 1338.

6. Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

7. This Court has personal jurisdiction over Surgical Solutions and Classic Wire (collectively "Defendants") under the Massachusetts Long-Arm Statute, Mass. Gen. Laws ch. 223A § 3, because Defendants have directly infringed, contributed to the infringement of, and/or actively induced infringement of Smith & Nephew's patent within this judicial District.

8. Plaintiff Smith & Nephew is the owner by assignment of United States Letters Patent No. 5,947,982 ("the '982 patent") entitled SUTURE-PASSING FORCEPS, which was duly and legally issued by the United States Patent and Trademark Office on September 7, 1999, a copy of which is attached as Exhibit A.

9. Defendant Surgical Solutions markets and sells its ExpresSew Suture Passer within this judicial District and elsewhere in the United States.

10. Defendant Classic Wire manufactures all or substantially all components and/or parts for the ExpresSew Suture Passer and assembles the ExpresSew Suture Passer for distribution and sale. The components made by Classic Wire, upon information and belief, are especially made for the ExpresSew and not staple articles of commerce with substantial noninfringing uses.

11.     Defendant Surgical Solutions has been and is now infringing, actively inducing infringement of, and/or contributing to the infringement of, the '982 patent, in this judicial District and elsewhere.

12.     Defendant Classic Wire has been and is now at least contributing to the infringement of the '982 patent in this judicial District and elsewhere.

13.     Defendants Surgical Solutions and Classic Wire have had actual knowledge of the '982 patent at least as early as February 2002 and their infringement has been willful.

14.     Defendants Surgical Solutions' and Classic Wire's past and continued acts of infringement have injured Smith & Nephew and thus Smith & Nephew is entitled to recover damages adequate to compensate for the infringement.

15.     Defendants Surgical Solutions' and Classic Wire's acts of infringement have caused irreparable injury to Smith & Nephew and will continue to cause irreparable injury unless and until enjoined by this Court.

WHEREFORE, plaintiff Smith & Nephew prays as follows:

1.     That this court preliminarily and permanently enjoin defendants Surgical Solutions and Classic Wire, their officers, agents, employees, representatives, successors and assigns, and any others acting in concert with them, from infringing U.S. Patent No. 5,947,982;

2.     That this court award plaintiff Smith & Nephew damages jointly and severally against defendants Surgical Solutions and Classic Wire resulting from defendants' infringement;

3.     That this court award plaintiff Smith & Nephew triple its actual damages jointly and severally against defendants Surgical Solutions and Classic Wire due to defendants' willful infringement;

4. That this court declare this to be an exceptional case within the meaning of 35 U.S.C. § 285;

5. That this court award plaintiff Smith & Nephew its costs in this action, together with reasonable attorney's fees and pre-judgment and post-judgment interest, jointly and severally against defendants Surgical Solutions and Classic Wire; and

6. That this court grant plaintiff Smith & Nephew such other relief as is just and proper.

7. Plaintiff demands a trial by jury.

By its attorneys,

Dated: January 20, 2005

_____
Mark J. Hebert (BBO No. 546,712)
Thomas M. Johnston (BBO No. 644,689)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Ruffin B. Cordell
Ahmed J. Davis
FISH & RICHARDSON P.C.
1425 K Street N.W.
Washington, DC 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Plaintiff SMITH & NEPHEW, INC.

20926861.doc