UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., <br><br> Plaintiff, <br><br> v. <br><br> SURGICAL SOLUTIONS, LLC and CLASSIC WIRE CUT COMPANY, INC., <br><br> Defendants. | Civ. Act. No. 03 CV 12310 NMG |

**PLAINTIFF SMITH & NEPHEW, INC.'S MEMORANDUM IN SUPPORT OF ITS ASSENTED-TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff Smith & Nephew, Inc. ("Smith & Nephew") files this memorandum in support of its motion for leave to file a Third Amended Complaint, alleging additional instances of patent infringement by DePuy Mitek, Inc. ("DePuy Mitek"), and adding DePuy Mitek as an additional defendant in this case. The Motion for Leave should be granted because it complies with Rules 15(a) and 20 of the Federal Rules of Civil Procedure and Local Rule 15.1(B), and Surgical Solutions, Classic Wire, and DePuy Mitek will not be unduly prejudiced. The current defendants, Surgical Solutions, LLC ("Surgical Solutions") and Classic Wire Cut Company, Inc. ("Classic Wire") both have assented to this motion. Pursuant to Local Rule 15.1(B), Smith & Nephew served a copy of the motion to amend upon DePuy Mitek at least 10 days in advance of filing the present motion.

## I.   BACKGROUND

Smith & Nephew filed this lawsuit against Surgical Solutions in December 2003, alleging that Surgical Solutions was directly infringing, contributing to the infringement of, and/or inducing the infringement of Smith & Nephew's United States Patent No. 5,947,982 ("the '982 patent") through its marketing and sales of its ExpresSew Suture Passer surgical instrument ("ExpresSew"). In August 2004, Smith & Nephew filed a motion for leave to file a Second

Amended Complaint, alleging instances of patent infringement by Classic Wire Cut Company, Inc. ("Classic Wire"), a sister company to Surgical Solutions. This Court recently granted that motion (s*ee Smith & Nephew, Inc. v. Surgical Solutions, Inc*., No. CIV.A.03-12310-NMG, 2004 WL 3152188 (D. Mass. Dec. 28, 2004)), and Smith & Nephew has served and filed its Second Amended Complaint.

Recently (*i.e.*, as of the beginning of February 2005), Smith & Nephew discovered that DePuy Mitek is also directly infringing, contributing to the infringement of, and/or inducing the infringement of the '982 patent through its marketing and sales of the ExpresSew instrument throughout the United States. On information and belief, DePuy Mitek has recently acquired, or is in the process of acquiring, the rights to the ExpresSew instrument from Surgical Solutions. Specifically, on February 2, 2005, Smith & Nephew learned that the "News / Announcements" page on Surgical Solutions' website announced:

> Surgical Solutions is pleased to announce that DePuy Mitek, Inc. has acquired the EXPRESSEW™ and LATTE™ Suture Passing Systems. For additional EXPRESSEW or LATTE product information, please contact your local DePuy Mitek Representative at 1-800-551-0864 or DePuy Mitek Customer Service at 1-800-382-4682. Additional company information is available at www.mitek.com.

(*See* Exhibit A at 1). On February 3, 2005, Surgical Solutions' counsel, Joseph Andras, Esq., confirmed to undersigned counsel that this announcement was correct and that DePuy Mitek had acquired the ExpresSew instrument from Surgical Solutions. Shortly thereafter, Surgical Solutions' website provided a link to a DePuy Mitek press release, dated February 1, 2005, entitled "DePuy Mitek Acquires Arthroscopic Shoulder Repair Instruments from Surgical Solutions." (*See* Exhibit B at 1). This press release states that DePuy Mitek "has entered into an agreement with Surgical Solutions, LLC to acquire its EXPRESSEW and LATTE Suture Passing Systems." *See id*. Additionally, the page of Surgical Solutions' website dedicated to marketing the ExpresSew states:

> The ExpresSew is now commercially available worldwide through DePuy Mitek, Inc. For information or to place an order, contact your local DePuy Mitek

2

>Representative at 1-800-551-0864 or DePuy Mitek Customer Service at 1-800-382-4682.

