# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., <br><br> Plaintiff, <br><br> v. <br><br> SURGICAL SOLUTIONS, LLC and <br> CLASSIC WIRE CUT COMPANY, INC., <br><br> Defendants. | Civil Action No.: 03 CV 12310 NMG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF SMITH & NEPHEW, INC.'S REPLY TO DEFENDANT SURGICAL SOLUTIONS LLC'S COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND/OR UNENFORCEABILITY**

Plaintiff and Counterclaim Defendant Smith & Nephew, Inc. ("Smith & Nephew"), by and through the undersigned attorneys, hereby files this Reply to the Counterclaims of Defendant Surgical Solutions, LLC ("Surgical Solutions" or "Defendant"). The headings and numbered paragraphs below correlate to those in Surgical Solutions' counterclaims.

## FACTUAL BACKGROUND

1. Smith & Nephew incorporates herein by reference all allegations and averments of its Second Amended Complaint. Further answering, Smith & Nephew denies all of the allegations of Defendant's affirmative defenses.

2. Smith & Nephew admits that this action arises under the patent laws of the United States, Title 35 United States Code, but denies that there is any basis for Defendant's declaratory judgment counterclaim.

3. Smith & Nephew admits that it is the present owner of all right, title, and interest in and to U.S. Patent No. 5,947,982, including the right to sue and recover damages for infringement.

4. Admitted.

5. Admitted.

6. Admitted.

7. Smith & Nephew admits that in the July 24, 1998 International Search Report, the International Search Authority cited the Fukuda European Application only against claims 1-3 and 12-14 of Smith & Nephew's PCT Application, but denies that it was cited against the remaining claims.

8. Smith & Nephew admits that the German Sevinc Application had been cited only against the Fukuda European Application, but denies that it was cited against Smith & Nephew's PCT Application.

9. Smith & Nephew admits only that its PCT Application was abandoned, and denies the remaining allegations of this paragraph.

10. Admitted.

11. Admitted.

12. Whether the Fukuda U.S. Patent is prior art is a question of law. No reply is required.

13. Denied.

14. Admitted.

15. Whether the Sevinc Application is prior art is a question of law. No reply is required.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

## JURISDICTION AND VENUE

25. Admitted.

26. Admitted.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

27. Smith & Nephew incorporates herein by reference all of the foregoing and the averments of its Second Amended Complaint.

28. Admitted. (Smith & Nephew understands that Defendant intended to use the word "justiciable".)

29. Denied.

30. Smith & Nephew admits that it has demanded a jury trial on the issue of infringement and damages.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF INVALIDITY

31.     Smith & Nephew incorporates herein by reference all of the foregoing and the averments of its Second Amended Complaint.

32.     Admitted, to the extent Defendant alleges that there is a controversy as to validity under 35 U.S.C. §§ 102 and 103, but denied to the extent that Defendant alleges that there is a controversy as to validity under 35 U.S.C. §§ 101, 112, 115 or 116 as Defendant has failed to cite any evidence relating thereto in its answers to Smith & Nephew's interrogatories.  (Smith & Nephew understands that Defendant intended to use the word "justiciable".)

33.     Denied.

34.     Smith & Nephew admits that the filing of an invalidity counterclaim in response to Smith & Nephew's complaint for patent infringement will require a jury determination of validity.

## THIRD CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF UNENFORCEABILITY

35.     Smith & Nephew incorporates herein by reference all of the foregoing and the averments of its Second Amended Complaint.

36.     Denied.  Defendant's allegations are frivolous and reckless.  (Smith & Nephew understands that Defendant intended to use the word "justiciable".)

37.     Denied.  The Court has previously indicated that the facts of this case do not warrant a claim of inequitable conduct, and has cautioned that sanctions will be imposed if a frivolous counterclaim is filed.  *See* December 28, 2004 Memorandum Opinion at 8.

38.     Smith & Nephew admits that the filing of a proper, bona-fide counterclaim for inequitable conduct in response to Smith & Nephew's complaint for patent infringement would

require a judicial determination of enforceability, but denies that Defendant has filed such a counterclaim in this case.

WHEREFORE, Smith & Nephew denies that Surgical Solutions is entitled to any relief sought, requested or otherwise, and prays that this Court enter judgment ordering the same. Moreover, Smith & Nephew respectfully requests that this Court impose sanctions under Fed. R. Civ. P. 11, 35 U.S.C. § 285 and the inherent power of the Court, in the form of attorney's fees and costs, for Surgical Solutions' filing of a frivolous counterclaim for inequitable conduct.

By its attorneys,

Dated: March 1, 2005

_____/s/ Mark J. Hebert_____
Mark J. Hebert (BBO No. 546,712)
Thomas M. Johnston (BBO No. 644,689)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Of Counsel:

Ruffin B. Cordell
Ahmed J. Davis
FISH & RICHARDSON P.C.
1425 K Street N.W.
Washington, DC 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Smith & Nephew, Inc.

I hereby certify that a true copy of the foregoing document was served on counsel for each other party (Mr. Andras and Mr. Ciavarra) by mail and Federal Express on March 1, 2005.

_/s/ Mark J. Hebert

21037954.doc