IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., <br><br> Plaintiff, <br><br> v. <br><br> SURGICAL SOLUTIONS, LLC, <br> CLASSIC WIRECUT COMPANY, INC., and <br> DEPUY MITEK, INC., <br><br> Defendants. | Civil Action No.  03 CV 12310 NMG <br><br> JURY TRIAL DEMANDED |

**DEFENDANT CLASSIC WIRE CUT COMPANY, INC.'S ANSWER TO THIRD AMENDED COMPLAINT, DEMAND FOR JURY TRIAL AND COUNTERCLAIM**

Defendant Classic Wire Cut Company, Inc. ("Classic Wire Cut") answers the Third Amended Complaint and Demand for Jury Trial of Smith & Nephew, Inc. ("Plaintiff") as follows:

1. Classic Wire Cut is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and on that basis denies them.

2. Admitted.

3. Admitted.

4. Classic Wire Cut is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and on that basis denies them.

5. Admitted.

6. Admitted.

7. Classic Wire Cut admits that it technically "resides" in the District of Massachusetts as that term is defined by 28 U.S.C. §§ 1391(c) and that pursuant to 28 U.S.C. §§

1391 and 1400(b) venue is technically proper.  However, Classic Wire Cut denies that the District of Massachusetts is the appropriate venue for this action, as it is not in the interest of justice as defined in 28 U.S.C. § 1404(a) for this action to be heard here, and resolving the dispute here rather than the Central District of California would frustrate rather than further judicial economy and achieving a just, speedy and inexpensive resolution of the case as required by the Federal Rules of Civil Procedure.

      8.     Denied.

      9.     Classic Wire Cut is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and on that basis denies them.

      10.     Classic Wire Cut admits that the '982 patent is entitled SUTURE-PASSING FORCEPS.  Classic Wire Cut is without knowledge or information sufficient to form a belief as to the ownership of the '982 patent.  Classic Wire Cut denies each and every remaining allegation of Paragraph 10 of the Third Amended Complaint.

      11.     Denied.

      12.     Classic Wire Cut is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and on that basis denies them.

      13.     Classic Wire Cut admits that it manufactures all or substantially all components and/or parts for the ExpresSew Suture Passer and assembles the ExpresSew Suture Passer for distribution and sale.  Classic Wire Cut admits that the components especially made for the ExpresSew are not staple articles of commerce.  Classic Wire Cut denies each and every remaining allegation of Paragraph 13 of the Third Amended Complaint.

      14.     Denied.

      15.     Denied.

16. Denied.

17. Classic Wire Cut is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and on that basis denies them.

18. Denied.

19. Denied.

## CLASSIC WIRE CUT'S AFFIRMATIVE DEFENSES

1. Classic Wire Cut does not infringe and has not infringed any claim of U.S. Pat. No. 5,947,982, either literally or under the doctrine of equivalents.

2. Classic Wire Cut does not contribute and has not contributed to the infringement of any claim of U.S. Pat. No. 5,947,982, either literally or under the doctrine of equivalents.

3. Any asserted claim(s) of U.S. Pat. No. 5,947,982 is invalid for failure to comply with one or more requirements of patentability under 35 U.S.C. § 101 *et. seq.*, including without limitation, the requirements in §§ 102, 103 or 112.

4. Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in U.S. Pat. No. 5,947,982 from asserting an interpretation of the patent claims that would cover any feature of the accused product.

5. Plaintiff's infringement Count is barred by the doctrine of laches or equitable estoppel.

**PRAYER FOR RELIEF**

WHEREFORE, Classic Wire Cut prays that this Court enter judgment:

1. Classic Wire Cut does not infringe and has not infringed any claim of U.S. Pat. No. 5,947,982, either literally or under the doctrine of equivalents;

2. Classic Wire Cut does not contribute and has not contributed to the infringement of any claim of U.S. Pat. No. 5,947,982, either literally or under the doctrine of equivalents;

3. All claims of U.S. Pat. No. 5,947,982 are invalid;

4. Classic Wire Cut does not owe any monetary damages to Plaintiff;

5. Plaintiff and all persons acting on Plaintiff's behalf or in concert with Plaintiff are permanently enjoined and restrained from charging orally or in writing or otherwise publishing that U.S. Pat. No. 5,947,982 is infringed by any accused product;

