IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC., | ) |
| Plaintiff, | ) |
| v. | ) Docket No. 03-CV-12310 NMG |
| SURGICAL SOLUTIONS, LLC, CLASSIC WIRE CUT COMPANY, INC. and DEPUY MITEK, INC., | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**DEFENDANT DEPUY MITEK, INC.'S ANSWER TO THIRD AMENDED COMPLAINT, DEMAND FOR JURY TRIAL AND COUNTERCLAIMS**

Defendant DePuy Mitek, Inc. ("Mitek") answers the Third Amended Complaint and Demand for Jury Trial of Smith & Nephew, Inc. ("Plaintiff") as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied.

9. Mitek admits that this Court has personal jurisdiction over DePuy Mitek because it is a Massachusetts resident. Mitek denies each and every remaining allegation of Paragraph 9 of the Third Amended Complaint.

10. Mitek admits that the '982 patent is entitled SUTURE-PASSING FORCEPS. Mitek is without knowledge or information sufficient to form a belief as to the ownership of the '982 patent. Mitek denies each and every remaining allegation of Paragraph 10 of the Third Amended Complaint.

11. Denied.

12. Admitted.

13. Mitek is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

14. Denied.

15. Denied.

16. Mitek is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

17. Mitek admits that it had knowledge of the '982 patent as of September 2003. Mitek denies each and every remaining allegation of Paragraph 17 of the Third Amended Complaint.

18. Denied.

19. Denied.

### MITEK'S AFFIRMATIVE DEFENSES

1. Mitek does not infringe and has not infringed any claim of U.S. Pat. No. 5,947,982, either literally or under the doctrine of equivalents.

2. Any asserted claim(s) of U.S. Pat. No. 5,947,982, is invalid for failure to comply with one or more requirements of patentability under 35 U.S.C. § 101 *et. seq.*, including without limitation, the requirements in §§ 102, 103 or 112.

     3.     Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in U.S. Pat. No. 5,947,982 from asserting an interpretation of the patent claims that would cover any feature of the accused Mitek product.

     4.     Plaintiff's infringement Count is barred by the doctrine of laches or equitable estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Mitek prays that this Court enter the following judgment:

     1.     Mitek does not infringe and has not infringed any claim of U.S. Pat. No. 5,947,982, either literally or under the doctrine of equivalents;

     2.     All claims of U.S. Pat. No. 5,947,982 are invalid;

     3.     Mitek does not owe any monetary damages to Plaintiff;

     4.     Plaintiff and all persons acting on Plaintiff's behalf or in concert with Plaintiff are permanently enjoined and restrained from charging orally or in writing or otherwise publishing that U.S. Pat. No. 5,947,982 is infringed by any Mitek product;

     5.     Mitek is awarded its costs and expenses in this action including interest;

     6.     This case is exceptional and Mitek is entitled to its attorney fees under 35 U.S.C. § 285;

     7.     Judgment is entered against Plaintiff, and this action is dismissed with prejudice; and

     8.     Mitek is awarded such other and further relief as the Court deems appropriate.

Mitek demands a trial by jury on all issues so triable.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT
## OF NON-INFRINGEMENT AND INVALIDITY
## OF PATENT-IN-SUIT

Defendant and Counterclaim Plaintiff DePuy Mitek, Inc. ("Mitek") asserts this Counterclaim against Plaintiff and Counterclaim Defendant Smith & Nephew, Inc. and complains as follows:

### FACTUAL BACKGROUND

1.      Mitek incorporates by reference all of the allegations and averments of its answer and its affirmative defenses.

2.      This is an action for declaratory judgment of invalidity, unenforceability and non-infringement of the patent-in-suit. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35 United States Code.

3.      Plaintiff claims to be the present owner of all right, title and interest in and to U.S. Patent No. 5,947,982 (the "patent-in-suit"), including the right to sue and recover damages for infringement.

4.      Plaintiff asserts that the ExpresSew® products made, used and/or sold by Mitek infringes the patent-in-suit, U.S. Patent No. 5,947,982, which patent issued on September 7, 1999, from U.S. Patent Application No. 08/832,061 filed on April 2, 1997.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

6.      Venue is based on 28 U.S.C. § 1391(b) and (c).

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

7. Mitek incorporates by reference all of the foregoing and averments of its answer and its affirmative defenses.

8. As a consequence of the foregoing and the allegations in the complaint, there is an actual and justifiable controversy between Plaintiff and Mitek with respect to the alleged infringement of the patent-in-suit.

9. Mitek has not and does not infringe, either literally or under the doctrine of equivalents, the claims of the patent-in-suit.

10. As a result, a judicial determination is necessary as to Mitek's rights to manufacture, use, offer for sale and/or sell the products that are accused by Plaintiff, but denied by Mitek, as infringing the patent-in-suit.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF INVALIDITY

11. Mitek incorporates by this reference all of the foregoing and averments of its answer and its affirmative defenses.

12. As a consequence of the foregoing and the allegations in the complaint, there is an actual and justifiable controversy between Plaintiff and Mitek with respect to the validity of the patent-in-suit.

13. Upon information and belief, the patent-in-suit is invalid for failure to comply with one or more the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, 112, 115 and/or 116.

14. As a result, a judicial determination is necessary as to Mitek' rights to manufacture, use, offer for sale and/or sell the products that are accused by Plaintiff, but denied by Mitek, as infringing the patent-in-suit.

WHEREFORE, Mitek prays for judgment and relief against Plaintiff, including:

a.  A judgment declaring that Mitek has not infringed the patent-in-suit;

b.  A judgment declaring that the patent-in-suit is invalid; and

c.  A judgment that this is an exceptional case and that Mitek be awarded reasonable attorneys' fees, costs, and expenses against Plaintiff pursuant to 35 U.S.C. § 285.

| Date: April 6, 2005 | /s/ Jacob A. Labovitz<br>Thomas E. Peisch (BBO# 393260)<br>Jacob A. Labovitz (BBO# 646967)<br>**CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP**<br>Ten Post Office Square<br>Boston, MA  02109<br>Telephone:  (617) 482-8200<br>Facsimile:  (617) 482-6444<br><br>/s/ John M. DiMatteo<br>John M. DiMatteo<br>Diane C. Ragosa<br>David D. Lee<br>**WILLKIE FARR & GALLAGHER LLP**<br>787 Seventh Avenue<br>New York, New York 10019-6099<br>Telephone: (212) 728-8000<br>Facsimile:  (212) 728-8111 |
|---|---|

224042.1