UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH & NEPHEW, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SURGICAL SOLUTIONS, LLC,<br>CLASSIC WIRE CUT COMPANY, INC., and<br>DEPUY MITEK, INC.,<br><br>    Defendants. | Civil Action No.: 03 CV 12310 NG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF SMITH & NEPHEW, INC.'S OPPOSITION TO DEFENDANT DEPUY MITEK, INC.'S MOTION FOR AN EXTENSION OF TIME TO FILE *MARKMAN* BRIEFS**

Plaintiff Smith & Nephew, Inc. ("Smith & Nephew") hereby opposes the motion filed by Defendant DePuy Mitek, Inc. ("Mitek") for an indefinite extension of time to file *Markman* briefs.

Mitek's motion does not include a full and complete summary of the prior proceedings that are relevant to this motion. When those prior proceedings are considered, it is clear that by its motion, Mitek is seeking an unreasonable and unwarranted delay in this case.

**1.  Relevant Additional Background**

This is a patent infringement case that Smith & Nephew initially brought against Defendant Surgical Solutions, LLC ("Surgical Solutions") back in December of 2003. The infringing product is a medical instrument called the "ExpresSew."

The initial judge assigned to this case, Judge Saris, entered a scheduling order that provided for the filing of simultaneous *Markman* and summary judgment motions in March, 2005, following the completion of all fact and expert discovery. However, after limited fact

discovery, Surgical Solutions elected to file early summary judgment motions in August, 2004. The parties met and conferred, and agreed to proceed with summary judgment briefing while staying all remaining discovery. The parties also briefed the *Markman* claim construction issues on a parallel schedule. All summary judgment and *Markman* briefing was completed by December 2004.

Thereafter, Surgical Solutions sold its ExpresSew business to Mitek, and Mitek was added to this case as a co-defendant by consent. At the same time, Mitek and Surgical Solutions also hired new counsel (the firm of Willkie Farr & Gallagher LLP of New York).[1]

Thus, Mitek's infringement in this case is wholly derivative of Surgical Solutions' infringement, and revolves around the exact same ExpresSew product. Mitek is, in effect, merely a successor-in-interest to Surgical Solutions with respect to the accused ExpresSew product, in a patent case that has already been pending nearly a year and a half, and in which its predecessor, Surgical Solutions, had already fully briefed the *Markman* issues.

Accordingly, to the extent that Mitek will also be briefing the *Markman* issues, it is merely to supplement Surgical Solutions' prior briefing. And to the extent that Surgical Solutions is being allowed to file a further *Markman* brief, Judge Gorton ruled that it is only for the limited purpose of consolidating the claim construction arguments it included in its summary judgment briefs, and adding clarity to those arguments.

**2.    Mitek's Request for an Extension Should be Denied**

Against this background, there are at least three reasons why Mitek's motion for an indefinite extension of the *Markman* briefing schedule in this case should be denied.

---

[1] Surgical Solutions is also still being represented by the firm of Myers, Dawes, Andras & Sherman, LLP of Irvine CA, which firm also continues to represent Classic Wire Cut Company, Inc., a sister company to Surgical Solutions.

First, when Mitek previously moved for an extension of the *Markman* briefing schedule, and obtained Smith & Nephew's assent to that extension, it was on the express condition that the extension would not affect the June 9 *Markman* hearing date. In fact, Mitek expressly represented in its motion that "[t]hese extensions will not affect the June 9, 2005 *Markman* hearing date." *Defendant DePuy Mitek, Inc.'s Assented-To Motion For An Extension Of Time To File Markman Briefs*, filed on April 20, 2005.

At the time Mitek made that motion, Judge Lasker had only recently been assigned to the case, and neither party knew whether or not his schedule would accommodate the June 9, 2005 *Markman* hearing date. However, the parties did agree that the extension that Mitek sought should not affect that date, in case he could accommodate it. Now, Mitek seeks an indefinite extension of the *Markman* briefing, for no other reason than that the case has now been reassigned. Such an indefinite extension would almost certainly affect the June 9, 2005 *Markman* hearing date, even if the Court could accommodate it, since it would essentially guarantee that Smith & Nephew's responsive brief could not be considered in time for the hearing. Thus, Mitek's present request for an extension directly undercuts the representation Mitek made when it obtained its prior (assented-to) extension.

Second, Mitek has not provided any good cause for asking for this extension. When the case was assigned to Judge Lasker, Mitek sought (and obtained) a one week extension. Now that the case has again been reassigned, Mitek is seeking an indefinite extension, without providing any reason for the extension other than the fact of the reassignment. Mitek has also not indicated why the present reassignment should result in a longer extension than the prior reassignment.

Finally, Mitek has already had more than enough time. Mitek is the successor to Surgical Solutions, having acquired the infringing ExpresSew product from Surgical Solutions. When

3

Mitek acquired the ExpresSew, it was fully aware of this lawsuit. In addition, Mitek has the benefit of Surgical Solutions' prior *Markman* briefing. At the March 22, 2005 status conference, Mitek asked for 5 1/2 weeks in order to complete its supplementation to Surgical Solutions' *Markman* briefing, and was granted exactly what it asked for. It since asked for a one week extension, and Smith & Nephew assented to that extension. However, there is simply no good reason to grant Mitek a further extension – particularly one of indefinite length.

## Conclusion

Smith & Nephew, Inc. respectfully submits that Mitek's motion for an indefinite extension of time to file *Markman* briefs should be denied.

By its attorneys,

Dated: May 4, 2005

_____/s/ Mark J. Hebert_____
Mark J. Hebert (BBO No. 546,712)
Thomas M. Johnston (BBO No. 644,689)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Of Counsel:

Ruffin B. Cordell
Ahmed J. Davis
FISH & RICHARDSON P.C.
1425 K Street N.W.
Washington, DC 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Attorneys for Smith & Nephew, Inc.

21081679.doc