(*See* Exhibit C at 3).  Thus, DePuy Mitek should be added as a co-defendant to Surgical Solutions and Classic Wire, as an accused infringer of the '982 patent.

## II.    LEGAL ARGUMENT

### A.    DePuy Mitek Should Be Joined as a Defendant Under Rule 20

There is no doubt that the addition of DePuy Mitek comports with Rule 20.  Under Rule 20, defendants may be joined in one action "if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a).  Joinder of claims, parties, and remedies is strongly encouraged, *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966), and permissive joinder under Rule 20 is within the sound discretion of the district court, *see Wynn v. Nat'l Broadcasting Co., Inc.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002).  Recently obtained evidence (*i.e.*, Exhibits A-C) shows that DePuy Mitek is now marketing and selling the ExpresSew instrument—the accused product that is at the center of this litigation—and has either already acquired or is in the process of acquiring the rights to the ExpresSew instrument.  Thus, Smith & Nephew's allegations of patent infringement against DePuy Mitek arise out of the same transaction, occurrence or series of transactions as set forth in Smith & Nephew's complaint against defendants Surgical Solutions and Classic Wire.  *See, e.g.*, *Westell Technologies, Inc. v. Hyperedge Corp.*, No. 02 C 3496, 2003 WL 22088039, at *1–2 (N.D. Ill. Sept. 8, 2003) (granting motion for leave to amend complaint; claims against proposed defendant involve same accused product, and therefore arise out of the same transaction or occurrence).  Furthermore, because the claims against DePuy Mitek will focus on the '982 patent and the ExpresSew, Surgical Solutions, Classic Wire, and DePuy Mitek share questions of law or fact in common.  *See id.* at *2; *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 456–57 (E.D. Tex. 2004) ("The legal question as to the '290 patent's scope is common to all the defendants.").

3

### B.     Leave to Amend Under Rule 15(a) Should Be Freely Granted

"Leave to amend is generally freely given under Federal Rule of Civil Procedure 15(a), in the absence of bad faith or prejudice to the nonmoving party." *R&M Jewelry, LLC v. Michael Anthony Jewelers, Inc.*, 221 F.R.D. 398, 399 (S.D.N.Y. 2004).  Thus, unless a proposed amendment is futile, leave should only be denied if the amendment would be "overly prejudicial." *MacNeill Eng'g Co., Inc. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201 (D. Mass. 1999).  The nonmovant bears the burden of proof on the issue of prejudice.  *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996).  In this instance, the amendment to the complaint that Smith & Nephew seeks to make is particularly appropriate at this time because the evidence indicates that DePuy Mitek has just recently acquired (or is in the process of acquiring) the rights to the ExpresSew instrument from Surgical Solutions, and is already marketing and selling the ExpresSew throughout the United States.

### 1.     Smith & Nephew's Proposed Amendment Is Not Futile

#### a.     Smith & Nephew Has Stated a Claim Against DePuy Mitek for Patent Infringement

Viewing the allegations in a light most favorable to Smith & Nephew, its proposed Third Amended Complaint plainly states a claim for patent infringement against DePuy Mitek.  A proposed amendment is futile if it would not survive a motion to dismiss for failure to state a claim.  *See MacNeill Eng'g Co.*, 59 F. Supp. 2d at 200 (citing *Smith v. Mitre Corp.*, 949 F. Supp. 943, 945 (D. Mass. 1997)).  Smith & Nephew has obtained evidence that DePuy Mitek is infringing, actively inducing infringement of, and/or contributing to the infringement of the '982 patent under 35 U.S.C. §§ 271(a)-(c).  A party may be held liable for patent infringement under section 271(a) if it "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  35 U.S.C. § 271(a).  Additionally, sections 271(b) and (c) create liability for those persons who induce, or contribute to, the infringement of a patent.  *See* 35 U.S.C. §§ 271(b)-(c).  Smith & Nephew has already charged Surgical Solutions and Classic Wire