6. Classic Wire Cut is awarded its costs and expenses in this action including interest;

7. This case is exceptional and Classic Wire Cut is entitled to its attorney fees under 35 U.S.C. § 285;

8. Judgment is entered against Plaintiff, and this action is dismissed with prejudice;

9. Classic Wire Cut is awarded such other and further relief as the Court deems appropriate; and

10. Classic Wire Cut demands a trial by jury.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT
### OF NON-INFRINGEMENT, INVALIDITY AND/OR UNENFORCEABILITY
### OF PATENT-IN-SUIT

Defendant and Counterclaim Plaintiff Classic Wire Cut Company, Inc. ("Classic Wire Cut") asserts this Counterclaim against Plaintiff and Counterclaim Defendant Smith & Nephew, Inc. and complains as follows:

### FACTUAL BACKGROUND

1.  Classic Wire Cut incorporates by this reference all of the allegations and averments of its answer and its affirmative defenses.

2.  This is an action for declaratory judgment of invalidity, unenforceability and non-infringement of the patent-in-suit. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35 United States Code.

3.  Plaintiff claims to be the present owner of all right, title and interest in and to U.S. Patent No. 5,947,982 (the "patent-in-suit"), including the right to sue and recover damages for infringement.

4.  Plaintiff asserts that the ExpresSew® products infringe the patent-in-suit, U.S. Patent No. 5,947,982, which patent issued on September 7, 1999 from U.S. Patent Application No. 08/832,061 filed on April 2, 1997.

5.  On or about March 31, 1998, Plaintiff filed International Patent Application No. PCT/US98/06357 under the Patent Cooperation Treaty ("Plaintiff's PCT Application") corresponding to the patent-in-suit.

6.  In Plaintiff's PCT Application, Plaintiff paid sufficient designation fees to designate over one hundred (100) states within which it could nationalize the PCT Application.

7.     In the International Search Report mailed to Plaintiff on or about July 24, 1998 in connection with Plaintiff's PCT Application, over a year before the issuance of the patent-in-suit, the International Searching Authority issued an International Search Report that cited European Patent Application No. 0778004A1 to Fukuda (the "Fukuda European Application") as a novelty-destroying "X" reference against Plaintiff's PCT Application.

8.     Within the Fukuda European Application that was provided to Plaintiff with the International Search Report mailed on or about July 24, 1998, German Patent Application No. DE 4235602 A1 to Sevinc (the "German Sevinc Application") was cited as a novelty-destroying "X" reference against the Fukuda European Application.

9.     On information and belief, Plaintiff subsequently abandoned its PCT Application by choosing not to nationalize the PCT Application in any of the over one hundred (100) countries designated in its PCT Application on or before the national phase deadline of October 2, 1999.

10.    The same applicant that filed the Fukuda European Application also filed U.S. Patent Application No. 568,345 on December 6, 1995, which application subsequently issued into U.S. Patent No. 5,824,009 (the "Fukuda US Patent.")

11.    The Fukuda US Patent issued from an application that was filed before inventor John Duran's date of conception and reduction to practice of the invention claimed in the patent-in-suit.

12.    The Fukuda US Patent is prior art to the patent-in-suit.

13.    The Fukuda US Patent is material to the patentability of the claims of the patent-in-suit.

14. The German Sevinc Application was published on April 28, 1994, more than a year before the filing date of the application that issued into the patent-in-suit.

15. The German Sevinc Application is prior art to the patent-in-suit.

16. The German Sevinc Application is material to the patentability of the claims of the patent-in-suit.

17. Upon information and belief, before the patent-in-suit issued on September 7, 1999, before bringing this action, or both, Plaintiff knew of the existence of the Fukuda US Patent.

18. Upon information and belief, before the patent-in-suit issued on September 7, 1999, before bringing this action, or both, Plaintiff knew that the Fukuda US Patent was material to the patentability of the claims of the patent-in-suit.

19. Upon information and belief, before the patent-in-suit issued on September 7, 1999, before bringing this action, or both, Plaintiff knew of the existence of the German Sevinc Application.

20. Upon information and belief, before the patent-in-suit issued on September 7, 1999, before bringing this action, or both, Plaintiff knew that the German Sevinc Application was material to the patentability of the claims of the patent-in-suit.