with infringement of the '982 patent based upon the ExpresSew product.  Recently-obtained evidence shows that DePuy Mitek has acquired (or is in the process of acquiring) the rights to the ExpresSew instrument from Surgical Solutions, and is now marketing and selling the ExpresSew throughout the United States.  (*See* Exhibits A-C).  Smith & Nephew has clearly stated a claim against DePuy Mitek for infringement of the '982 patent, as the ExpresSew is the accused product at the center of this litigation.

        b.  **This Court Has Personal Jurisdiction Over DePuy Mitek**

There is no doubt that DePuy Mitek is subject to personal jurisdiction in Massachusetts.  On information and belief, (i) DePuy Mitek is a Massachusetts corporation with its principal place of business in Norwood, Massachusetts, (*see* Exhibits D-E), and (ii) DePuy Mitek is currently offering for sale the ExpresSew to persons in Massachusetts, (*see* Exhibits A-C).

    2.  **Surgical Solutions, Classic Wire, and DePuy Mitek Will Not Be Prejudiced By the Proposed Amendment**

"Absent a showing of futility, leave should only be denied if the amendment would be ***overly*** prejudicial."  *MacNeill Eng'g Co., Inc. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 200 (D. Mass. 1999) (emphasis added).  There are several reasons why the proposed amendment would not be overly prejudicial to Surgical Solutions, Classic Wire, and/or DePuy Mitek.  First, resolving the dispute over the ExpresSew in one single action promotes judicial economy.  *See Xeikon Intern., N.V. v. Gamut, Inc.*, No. 03-CV-6123L, 2004 WL 627896, at *3 (W.D.N.Y. Feb. 18, 2004) ("Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding.").  Second, Surgical Solutions should have anticipated upon its sale of the ExpresSew instrument to DePuy Mitek that Smith & Nephew would seek leave to join DePuy Mitek as an additional defendant.  Third, on information and belief, DePuy Mitek knew about the present litigation when it acquired the ExpresSew System from Surgical Solutions, and therefore should reasonably have expected to be added as a defendant in this action.  Thus, Surgical Solutions, Classic Wire, and DePuy Mitek can hardly show that the proposed amendment would be overly prejudicial.

### C.    This Motion is Timely

Finally, this motion for leave is timely.  Smith & Nephew only learned about the facts which form the basis for this motion at the beginning of February 2005, as set forth above, and is promptly bringing this motion.  In fact, on February 10, 2005, in accordance with Local Rule 15.1(B), Smith & Nephew served on DePuy Mitek a Notice Pursuant to Local Rule 15.1(B) advising it that this motion would be filed on or about February 25, 2005.  Moreover, the Scheduling Order set for this case on March 18, 2004 does not include a deadline for joining parties.  Finally, Surgical Solutions and Classic Wire have not objected to this motion as being untimely or on any other grounds.  Thus, this motion is being timely made.

### III.    CONCLUSION

For the reasons stated above, Smith & Nephew respectfully requests that it be given leave to file and serve its Third Amended Complaint.

Respectfully submitted,

Dated:  February 25, 2005

By:  /s/  Mark J. Hebert
Mark J. Hebert (BBO No. 546,712)
Thomas M. Johnston (BBO No. 546,712)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Ruffin B. Cordell
Ahmed J. Davis
FISH & RICHARDSON P.C.
1425 K Street N.W.
Washington, DC 20005
Telephone:  (202) 783-5070
Facsimile:  (202) 783-2331

Attorneys for Plaintiff SMITH & NEPHEW, INC.

I hereby certify that a true copy of the foregoing document was served on counsel for each other party (Mr. Andras and Mr. Ciavarra) by mail and Federal Express on February 25, 2005.   /s/  Thomas M. Johnston

21024962.doc