21. Plaintiff never disclosed the Fukuda US Patent to the U.S. Patent and Trademark Office at any time during the prosecution of the patent-in-suit.

22. Plaintiff never disclosed the Fukuda US Patent to the U.S. Patent and Trademark Office at any time within a request for reexamination.

23. Plaintiff never disclosed the German Sevinc Application to the U.S. Patent and Trademark Office at any time during the prosecution of the patent-in-suit or within a request for reexamination.

24. Plaintiff never disclosed the German Sevinc Application to the U.S. Patent and Trademark Office at any time within a request for reexamination.

## JURISDICTION AND VENUE

25. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

26. Venue is based on 28 U.S.C. § 1391(b) and (c).

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

27. Classic Wire Cut incorporates by this reference all of the foregoing and averments of its answer and its affirmative defenses.

28. As a consequence of the foregoing and the allegations in the complaint, there is an actual and justiciable controversy between Plaintiff and Classic Wire Cut with respect to the alleged infringement of the patent-in-suit.

29. Classic Wire Cut has not and does not infringe, either literally or under the doctrine of equivalents, the claims of the patent-in-suit.

30. Classic Wire Cut has not and does not contribute to the infringement of the claims of the patent-in-suit, either literally or under the doctrine of equivalents.

31. As a result, a judicial determination is necessary as to Classic Wire Cut's rights to manufacture, use, offer for sale and/or sell the products, including the components thereof, that are accused by Plaintiff, but denied by Classic Wire Cut, as infringing the patent-in-suit.

## SECOND CLAIM FOR RELIEF
## <u>DECLARATORY JUDGMENT OF INVALIDITY</u>

32. Classic Wire Cut incorporates by this reference all of the foregoing and averments of its answer and its affirmative defenses.

33. As a consequence of the foregoing and the allegations in the complaint, there is an actual and justiciable controversy between Plaintiff and Classic Wire Cut with respect to the validity of the patent-in-suit.

34. Upon information and belief, the patent-in-suit is invalid for failure to comply with one or more the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, 112, 115 and/or 116.

35. As a result, a judicial determination is necessary as to Classic Wire Cut's rights to manufacture, use, offer for sale and/or sell the products, including the components thereof, that are accused by Plaintiff, but denied by Classic Wire Cut, as infringing the patent-in-suit.

## THIRD CLAIM FOR RELIEF
## <u>DECLARATORY JUDGMENT OF UNENFORCEABILITY</u>

36. Classic Wire Cut incorporates by this reference all of the foregoing and averments of its answer and its affirmative defenses.

37. As a consequence of the foregoing and the allegations in the complaint, there is an actual and justiciable controversy between Plaintiff and Classic Wire Cut with respect to the enforceability of the patent-in-suit.

38. Upon information and belief, the patent-in-suit is unenforceable on the grounds of inequitable conduct.

39. As a result, a judicial determination is necessary as to Classic Wire Cut's rights to manufacture, use, offer for sale and/or sell the products, including the components thereof, that are accused by Plaintiff, but denied by Classic Wire Cut, as infringing the patent-in-suit.

WHEREFORE, Classic Wire Cut prays for judgment and relief against Plaintiff, including:

a. A judgment declaring that Classic Wire Cut has not infringed or contributed to the infringement of the patent-in-suit;

b. A judgment declaring that the patent-in-suit is invalid

c. A judgment declaring that the patent-in-suit is unenforceable; and

d. A judgment that this is an exceptional case and that Classic Wire Cut be awarded reasonable attorneys' fees, costs, and expenses against Plaintiff pursuant to 35 U.S.C. § 285.

Date: March 30, 2005

By: /S/:   Joseph C. Andras
Joseph C. Andras (CA Bar No. 138,181)
Vic Lin (CA Bar No. 192,292)
MYERS DAWES ANDRAS & SHERMAN, LLP
19900 MacArthur Boulevard, 11th Floor
Irvine, CA 92612
Tel: (949) 223-9600
Fax: (949) 223-9610

/S/:   Louis M. Ciavarra
Louis Ciaverra (BBO No. 546,481)
Monica Grewal
Bowditch & Dewey, LLP
161 Worcester Rd.
Framingham, MA 01701-9320
Telephone: (508) 416-2475
Facsimile: (508) 372-1492